Bruce A. Burke, State Bar No. 004316
Law Office of Bruce A. Burke, P.C.
115 W. Washington Street
Tucson, Arizona   85701
Telephone:   (520) 622-3596
Fax:   (520) 628-8010
Email:  bruce@burkepc.com

Brian R. Strange, Cal. State Bar No. 103252 (admitted *Pro Hac Vice*)
Gretchen Carpenter, Cal. State Bar No. 180525 (admitted *Pro Hac Vice*)
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
Fax: (310) 826-3210
Email:  lacounsel@earthlink.net
Email:  gcarpenter@strangeandcarpenter.com

Attorneys for Plaintiff Pamela Newport

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

### TUCSON DIVISION

| | |
|---|---|
| PAMELA NEWPORT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., a corporation; BANCTEC, INC., a corporation; QUALXSERV LLC; DELL CATALOG SALES, L.P., an entity; DELL PRODUCTS, L.P., an entity; DELL MARKETING L.P., an entity; DELL USA, an entity; and Does 1 Through 100,<br><br>Defendants. | Case No. CIV-08-96-TUC-CKJ<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF; DEMAND FOR JURY TRIAL**<br><br>Assigned to: Honorable Cindy K. Jorgenson |

Plaintiff Pamela Newport, on behalf of herself and all other similarly situated persons in the State of Arizona, alleges on information and belief:

## NATURE OF THE CASE

1.    This is a class action brought by Plaintiff Pamela Newport on behalf of herself and all other persons in the State of Arizona who have purchased desktop or notebook computer systems manufactured by Dell Inc., and who also received warranties, including onsite warranty repair service, from Defendants.  This case involves small amounts of individual damages, where Defendants -- who had superior bargaining power over Plaintiff and plaintiff class members -- have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money, typically less than $100-$300.

2.    The basic allegations in this case involve the breach of Defendants' written warranty and contractual obligations (based on their consumer contracts of adhesion) as follows:  (1) Defendants secretly charged customers for onsite warranty repair service for the first year without disclosing this to customers; (2) Defendants did not provide "next business day at-home" warranty repair service with a live technician to repair or replace defective computer systems under warranty even though they promised to do so; (3) Defendants did not provide "next business day" warranty replacement parts even though they promised to do so; (4) Defendants did not provide onsite warranty repair service to fix computer problems unless a replacement part was needed even though they promised to do so; (5) Dell did not provide warranty repair or replacement part service one business day after it received a broken notebook computer system by mail even though it promised to do so; (6) Defendants did not provide top quality, new replacement parts and components to fulfill their warranty obligations as promised, but instead used recycled, used or inferior parts and components; (7) Defendants failed to honor their warranties for warranty issues that arose before the expiration of the warranty period and which continued past the warranty expiration; (8) as a business practice, Defendants misrepresented to customers the cost of replacement parts as well as overcharged customers for these parts; and (9) Defendants sold "next business day" warranties to customers who lived in areas that Defendants could not service the next business day, as

1  no service technician was located close enough to provide such service.

2  **JURISDICTION AND PARTIES**

3  3.  Plaintiff originally filed this action in the Superior Court of the State of
4  Arizona in the County of Pima on November 8, 2007.  On February 1, 2008, Defendants
5  Dell Inc., Dell Products, L.P., Dell Marketing L.P., and Dell USA removed this action to
6  this Court, alleging federal jurisdiction under the Class Action Fairness Act of 2005
7  ("CAFA"), Pub. L. 109-2, §4(a), 119 Stat. 9; 28 U.S.C. § § 1332(d) and 1453.  On March
8  5, 2008, Plaintiff filed a motion to remand this action to state court based on Defendants'
9  failure to meet their burden to establish that the amount in controversy requirement has
10  been met.  Plaintiff's motion to remand is currently pending in this Court.

11  4.  Plaintiff Pamela Newport is a resident of Yavapai County, Arizona.  In or
12  around September, 2000, in Yavapai County, Arizona, Plaintiff purchased a Dell
13  computer from Defendant Dell Inc.  A true and correct copy of the front of the written
14  Acknowledgment Invoice ("**the Invoice**") memorializing the purchase is attached hereto
15  as Exhibit 1 and incorporated herein by reference.  Pursuant to this purchase, Dell Inc.,
16  on behalf of itself and the Defendants, represented to Plaintiff that she was entitled to
17  next business day onsite warranty repair service with a live technician for the first year of
18  her warranty period without additional consideration, as well as the right to have
19  warranty replacement parts sent to her the next business day.  Defendants also sold
20  Plaintiff a two year extension of this warranty, including the right to have next business
21  day onsite service for an additional two years.  These representations were memorialized
22  in writing.  (All warranties and warranty services applicable to the computer, including
23  the right to next business day onsite warranty repair service and parts, will hereafter be
24  referred to as "**Warranty**" or "**Warranties**.")

25  5.  Under the Warranties, Plaintiff is informed and believes and thereon alleges
26  that Defendants Dell Inc. and BancTec, Inc. were obligated to provide service and
27  replacement parts and components to Plaintiff and other members of the class, and Dell
28  Inc. and BancTec, Inc. actually did provide warranty repair service and replacement parts

1  and components to her and other members of the Warranty Subclass (defined below),

2  although not on the next business day and not with brand new parts or even like or

3  equivalent parts.  Defendants Dell Inc. and QualxServ LLC were obligated to provide

4  warranty repair service and replacement parts and components to other members of the

5  plaintiff class, and Dell Inc. and QualxServ LLC actually did provide warranty repair

6  service and replacement parts and components to other members of the Warranty

7  Subclass (defined below), although not on the next business day and not with brand new

8  parts or even like or equivalent parts.

9      6.      Plaintiff is informed and believes and thereon alleges that defendant Dell

10  Inc. is a corporation organized under the laws of the State of Delaware, with its principal

11  place of business in Round Rock, Texas, and was formerly known as "Dell Computer

12  Corporation."  Dell Inc. is engaged in the business of manufacturing, marketing, selling,

13  maintaining, repairing, servicing, and providing support for computer systems and

14  computer products.  Dell Inc. is also engaged in the business of making, marketing,

15  selling, maintaining, repairing, servicing, and providing warranty services, parts and

16  labor to purchasers of Dell computer systems, including the Warranties in issue.

17      7.      Plaintiff is informed and believes and thereon alleges that defendants Dell

18  Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing L.P; and Dell USA L.P. are

19  wholly-owned subsidiaries and/or affiliates through which Dell Inc., at times, does

20  business.  Each of the foregoing Dell Defendants has been or is the principal, agent,

21  employee, representative, partner, joint venturer and/or co-conspirator of each of the

22  other Dell Defendants and in such capacity or capacities participated in the acts or

23  conduct alleged herein and incurred liability therefor.  Further, Plaintiff is informed and

24  believes and thereon alleges that Defendants Dell Catalog Sales, L.P.; Dell Products,

25  L.P.; Dell Marketing L.P.; and Dell USA L.P. are, and at all times herein mentioned

26  were, the alter egos of Defendant Dell Inc., and there exists, and at all times herein

27  mentioned has existed, a unity of interest and ownership between such Dell defendants

28  such that any separateness between them has ceased to exist, in that defendant Dell Inc.

1  completely controls, dominates, manages, and operates Dell Catalog Sales, L.P.; Dell

2  Products, L.P.; Dell Marketing L.P.; and Dell USA L.P. to the detriment of Plaintiff and

3  plaintiff class members.  Adherence to the fiction of the existence of Dell Catalog Sales,

4  L.P.; Dell Products, L.P.; Dell Marketing L.P.; and Dell USA L.P. as entities separate and

5  distinct from Dell Inc. would permit an abuse of corporate privileges and would sanction

6  a fraud and promote injustice. (Dell Inc.; Dell Catalog Sales, L.P.; Dell Products, L.P.;

7  Dell Marketing L.P.; and Dell USA L.P. will hereafter collectively be referred to as

8  "**Dell**.")

9          8.      Plaintiff is informed and believes and thereon alleges that Dell sells its

10  desktop and notebook computer systems with a Warranty that remains in effect for up to

11  one year depending on the system.  The Warranties are memorialized in writing.  The

12  Warranties applicable to desktop and notebook computer systems include the right to

13  receive next business day at-home, or onsite, warranty repair service with a live

14  technician if the computer develops a problem, as well as next business day delivery of

15  replacement parts.  Other warranties applicable to notebook computer systems require the

16  customer to mail-in the system to Dell and provides the right to receive warranty repair

17  and replacement part service within one day after Dell receives the system.

18          9.      Dell also makes and aggressively markets and sells extensions of the

19  Warranties for two to four years.  The price for extending the Warranties depends upon

20  the length of the agreement, but is basically $60-$70 per year.  Defendants BancTec, Inc.

21  and QualxServ LLC also jointly make, sell and market the extended Warranties with

22  Dell.  In addition, Defendants Dell, BancTec, and QualxServ provide onsite warranty

23  repair work and replacement parts and components under these Warranties.

24          10.     Plaintiff is informed and believes and thereon alleges that defendant

25  BancTec, Inc. ("**BancTec**") is a corporation organized under the laws of the State of

26  Delaware with its principal place of business located in Irving, Texas, and which was

27  previously merged with a related company called "BancTec Service Corp."  Plaintiff is

28  informed and believes and thereon alleges that BancTec transacts business in the State of

1   Arizona.  Plaintiff is informed and believes and thereon alleges that BancTec, along with

2   Dell, is engaged in the business of making, marketing, selling, maintaining, repairing,

3   servicing, and providing warranty and warranty services, parts and labor to purchasers of

4   Dell computer systems, including the Warranties in issue.

5          11.     Plaintiff is informed and believes and thereon alleges that defendant

6   QualxServ LLC ("**QualxServ**") is a limited liability company organized under the laws

7   of the State of Delaware with its principal place of business located in Tewksbury,

8   Massachusetts.  Plaintiff is informed and believes and thereon alleges that QualxServ

9   transacts business in the State of Arizona.  Plaintiff is informed and believes and thereon

10  alleges that QualxServ, along with Dell, is engaged in the business of making, marketing,

11  selling, maintaining, repairing, servicing, and providing warranty and warranty services,

12  parts and labor to purchasers of Dell computer systems, including the Warranties in issue.

13         12.     With respect to the Warranties, each of the Defendants has been or is the

14  principal, agent, employee, representative, partner, joint venturer and/or co-conspirator of

15  each of the other Defendants and in such capacity or capacities participated in the acts or

16  conduct alleged herein and incurred liability therefor.  Further, at all times relevant

17  hereto, each of the Defendants has been or is the agent, partner and/or joint venturer of

18  each other Defendant with respect to the making, marketing, selling, maintaining,

19  repairing, servicing, and providing warranty services, parts and labor to purchasers of

20  Dell computer systems, including the Warranties in issue.  Each Defendant derived,

21  accepted and retained monetary profits and benefits from the Warranties.  Further, each

22  of the Defendants acted for and on behalf of each other Defendant with respect to the

23  Warranties, with actual and apparent authority to act, and did so within the course and

24  scope of their agency, partnership, joint venture and/or authority.  With regard to the

25  specific warranties, representations and agreements alleged herein, each was made with

26  the knowledge, consent, authorization, ratification and approval of each of the

27  Defendants.

28  ///

**GENERAL ALLEGATIONS**

13.     Plaintiff is informed and believes and thereon alleges that all plaintiff class members received substantially identical Warranties, with substantially similar documentation with Defendants.  Further, Plaintiff is informed and believes and alleges thereon that Defendants, as a matter of business practice, customarily extended the Warranty period for three months for pending warranty issues of which they had notice prior to the expiration of the warranty period, and did so for Plaintiff.

14.     Beginning in or around June, 2003, and within the applicable warranty period, Plaintiff notified Defendants orally and in writing of her need for next day onsite warranty repair service and parts to fix her computer.  Defendants continued dealing with Plaintiff on her warranty problems through at least November, 2003, but failed to provide next day onsite warranty repair service or next day new replacement parts, despite Plaintiff's repeated efforts to obtain such service and parts.  Further, Plaintiff discovered sometime in the Fall, 2007, through an unrelated legal proceeding involving Dell Inc., that Defendants had secretly charged her for the right to have next business day onsite warranty repair service and parts during the first year of the warranty period.  This hidden charge was never disclosed to her, nor did Defendants disclose to her that she had the option to purchase the computer for less money without the onsite warranty service for the first year.

15.     *Smulders v. Dell*, No. BC 286075 (Cal. Super. Ct. Los Angeles Cty.) and *Provencher v. Dell*, No. SA CV 05-878 (U.S.D.C., C.D. Cal.) were both actions filed on behalf of nationwide classes against the same Defendants in this case, alleging many of the same warranty-related claims that are alleged in this action.  Plaintiff Newport and the class members in this action were absent class members in *Smulders* and *Provencher*. *Smulders* was filed on December 4, 2002 and was dismissed without prejudice on July 27, 2004.  *Provencher* was filed on August 8, 2005, and the plaintiff in that case was ordered to individual arbitration on January 3, 2006 (which ruling is currently on appeal). ///

16.     Defendants Dell, BancTec and QualxServ made the following material representations and/or omissions to Plaintiff Newport and plaintiff class members in writing:

A.     <u>That there was no additional consideration required for next business day onsite warranty service and parts for the first year of the warranty period</u>.  Prior to or at the time of the computer transaction in issue, Dell, on behalf of itself and the other Defendants, failed to clearly and conspicuously disclose to customers, including Plaintiff, that it was charging them for the onsite service for the first year of the warranty period, and that Plaintiff had the option to purchase the computer for less money if she chose not to have this onsite service during the first year of the warranty period.  Further, Dell, on behalf of itself and the other Defendants, intentionally misled customers, including Plaintiff, that no additional consideration was needed to obtain the onsite warranty service during the first year of the warranty period beyond the purchase price of the computer.  It did this through its written warranty and sales documentation, including the Invoice, as well as on its Web site and mail order catalogs.  Defendants also made this representation through, ostensibly, BancTec and/or QualxServ.

B.     <u>That Defendants would provide next business day warranty replacement parts and onsite warranty repair by a live technician</u>.  Dell made this representation on behalf of itself and the other Defendants in its written warranty and sales documentation, including the Invoice, as well as on its Web site and mail order catalogs.  Defendants also made this representation through, ostensibly, BancTec and/or QualxServ.

C.     <u>That Defendants would provide onsite warranty repair to fix computer problems, even if a part did not need replacing</u>.  Prior to or at the time of the computer transaction in issue, Dell, on behalf of itself and the other Defendants, failed to clearly and conspicuously disclose to customers, including Plaintiff, that it would not provide onsite warranty repair service to fix a computer problem if Defendants could not determine ahead of time that a part needed replacing.  Further, Dell, on behalf of itself and the other Defendants, intentionally misled customers, including Plaintiff, that it

1  would provide onsite warranty repair service to fix a computer problem even if a part did

2  not need replacing.  Dell did this through its written warranty and sales documentation,

3  including the Invoice, as well as on its Web site and mail order catalogs.  Defendants also

4  made this representation through, ostensibly, BancTec and/or QualxServ.

5          D.     That Dell would provide repair or replacement service one business day

6  after receipt of a system mailed to its repair facility under Dell's mail-in warranties,

7  including the mail-in extended Warranties.  Dell made this representation in its written

8  warranty and sales documentation.

9          E.     That Defendants would use only top quality replacement parts and

10  components for warranty repairs.  Dell made this representation on behalf of itself and

11  the other Defendants on its Web site and mail order catalog.

12          F.     That Defendants used new replacement parts and components for warranty

13  repairs, and that parts and components Plaintiff and plaintiff Warranty Subclass (defined

14  below) members actually received as replacement parts and components under their

15  warranties were new and of the same or equivalent quality as the parts being replaced.

16  Prior to or at the time of the computer transaction in issue, Dell, on behalf of itself and

17  the other Defendants, failed to clearly and conspicuously disclose to customers, including

18  Plaintiff, that it used refurbished replacement parts for warranty repairs.  Further, the

19  invoice Defendants sent along with the replacement parts did not disclose on its face that

20  the part was used or refurbished.  Dell, on behalf of itself and the other Defendants,

21  intentionally misled customers that new replacement parts were being used by providing

22  customers, including Plaintiff and Warranty Subclass members, with an invoice for the

23  replacement part that showed the cost of the part as the same as a brand new part.

24  Defendants required customers, including Plaintiff and Warranty Subclass members, to

25  pay the cost of a brand new part as listed on the invoice if the old, used part being

26  replaced was not timely returned to Defendants.  Besides misleading customers on the

27  replacement part invoices, Dell, on behalf of all Defendants, also misled customers on its

28  Web site and mail order catalog that the parts it used were new through, among other

1   things, the presentation and adoption of a customer testimonial that stated as follows: "I
2   called your service number as I was having a problem with my keyboard .... almost
3   exactly 24 hours later a *new* keyboard was delivered to my door." (Emphasis added.)

4       G.      That the parts and components Plaintiff and plaintiff Warranty Subclass
5   (defined below) members received as replacement parts and components under their
6   warranties were as described and represented on the invoice that came with the item.
7   Dell made this representation on behalf of itself and the other Defendants through a
8   written invoice that was sent to Plaintiff and plaintiff Warranty Subclass members at or
9   around the time the replacement part and component was delivered.

10      17.     Defendants made substantially uniform written promises and
11  representations and omissions to Plaintiff Newport and each plaintiff class member.
12  These common misrepresentations were first communicated to Plaintiff Newport and
13  plaintiff class members at or around the time their computers were purchased or, where
14  applicable, at or around the time they received their replacement part or component.
15  Defendants' uniform material misrepresentations were material in inducing Plaintiff
16  Newport and plaintiff class members to purchase their computers and/or extended
17  Warranties.

18      18.     All of the foregoing written promises and representations and omissions
19  were false. In truth, Defendants secretly charged Plaintiff Newport and plaintiff class
20  members for their first year onsite warranty services; Defendants did not provide Plaintiff
21  Newport or plaintiff class members with next business day warranty replacement parts or
22  next business day onsite service with a live technician or mail-in warranty repair the day
23  after receipt of a broken computer, nor, in the case of Plaintiff, did Defendants even have
24  a service technician located nearby to provide such service. Defendants also did not
25  provide onsite service for a computer problem that they could not determine ahead of
26  time needed a part replaced. In addition, Defendants did not provide top quality, new
27  replacement parts and components under their Warranties. The replacement parts and
28  components Defendants did provide were recycled and used, and were not of the same

1  condition, durability, quality and value as top quality, new parts and components or as
2  described or represented in the written invoice that came along with the replacement part.
3  Defendants failed to disclose that used or inferior parts were used for warranty repairs on
4  the invoice that was sent along with the replacement part.  Instead, this replacement part
5  invoice would list the price of the replacement part as if it were brand new.  Moreover,
6  Defendants misrepresented in the written replacement part invoice the true and accurate
7  cost of the part so they could deceive Plaintiff and plaintiff class members into believing
8  a new part was being provided when in fact it was not, as well as to overcharge them in
9  the event a defective part was not returned in the time Defendants demanded.

10          19.     Plaintiff and plaintiff class members allege that to the extent the warranty
11  documents apply and are ambiguous and/or uncertain with regard to the type of
12  replacement parts and components to be used for warranty repairs, the proper
13  construction of these documents is that new replacement parts and components are
14  required to be used.  Plaintiff also alleges that a reasonable consumer would interpret
15  these documents as requiring that warranty repairs would be made with new replacement
16  parts and components, not used, recycled, or inferior ones.  Further, Plaintiff alleges that
17  Defendants had an obligation to disclose in the warranty documentation that refurbished,
18  used, or inferior parts were used for warranty repairs, which they failed to do.

19                          **CLASS ACTION ALLEGATIONS**

20          20.     Plaintiff brings this action on behalf of herself and all others similarly
21  situated as a representative of the following class:  all persons in the State of Arizona
22  who have purchased desktop or notebook computer systems manufactured by Dell and
23  who also received a Warranty from Defendants.  The class includes a subclass of those
24  persons who actually received replacement parts under their Warranties and/or who did
25  not receive next business day onsite or mail-in Warranty repair service or replacement
26  parts ("Warranty Subclass").  Excluded from the class are employees of Defendants, their
27  officers, directors, subsidiaries and affiliates.
28  ///

1    21.    This action has been brought and may properly be maintained as a class

2 action, satisfying the numerosity, commonality, typicality, adequacy, and superiority

3 requirements of Federal Rule of Civil Procedure 23 or other applicable law.

4    22.    Members of the class and the Warranty Subclass are so numerous that

5 joinder of all members is impracticable.  Plaintiff does not know the exact size of the

6 class or the Warranty Subclass, since such information is in the exclusive control of

7 Defendants.  The exact number, however, may be determined by appropriate discovery.

8 Plaintiff believes that the class members and Warranty Subclass members number at least

9 in the thousands.

10    23.    There are questions of fact and law common to the class and the Warranty

11 Subclass, which common questions predominate over any questions affecting only

12 individual members.  Those common questions include whether Defendants engaged in

13 the following conduct and whether such conduct is improper and illegal:

A.    Failing to provide next business day onsite service and replacement parts under their Warranties.

B.    Failing to provide next business day onsite service under their Warranties when a part did not need replacing.

C.    Failing to provide repair or replacement service one business day after receipt of a system mailed to a repair facility under the mail-in Warranties.

D.    Failing to provide new Warranty replacement parts and components and instead providing used, recycled or inferior replacement parts and components.

E.    Failing to honor warranty problems that first arose before the expiration of the warranty period and continued thereafter.

F.    Failing to clearly and conspicuously disclose to Plaintiff and plaintiff class members prior to and after the purchase of Defendants' Warranties and extended Warranties that Defendants

1    use recycled, used, or inferior parts and components to fulfill their

2    Warranty obligations rather than brand new ones.

3    G.    Failing to clearly and conspicuously disclose to Plaintiff and

4          plaintiff class members prior to and after the purchase of

5          Defendants' Warranties and extended Warranties that they will not

6          receive next business day onsite or mail-in Warranty repair service

7          or replacement parts after a computer problem is reported.

8    H.    Failing to clearly and conspicuously disclose to Plaintiff and

9          plaintiff class members prior to and after the purchase of

10         Defendants' computers that they were being secretly charged for the

11         cost of the onsite Warranty service that allegedly came with the

12         computer for the first year.

13   I.    Inducing customers to purchase warranties and extended Warranties

14         by misrepresenting, misleading or deceiving them that (1) a live

15         technician and/or a replacement part will appear at their home within

16         one business day of reporting a problem; that (2) a system will be

17         repaired or replaced within one business day from the date a system

18         is received at a mail-in repair facility; that (3) onsite Warranty

19         service is available even if a part does not need replacing; that (4)

20         brand new replacement parts and components will be used, rather

21         than recycled, used or inferior ones; and that (5) next business day

22         onsite Warranty repair service was included in the price of the

23         computer for no additional consideration.

24   J.    Representing that the monetary value of a used, recycled or inferior

25         part or component is worth the same as or more than a brand new

26         part or component.

27   K.    Overcharging, as a matter of business practice, for Warranty

28         replacement parts.

L.  Misleading and deceiving customers that a used, recycled or inferior part or component is the equivalent performance-wise to a brand new part or component.

M.  Carrying out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.

N.  Whether Defendants are obligated to provide top quality parts and components when fulfilling their Warranty obligations.

O.  Whether Defendants are obligated to provide new parts and components when fulfilling their Warranty obligations.

P.  Whether Defendants are obligated to provide next business day onsite and mail-in Warranty repair service under their Warranty obligations.

Q.  Whether Defendants can secretly charge for Warranties and services for the first year of ownership without disclosing this to the customer.

R.  Whether Defendants can sell next business day onsite Warranties to customers who live outside an area where a technician is located.

S.  Whether Defendants can refuse to fix warranty problems that arose prior to the expiration of the Warranty period and continued thereafter.

24.  Plaintiff is a member of the class and the Warranty Subclass. Plaintiff can and will fairly and adequately represent and protect the interests of the class and the Warranty Subclass and has no interests that conflict with or are antagonistic to the interests of the class or Warranty Subclass. Plaintiff has retained experienced and competent attorneys who are capable of representing the interests of the class.

25.  All class members have the same legal rights to, and interest in, the fair treatment by Defendants and the proper interpretation and implementation of the onsite and mail-in Warranties, including extended Warranties (which are substantially similar, if

1    not identical, for Plaintiff and plaintiff class members).

2         26.    The class action is an appropriate method for fair and efficient adjudication

3    of the controversy given the following:

4                 A.    Common questions of law and/or fact predominate over any

5                         individual questions that may arise, such that there would be

6                         enormous economies to the courts and the parties in litigating the

7                         common issues on a classwide instead of a repetitive individual

8                         basis;

9                 B.    Class members' individual damage claims are too small to make

10                        individual litigation an economically viable alternative;

11                C.    Despite the relatively small size of individual class members' claims,

12                        their aggregate volume, coupled with the economies of scale

13                        inherent in litigating similar claims on a common basis, will enable

14                        this case to be litigated as a class action on a cost-effective basis,

15                        especially when compared with repetitive individual litigation; and

16                D.    No unusual difficulties are likely to be encountered in the

17                        management of this class action in that all or substantially all

18                        questions of law or fact to be litigated at the liability stage are

19                        common to the class.

20        27.    Class certification is fair and efficient as well because prosecution of

21   separate actions would create a risk of adjudications with respect to individual members

22   of the class, which as a practical matter, may be dispositive of the interests of other

23   members not parties to the adjudication or substantially impair or impede their ability to

24   protect their interests.

25        28.    Class certification is also appropriate because Defendants have acted on

26   grounds generally applicable to the class.

27   ///

28   ///

## First Cause of Action

## for Relief for Consumer Fraud

### (Plaintiff and Plaintiff Class Members Against All Defendants)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding and subsequent paragraphs of this complaint.

30.     In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.

31.     Defendants' actions, as set forth above, constitute consumer fraud in violation of applicable law, including Arizona Revised Statutes §§ 44-1521, *et seq.*, which A.R.S. § 44-1522 provides in relevant part that "[t]he act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice."

32.     As a result of Defendants' conduct set forth above, Plaintiff and members of the plaintiff class reasonably relied upon Defendants' common misrepresentations by purchasing their computers/Warranties, and have suffered damages.

33.     As a result of the foregoing wrongful acts, and because Plaintiff is informed and believes and based thereon alleges that Defendants have acted wantonly or recklessly and with ill will, Plaintiff and members of the class are not only entitled to the damages as set forth above, but also to exemplary and punitive damages in a sum not presently known, but sufficient for the sake of example and by way of deterring Defendants and others from further such actions.

///

///

**<u>Second Cause of Action</u>**

**<u>for False and Misleading Advertising</u>**

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding and subsequent paragraphs of this complaint.

35.     Defendants' actions, as set forth above, constitute false and misleading advertising.  Defendants are disseminating advertising concerning their products and services which is unfair, deceptive, untrue, and/or misleading.  Such advertisements are likely to deceive, and to continue to deceive, the consuming public.

36.     The above-described false, misleading and deceptive advertising conducted by Defendants continues to have a tendency to deceive the public.

37.     In making and disseminating the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading.

38.     The misrepresentation and non-disclosure by Defendants of the material facts detailed above constitutes false and misleading advertising.

39.     As a result of this conduct, Plaintiff and members of the plaintiff class have suffered damages.

40.     As a result of the foregoing wrongful acts, and because Plaintiff is informed and believes and based thereon alleges that Defendants have acted wantonly or recklessly and with ill will, Plaintiff and members of the class are not only entitled to the damages as set forth above, but also to exemplary and punitive damages in a sum not presently known, but sufficient for the sake of example and by way of deterring Defendants and others from further such actions.

**<u>Third Cause of Action</u>**

**<u>for Breach of Express Warranty (Common Law)</u>**

**(Plaintiff and Plaintiff Warranty Subclass Members Against All Defendants)**

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding and subsequent paragraphs of this complaint.

1     42.    At all times herein alleged, Dell was a manufacturer and seller or merchant

2  of goods for purposes of this claim.  Defendants BancTec and QualxServ, at all times

3  alleged herein, were also sellers or merchants of goods with respect to the Warranties,

4  including extended Warranties, and the replacement parts and components under the

5  warranties, including the extended Warranties.

6     43.    At all times relevant hereto, each of the Defendants has been or is the agent,

7  partner and/or joint venturer of each other Defendant with respect to the making,

8  marketing and selling of the Warranties, including the extended Warranties, as well as the

9  servicing, providing, repairing and replacing of computer parts and components under the

10  warranties, including the extended Warranties.  Each Defendant derived, accepted and

11  retained monetary profits and benefits resulting from the sale of the Warranties.  Further,

12  with respect to the Warranties, each of these Defendants acted for and on behalf of each

13  other Defendant with actual and apparent authority to act, and did so within the course and

14  scope of their agency, partnership, joint venture and/or authority.  With regard to the

15  specific warranties alleged herein, each Warranty was made with the knowledge, consent,

16  authorization, ratification and approval of each Defendant.

17     44.    Defendants made the following express affirmations of fact, promises and

18  descriptions to Plaintiff and plaintiff Warranty Subclass members in writing in connection

19  with the sale of the Dell desktop computers and notebooks in issue:

20     A.    That there was no additional consideration required for next business day

21  onsite warranty service and parts for the first year of the warranty period.

22     B.    That Defendants would provide next business day warranty replacement

23  parts and onsite warranty repair by a live technician.

24     C.    That Defendants would provide onsite warranty repair to fix computer

25  problems, even if a part did not need replacing.

26     D.    That Dell would provide repair or replacement service one business day

27  after receipt of a system mailed to its repair facility under Dell's mail-in Warranties,

28  including the mail-in extended Warranties.

1    E.    That Defendants would use only top quality replacement parts and

2 components for warranty repairs.

3    F.    That Defendants used new replacement parts and components for warranty

4 repairs, and that parts and components Plaintiff and plaintiff Warranty Subclass members

5 actually received as replacement parts and components under their Warranties were new

6 and of the same or equivalent quality as the parts being replaced.

7    45.    These affirmations, promises, and descriptions were made a part of the basis

8 of the bargain between Defendants and Plaintiff and plaintiff Warranty Subclass members.

9 Further, Defendants had superior information peculiarly within their knowledge of these

10 affirmations, promises, and descriptions as Defendants were the ones marketing and

11 offering the Warranties to the public, including to Plaintiff and plaintiff Warranty

12 Subclass members.

13    46.    Defendants breached these express Warranties because these affirmations,

14 promises, and descriptions were untrue in that:  Defendants secretly charged Plaintiff

15 Newport and plaintiff class members for their first year onsite warranty services;

16 Defendants did not provide Plaintiff Newport or plaintiff class members with next

17 business day warranty replacement parts or next business day onsite service with a live

18 technician or mail-in warranty repair the day after receipt of a broken computer, nor, in

19 the case of Plaintiff, did Defendants even have a service technician located nearby to

20 provide such service.  Defendants also did not provide onsite service for a computer

21 problem that they could not determine ahead of time needed a part replaced.  In addition,

22 Defendants did not provide top quality, new replacement parts and components under

23 their Warranties.  The replacement parts and components Defendants did provide were

24 recycled and used, and were not of the same condition, quality and value as top quality,

25 new parts and components or as described or represented in the written invoice that came

26 along with the replacement part.  Defendants failed to disclose that used or inferior parts

27 were used for warranty repairs on the invoice that was sent along with the replacement

28 part.  Instead, this replacement part invoice would list the price of the replacement part as

1    if it were brand new.  Moreover, Defendants misrepresented in the written replacement

2    part invoice the true and accurate cost of the part so they could deceive Plaintiff and

3    plaintiff class members into believing a new part was being provided when in fact it was

4    not, as well as to overcharge them in the event a defective part was not returned in the

5    time Defendants demanded.

6          47.    At the time the Warranties were provided to Plaintiff and plaintiff Warranty

7    Subclass members, Defendants, and each of them, knew that the Warranties did not

8    conform to the foregoing Warranties made to their customers, including to Plaintiff and

9    plaintiff Warranty Subclass members.

10         48.    Plaintiff alleges that notice of Defendants' breaches is not required in this

11   case.  Nevertheless, notice of the breaches was provided to Defendants within a

12   reasonable time after discovery of the breaches.  Specifically, Plaintiff provided notice of

13   breach within a reasonable time after she discovered the breaches of warranty.

14         49.    As a proximate result of Defendants' breaches of warranty, Plaintiff and

15   plaintiff Warranty Subclass members have been damaged in an amount to be proven at

16   trial.

17                         **Fourth Cause of Action**

18     **for Breach of Express Warranty in Violation of A.R.S. § 47-2313**

19         **(Plaintiff and Plaintiff Class Members Against All Defendants)**

20         50.    Plaintiff repeats, reiterates, and realleges each and every allegation

21   contained in the preceding and subsequent paragraphs of this complaint.

22         51.    At all times herein alleged, Dell was a manufacturer and seller or merchant

23   of goods for purposes of this claim.  Defendants BancTec and QualxServ, at all times

24   alleged herein, were also sellers or merchants of goods with respect to the Warranties,

25   including extended Warranties, and the replacement parts and components under the

26   Warranties, including the extended Warranties.

27         52.    At all times relevant hereto, each of the Defendants has been or is the agent,

28   partner and/or joint venturer of each other Defendant with respect to the making,

1  marketing and selling of the Warranties, including the extended Warranties, as well as the
2  servicing, providing, repairing and replacing of computer parts and components under the
3  Warranties, including the extended Warranties.  Each Defendant derived, accepted and
4  retained monetary profits and benefits resulting from the sale of the Warranties.  Further,
5  with respect to the Warranties, each of these Defendants acted for and on behalf of each
6  other Defendant with actual and apparent authority to act, and did so within the course and
7  scope of their agency, partnership, joint venture and/or authority.  With regard to the
8  specific warranties alleged herein, each Warranty was made with the knowledge, consent,
9  authorization, ratification and approval of each Defendant.

10       53.     Defendants made the following express affirmations of fact, promises and
11  descriptions to Plaintiff and plaintiff Warranty Subclass members in writing in connection
12  with the sale of the Dell desktop computers and notebooks in issue:

13       A.      That there was no additional consideration required for next business day
14  onsite warranty service and parts for the first year of the warranty period.

15       B.      That Defendants would provide next business day warranty replacement
16  parts and onsite warranty repair by a live technician.

17       C.      That Defendants would provide onsite warranty repair to fix computer
18  problems, even if a part did not need replacing.

19       D.      That Dell would provide repair or replacement service one business day
20  after receipt of a system mailed to its repair facility under Dell's mail-in Warranties,
21  including the mail-in extended Warranties.

22       E.      That Defendants would use only top quality replacement parts and
23  components for warranty repairs.

24       F.      That Defendants used new replacement parts and components for warranty
25  repairs, and that parts and components Plaintiff and plaintiff Warranty Subclass members
26  actually received as replacement parts and components under their Warranties were new
27  and of the same or equivalent quality as the parts being replaced.

28  ///

1      F.      That the parts and components Plaintiff and plaintiff Warranty Subclass

2  members received as replacement parts and components under their Warranties were as

3  described and represented on the invoice that came with the item.

4      54.     These affirmations, promises, and descriptions created express warranties

5  under A.R.S. § 47-2313(A) and were made a part of the basis of the bargain between

6  Defendants and Plaintiff and plaintiff Warranty Subclass members.  Further, Defendants

7  had superior information peculiarly within their knowledge of these affirmations,

8  promises, and descriptions as Defendants were the ones marketing and offering the

9  Warranties to the public, including to Plaintiff and plaintiff Warranty Subclass members.

10      55.     Defendants breached these express Warranties because these affirmations,

11  promises, and descriptions were untrue in that:  Defendants secretly charged Plaintiff

12  Newport and plaintiff class members for their first year onsite warranty services;

13  Defendants did not provide Plaintiff Newport or plaintiff class members with next

14  business day warranty replacement parts or next business day onsite service with a live

15  technician or mail-in warranty repair the day after receipt of a broken computer, nor, in

16  the case of Plaintiff, did Defendants even have a service technician located nearby to

17  provide such service.  Defendants also did not provide onsite service for a computer

18  problem that they could not determine ahead of time needed a part replaced.  In addition,

19  Defendants did not provide top quality, new replacement parts and components under

20  their Warranties.  The replacement parts and components Defendants did provide were

21  recycled and used, and were not of the same condition, quality and value as top quality,

22  new parts and components or as described or represented in the written invoice that came

23  along with the replacement part.  Defendants failed to disclose that used or inferior parts

24  were used for warranty repairs on the invoice that was sent along with the replacement

25  part.  Instead, this replacement part invoice would list the price of the replacement part as

26  if it were brand new.  Moreover, Defendants misrepresented in the written replacement

27  part invoice the true and accurate cost of the part so they could deceive Plaintiff and

28  plaintiff class members into believing a new part was being provided when in fact it was

1 | not, as well as to overcharge them in the event a defective part was not returned in the
2 | time Defendants demanded.

3 |     56.    At the time the Warranties were provided to Plaintiff and plaintiff Warranty
4 | Subclass members, Defendants, and each of them, knew that the Warranties did not
5 | conform to the foregoing Warranties made to their customers, including to Plaintiff and
6 | plaintiff Warranty Subclass members.

7 |     57.    Plaintiff alleges that notice of Defendants' breaches is not required in this
8 | case.  Nevertheless, notice of the breaches was provided to Defendants within a
9 | reasonable time after discovery of the breaches.  Specifically, Plaintiff provided notice of
10 | breach within a reasonable time after she discovered the breaches of warranty.

11 |     58.    As a proximate result of Defendants' breaches of warranty, Plaintiff and
12 | plaintiff Warranty Subclass members have been damaged in an amount to be proven at
13 | trial.

14 | **Fifth Cause of Action**
15 | **for Breach of Written Agreement**
16 | **(Plaintiff and Plaintiff Class Members Against All Defendants)**

17 |     59.    Plaintiff repeats, reiterates, and realleges each and every allegation
18 | contained in the preceding and subsequent paragraphs of this complaint.

19 |     60.    At all times relevant hereto, each of the Defendants has been or is the agent,
20 | partner and/or joint venturer of each other Defendant with respect to the making, drafting,
21 | marketing and selling of the Invoice and Warranties, including the extended Warranties,
22 | as well as the servicing, providing, repairing and replacing of computer parts and
23 | components under the Warranties, including the extended Warranties.  Each Defendant
24 | derived, accepted and retained monetary profits and benefits resulting from the sale of the
25 | Warranties.  With respect to the specific agreements alleged herein, each of these
26 | Defendants acted for and on behalf of each other Defendant with actual and apparent
27 | authority to act, and did so within the course and scope of their agency, partnership, joint
28 | venture and/or authority.  Further, with regard to the specific agreements alleged herein,

1    each agreement was made with the knowledge, consent, authorization, ratification and

2    approval of each of the Defendants.

3          61.    With respect to the specific agreements alleged herein, each of the

4    agreements was drafted by Defendants and completed in the state of Arizona.

5          62.    At the time of the computer transaction alleged herein, and as part of that

6    transaction, Dell, on behalf of itself and the Defendants, offered, promised and agreed to

7    the following uniform material terms with respect to their Warranties and extended

8    Warranties:  Defendants will provide next business day onsite warranty service and parts

9    for the first year for no additional consideration; Defendants will provide next business

10   day delivery of replacement parts as well as next business day onsite or mail-in warranty

11   service by a live technician for warranty repair; Defendants will provide onsite warranty

12   repair service to fix computer problems even if a part did not need to be replaced;

13   Defendants will use only top quality replacement parts and components for warranty

14   repairs; and Defendants will use new replacement parts and components for warranty

15   repairs.  Further, at the time a part was replaced under warranty, Defendants offered,

16   promised and agreed to the following uniform material terms with respect to their

17   Warranties and extended Warranties:  that the description and price listed on the

18   replacement part invoice accurately reflected the true condition, quality and value of the

19   part.

20         63.    Plaintiff Newport and plaintiff class members accepted the terms of the

21   computer transaction in issue and the Warranty by purchasing their computers and the

22   extended Warranties and/or accepting a replacement part.  Defendants uniformly offered

23   the same warranty terms and written warranty documentation to each customer, including

24   Plaintiff and plaintiff class members.  Plaintiff Newport and plaintiff class members did

25   not and could not negotiate any term of the Warranty or extended Warranty agreement,

26   and had no bargaining power over its terms as they were strictly dictated by Defendants.

27         64.    Plaintiff and plaintiff class members fulfilled all of their obligations under

28   the Invoice, Warranty and extended Warranty, including all conditions, covenants, and

1  promises, except those that were excused as a result of Defendants' breach of their
2  obligations thereunder.

3      65.    Defendants breached the agreements by:  secretly charging Plaintiff
4  Newport and plaintiff class members for their first year onsite warranty services; failing to
5  provide next business day replacement parts and/or at-home or mail-in warranty repair
6  service with a live technician; failing to provide onsite warranty repair service to fix
7  computer problems even if a part did not need to be replaced; failing to provide top
8  quality replacement parts and components in fulfilling their warranty obligations; failing
9  to provide new replacement parts and components in fulfilling their warranty obligations;
10 failing to disclose that used or inferior parts were used for warranty repairs such as with
11 their sound blaster cards; failing to put the true and accurate condition, quality and value
12 of a replacement part in the invoice accompanying it; and overcharging for warranty
13 replacement parts if the part being replaced was not returned within the time Defendants
14 demanded.

15     66.    As a proximate result of Defendants' breaches, Plaintiff and plaintiff class
16 members have been damaged in an amount to be proven at trial.

17              **Sixth Cause of Action**

18                  **for Fraud**

19  **(Plaintiff and Plaintiff Class Members Against All Defendants)**

20     67.    Plaintiff repeats, reiterates, and realleges each and every allegation
21 contained in the preceding and subsequent paragraphs of this complaint.

22     68.    At all times relevant hereto, Defendants Dell, BancTec and QualxServ have
23 been or are the agents, partners and/or joint venturers of each other with respect to the
24 representations attributed to them with regard to the warranties, including the Extended
25 Warranties, and each acted for and on behalf of each other with actual and apparent
26 authority to act, and did so within the course and scope of their partnership, joint venture,
27 agency and/or authority.  With respect to the specific representations attributed to them
28 regarding the warranties, including the extended Warranties, each representation was

1   made with the knowledge, consent, authorization, ratification and approval of each of

2   them.  Further, these Defendants derived, accepted and retained monetary profits and

3   benefits resulting from the transactions in which the representations were made.

4          69.    Defendants made the following material representations to Plaintiff Newport

5   and plaintiff class members in writing:

6          A.    That there was no additional consideration required for next business day

7   onsite warranty service and parts for the first year of the warranty period.

8          B.    That Defendants would provide next business day warranty replacement

9   parts and onsite warranty repair by a live technician.

10          C.    That Defendants would provide onsite warranty repair to fix computer

11   problems, even if a part did not need replacing.

12          D.    That Dell would provide repair or replacement service one business day

13   after receipt of a system mailed to its repair facility under Dell's mail-in Warranties,

14   including the mail-in extended Warranties.

15          E.    That Defendants would use only top quality replacement parts and

16   components for warranty repairs.

17          F.    That Defendants used new replacement parts and components for warranty

18   repairs, and that parts and components Plaintiff and plaintiff Warranty Subclass members

19   actually received as replacement parts and components under their Warranties were new

20   and of the same or equivalent quality as the parts being replaced.

21          G.    That the parts and components Plaintiff and plaintiff Warranty Subclass

22   members received as replacement parts and components under their Warranties were as

23   described and represented on the invoice that came with the item.

24          70.    Defendants made substantially the same representations to Plaintiff Newport

25   and to each plaintiff class member.  Representations "A" through "E" above were first

26   communicated to Plaintiff Newport and plaintiff class members at or around the time they

27   received their Warranties, including the extended Warranties.  In addition, representations

28   "F"-"G" were communicated to Plaintiff and plaintiff Warranty Subclass members at or

1 | around the time they received their replacement part or component.

2 | 71. All of the foregoing representations were false. In truth, Defendants secretly

3 | charged Plaintiff Newport and plaintiff class members for their first year onsite warranty

4 | services; and Defendants did not provide Plaintiff Newport or plaintiff class members with

5 | next business day warranty replacement parts or next business day onsite or mail-in

6 | warranty repair service with a live technician under the Warranties, including the extended

7 | Warranties, nor did Defendants provide onsite service for a computer problem that did not

8 | need a replacement part. In addition, Defendants did not provide top quality, new

9 | replacement parts and components under their Warranties, including the extended

10 | Warranties. The replacement parts and components Defendants did provide were recycled

11 | and used, and were not of the same condition, quality and value as top quality, new parts

12 | and components or as described or represented in the written invoice. Furthermore,

13 | Defendants misrepresented in the written invoice the true and accurate condition, quality

14 | and value of a replacement part, as well as its true cost so they could deceive Plaintiff and

15 | plaintiff class members into believing a new part was being provided when in fact it was

16 | not, as well as to overcharge them in the event a defective part was not returned in the

17 | time Defendants demanded.

18 | 72. At the time these representations were made, Defendants, and each of them,

19 | knew them to be false. Defendants, and each of them, made these representations with the

20 | intention to deceive and defraud Plaintiff and plaintiff class members, and to induce them

21 | to act in reliance on these representations by purchasing their computers and/or extended

22 | Warranties.

23 | 73. Plaintiff and plaintiff class members were ignorant of the falsity of

24 | Defendants' representations at the time they were made and at the time Plaintiff and

25 | plaintiff class members purchased their computers and/or extended Warranties, and

26 | believed them to be true. In reasonable reliance on these representations, Plaintiff and

27 | plaintiff class members were induced to and did purchase the computers and/or extended

28 | Warranties to their detriment. Had Plaintiff and plaintiff class members known the true

1  facts, they would not have taken such action.  Plaintiff's and plaintiff class members'

2  reliance on Defendants' representations was justified because Defendants were the ones

3  offering the Warranties and extended Warranties for sale, and possessed superior

4  knowledge of the facts, as they were peculiarly within the knowledge of Defendants.

5        74.    Defendants made substantially these same material representations to all

6  plaintiff class members who received a Warranty, including the extended Warranty.

7        75.    As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and

8  plaintiff class members have suffered damages.

9        76.    The foregoing conduct of Defendants (i) constituted an intentional

10  misrepresentation, deceit, or concealment of a material fact known to the Defendants with

11  the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff class

12  members of property or legal rights or otherwise causing Plaintiff and plaintiff class

13  members injury; (ii) was intended by Defendants to cause injury to Plaintiff and plaintiff

14  class members or was despicable conduct that was carried on by Defendants with a willful

15  and conscious disregard of the rights or safety of others; and/or (iii) was despicable

16  conduct that subjected Plaintiff and plaintiff class members to cruel and unjust hardship in

17  conscious disregard of Plaintiff's and plaintiff class members' rights so as to justify an

18  award of punitive damages against Defendants.

19  **Seventh Cause of Action**

20  **for Fraud by Nondisclosure**

21  **(Plaintiff and Plaintiff Class Members Against All Defendants)**

22        77.    Plaintiff repeats, reiterates, and realleges each and every allegation

23  contained in the preceding and subsequent paragraphs of this complaint.

24        78.    Defendants intentionally failed and omitted to disclose to Plaintiff Newport

25  and plaintiff class members that they do not provide:  next business day onsite warranty

26  repair service and parts during the first year of the warranty period for no extra

27  consideration; next business day replacement parts or onsite or mail-in warranty repair

28  service; and onsite warranty repair service for a computer problem that did not need a

1    replacement part.  Further, Defendants intentionally failed and omitted to disclose to

2    Plaintiff Newport and plaintiff class members that they:  used recycled, inferior or used

3    replacement parts under the Warranties, including the extended Warranties, and that their

4    written invoices sent to customers along with the replacement parts do not accurately and

5    truthfully state the condition, quality and value of the part, as well as its true cost.  These

6    material facts were known to Defendants, and each of them, at all times herein mentioned.

7        79.    Defendants had a duty to Plaintiff and plaintiff class members to fully

8    disclose in a clear and conspicuous manner the true facts.

9        80.    Defendants' representations, when coupled with Defendants' omissions,

10   were false and misleading.  Defendants intentionally omitted and failed to disclose these

11   facts to Plaintiff and plaintiff class members to induce and deceive Plaintiff and plaintiff

12   class members into purchasing their computers and/or extended Warranties.

13       81.    Plaintiff and plaintiff class members were ignorant of the falsity of

14   Defendants' representations at the time they were made and at the time they purchased

15   their computers and/or extended Warranties, and believed them to be true.  In reasonable

16   reliance on these representations, Plaintiff and plaintiff class members were induced to

17   and did purchase the computers and/or extended Warranties to their detriment.  Had

18   Plaintiff and plaintiff class members known the true facts, they would not have taken such

19   action.  Plaintiff's and plaintiff class members' reliance on Defendants' representations

20   was justified because Defendants were the ones offering the Warranties and extended

21   Warranties for sale, and possessed superior knowledge of the facts, as they were

22   peculiarly within the knowledge of Defendants.

23       82.    These material omissions were uniformly kept from Plaintiff and plaintiff

24   class members.

25       83.    As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and

26   plaintiff class members have suffered damages.

27       84.    The foregoing conduct of Defendants (i) constituted an intentional

28   misrepresentation, deceit, or concealment of a material fact known to the Defendants with

1  the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff class

2  members of property or legal rights or otherwise causing Plaintiff and plaintiff class

3  members injury; (ii) was intended by Defendants to cause injury to Plaintiff and plaintiff

4  class members or was despicable conduct that was carried on by Defendants with a willful

5  and conscious disregard of the rights or safety of others; and/or (iii) was despicable

6  conduct that subjected Plaintiff and plaintiff class members to cruel and unjust hardship in

7  conscious disregard of Plaintiff's and plaintiff class members' rights so as to justify an

8  award of punitive damages against Defendants.

9  **<u>Eighth Cause of Action</u>**

10  **<u>for Restitution for Unjust Enrichment</u>**

11  **(Plaintiff and Plaintiff Class Members Against All Defendants)**

12       85.    Plaintiff repeats, reiterates, and realleges each and every allegation

13  contained in the preceding and subsequent paragraphs of this complaint.

14       86.    As a result of Defendants' wrongful actions as alleged above, Defendants

15  obtained benefits that are unjust for them to retain.

16       87.    Plaintiff and plaintiff class members are entitled to restitution of such

17  benefits in an amount to be determined at trial.

18  **<u>Ninth Cause of Action</u>**

19  **<u>for Declaratory Relief</u>**

20  **(Plaintiff and Plaintiff Class Members Against All Defendants)**

21       88.    Plaintiff repeats, reiterates, and realleges each and every allegation

22  contained in the preceding and subsequent paragraphs of this complaint.

23       89.    An actual controversy has arisen between Plaintiff and plaintiff class

24  members and Defendants regarding Defendants' obligations to Plaintiff and plaintiff class

25  members under the Warranties, including extended Warranties, Defendants'

26  misrepresentations regarding the costs of the Warranties and the services included therein,

27  and claims alleged above.

28  ///

1    90.    A judicial declaration of the parties' respective rights and obligations is

2  necessary in order to resolve this dispute.

3    91.    Plaintiff and plaintiff class members are entitled to a declaration of rights

4  and a permanent injunction.  Unless a declaration of rights and a permanent injunction are

5  issued requiring Defendants to fully disclose the costs of the replacement parts and

6  optional first year onsite warranty service; to provide next business day service and

7  replacement parts under the Warranties, including the extended Warranties, and new

8  replacement parts and components; and to fulfill their obligations to repair computer

9  problems as they represented, Plaintiff and plaintiff class members will not receive the

10  benefit of the bargain, will have no effective means to learn about the practices and

11  policies of Defendants, and Defendants will continue to engage in their improper conduct,

12  and will otherwise continue to engage in the wrongful acts alleged above.

13    **WHEREFORE,** Plaintiff requests the following relief, on her own behalf and on

14  behalf of the class:

15    1.    An order confirming that this action is properly maintainable as a class

16  action and appointing Plaintiff and her counsel to represent the class and Warranty

17  Subclass.

18    2.    An award of compensatory damages and all monetary relief authorized by

19  law or referenced herein, including punitive and exemplary damages.

20    3.    An Order declaring the rights of the class and the obligations of Defendants.

21    4.    An Order enjoining Defendants from using used replacement components,

22  from secretly charging customers for first year onsite warranty services without disclosing

23  this to customers, from selling "next business day" Warranties to customers residing in

24  areas where next business day warranty service is not possible, and from engaging in

25  unfair or deceptive acts or practices as set forth in or related to the allegations herein.

26    5.    An Order requiring Defendants to replace Plaintiff's and plaintiff class

27  members' components with new rather than used replacement components, to

28  meaningfully and effectively disclose their past policies and practices of using inferior,

1   used replacement components and secretly charging customers for first year onsite

2   warranty services, to fully remedy these past acts or practices, and to cease and desist from

3   making any false, deceptive, or misleading representations or omissions about their

4   Warranties, including the extended Warranties, to Plaintiff and to plaintiff class members.

5        6.     Restitution of amounts wrongfully obtained.

6        7.     An award of prejudgment interest and post-judgment interest.

7        8.     An award providing for payment of costs of suit, including payment of

8   experts' fees and expenses.

9        9.     An award of reasonable attorneys' fees.

10       10.    Such other and further relief as this Court may deem proper and just.

11  DATED: March 13, 2008                  Respectfully submitted,

12                                  STRANGE & CARPENTER

13

                     By:        /s/

14                                Gretchen Carpenter (CA # 180525)
                              (*Pro Hac Vice*)

15                                gcarpenter@strangeandcarpenter.com

16

17                                And

18                                Bruce A. Burke (No. 004316)
                              LAW OFFICE OF BRUCE A. BURKE,
                              P.C.

19                                115 W. Washington Street
                              Tucson, Arizona 85701

20                                Telephone: (520) 622-3596
                              Fax: (520) 628-8010

21

22                                Attorneys for Plaintiff Pamela Newport

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: March 13, 2008

Respectfully submitted,

STRANGE & CARPENTER

By: _____/s/_____
Gretchen Carpenter (CA # 180525)
(*Pro Hac Vice*)
gcarpenter@strangeandcarpenter.com

And

Bruce A. Burke (No. 004316)
LAW OFFICE OF BRUCE A. BURKE,
P.C.
115 W. Washington Street
Tucson, Arizona 85701
Telephone: (520) 622-3596
Fax: (520) 628-8010

Attorneys for Plaintiff Pamela Newport

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

FID Number:        74-2683839
Sales Rep:        ANDREA BIRD
For Sales:        (800)474-3355
Sales Fax:        (800)317-3355
Customer Service:  (800)624-9897
Technical Support: (800)624-9896
Dell Online:       http://www.dell.com

Customer Number:  010563207
Purchase Order:
Order Date:       08/31/00

19  01  M  01  01  N

Invoice Number: **425431269**

Invoice Date:      09/01/00
Payment Terms:     MASTER CARD
Shipped Via:       UNAUTHORIZED
Waybill Number:    E3W5554211712418

**SOLD TO:**
     39.1.12804 1 AB 0.270 73288S11.OCE 1 of 2
PAM NEWPORT
NEWPORT PAM

**SHIP TO:**
PAM NEWPORT
NEWPORT PAM

PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| er | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|----|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 220-7469 | Dimension 4100 Series,Pentium III Processor at 800 MHz | EA | 1,517.00 | 1,517.00 |
| 1 | 1 | 310-0801 | Microsoft Internet Keyboard Dell Edition,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 310-3180 | Dell Mouse Pad, included in your order. Thank you for choosing Dell. | EA | 0.00 | 0.00 |
| 1 | 1 | 310-8124 | Microsoft Intellimouse, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 310-8890 | MicroSoft Millenium Upgrade Coupon,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 310-8921 | EducateU Information/TechSheet,English,Dimension,Used for EducateU WEB Based Training | EA | 0.00 | 0.00 |
| 1 | 1 | 311-7001 | 128MB SDRAM at 133MHz,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-0504 | 8x/4x/32x CD-RW, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-3925 | harman/kardon HK Speakers,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-6170 | Soundblaster 64V PCI Sound Card,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-8626 | Conexant V.90/56K Telephony Modem for Windows Factory Install | EA | 0.00 | 0.00 |

/ice contract may be subject to sales tax.
on-site or other service covers Dell system hardware only.
. CATALOG SALES COLLECTS TAX IN FL,KY,NC,NV,TN & TX.FOR OTHER STATES THE TAX
/VN RELATES ONLY TO 3RD PARTY SERVICE CONTRACTS AND THE BUYER IS RESPONSIBLE
REMITTING ANY ADDITIONAL TAX DIRECTLY TO THE TAXING AUTHORITIES.



Invoice Number: 425431269
Customer Number: 010563207
Purchase Order:
Associated Order: 425431277

| Ship. &/or Handling | $ | 95.00 |
|---------------------|---|-------|
| Subtotal | $ | 1,612.00 |
| Taxable: $ 233.00 | Tax: $ | 16.31 |
| Total | $ | 1,628.31 |
| MASTER CARD | $ | 1,628.31 |
| | $ | |
| | $ | |
| Balance | $ | 0.00 |

| | |
|---|---|
| FID Number: 74-2683839 | |
| Sales Rep: ANDREA BIRD | |
| For Sales: (800)474-3355 | |
| Sales Fax: (800)317-3355 | |
| Customer Service: (800)624-9897 | |
| Technical Support: (800)624-9896 | |
| Dell Online: http://www.dell.com | |

| | |
|---|---|
| Customer Number: 010563207 | |
| Purchase Order: | |
| Order Date: 08/31/00 | |
| 19 01 M 01 01 N | |

| | |
|---|---|
| Invoice Number: |425431269      | |
| Invoice Date: 09/01/00 | |
| Payment Terms: MASTER CARD | |
| Shipped Via: UNAUTHORIZED | |
| Waybill Number: E3W5554211712418 | |

SOLD TO:

39.1.12804 1 AB 0.270 73288S11.OCE 2 of 2
PAM NEWPORT
NEWPORT PAM

SHIP TO:
PAM NEWPORT
NEWPORT PAM

PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| 1 | 320-6888 | 17"(16.0 Viewable,.26dp) M781, Factory Install | EA | 0.00 | 0.00 |
| 1 | 320-7211 | 16MB ATI Rage 128 Pro,Factory Install | EA | 0.00 | 0.00 |
| 1 | 340-2409 | 3.5",Floppy Drive,Factory Install | EA | 0.00 | 0.00 |
| 1 | 340-9909 | 20.4GB 7200 RPM Ultra ATA Hard Drive,Factory Install | EA | 0.00 | 0.00 |
| 1 | 412-5430 | Software,Music Match 5.10, Original Equipment Manufacturer,United States, Factory Install | EA | 0.00 | 0.00 |
| 1 | 412-5620 | Norton Antivirus 2000, version 5.0 with CD & Documentation, English,Factory Install | EA | 0.00 | 0.00 |
| 1 | 412-5933 | Spire 2.0,No Media,OEM,English | EA | 0.00 | 0.00 |
| 1 | 420-0300 | Windows 98 Second Edition Factory Install | EA | 0.00 | 0.00 |
| 1 | 430-0591 | No Network Card Requested, Dell Dimension | EA | 0.00 | 0.00 |
| 1 | 460-8057 | AOL 5.0 Yearly Prepaid ISP, Factory Install | EA | 0.00 | 0.00 |
| 1 | 460-8320 | No Zip Drive Requested | EA | 0.00 | 0.00 |
| 1 | 900-1600 | *Type 3 Contract – Next Business Day Parts & Labor On-Site Response Initial Year | EA | 0.00 | 0.00 |
| 1 | 900-1602 | *Type 3 Contract – Next Business Day Parts & Labor On-Site Response 2YR Extended | EA | 0.00 | 0.00 |
| 1 | 412-2736 | MS Works Suite 2000 Standard, CD & Documentation,US English, Factory Install | EA | 0.00 | 0.00 |
| | System Service Tags | HQHC101 | | | |