1
2
3
4
5
6             IN THE UNITED STATES DISTRICT COURT
7             FOR THE DISTRICT OF ARIZONA
8
9   Pamela Newport,                    )    CV-08-00096-TUC-CKJ(JCG)
                                        )
10          Plaintiff,                  )    **REPORT AND RECOMMENDATION**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Dell, Inc., et al.,                 )
13                                      )
            Defendants.                 )
14                                      )
                                        )
15  _____)

16          Pending before the Court is a Motion to Remand filed by Plaintiff on March 5, 2008.

17  (Doc. No. 31.)   Defendants Dell, Inc., Dell Products, L.P., Dell Marketing, L.P. and Dell

18  USA, L.P. ("Dell Defendants") filed a response on March 21, 2008.[1] (Doc. No. 37.)  Plaintiff

19  timely replied. (Doc. No. 40.)  Pursuant to the Rules of Practice in this Court, the matter was

20  assigned to Magistrate Judge Guerin for a report and recommendation. After review, the

21  Magistrate Judge recommends the District Court, after its independent review of the record,

22  enter an order denying Plaintiff's Motion for Remand.

23                **FACTUAL AND PROCEDURAL BACKGROUND**

24          On November 8, 2007, Plaintiff filed a Complaint against the Dell Defendants and

25  Defendants Qualxserv, LLC and Bantec, Inc. in Pima County Superior Court.  (Doc. No. 1,

26

27  _____

            [1] According to the Notice of Removal filed by the Dell Defendants, Defendant Dell
28  Catalog Sales, L.P. has merged into Dell Marketing, L.P.  *See* Notice of Removal, ¶ 10.  (Doc.
    No. 1.)

1   Ex. A, pgs. 9-37.)  The Complaint arises from Defendants' alleged failure to honor various

2   warranty and service obligations promised to Arizona consumers who purchased Dell

3   computers.   The Complaint alleges claims against Defendants for consumer fraud, false

4   advertising, breach of express warranty, breach of contract, fraud, fraud by nondisclosure,

5   restitution for unjust enrichment and declaratory relief. (Doc. No. 1, Ex. A., pgs 20-37.)  The

6   Complaint further alleges that Plaintiff is entitled to pursue her claims as a class action

7   lawsuit on behalf of members of a class of similarly-situated persons.  (Doc. No. 1, Ex. A,

8   pgs. 17-20.)

9       On February 1, 2008, Dell Defendants removed the action to this Court under the

10   Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. (Doc. No. 1.) Defendant

11   Bantec joined in the Notice of Removal on February 4, 2008.  (Doc. No. 6.)  On February

12   14, 2008, this Court issued an Order to Show Cause why the case should not be transferred

13   to the Prescott Division of the United States District Court for the District of Arizona. (Doc.

14   No. 18.)  In response to the Order to Show Cause, Dell Defendants and Plaintiff submitted

15   a joint statement asking the Court to retain jurisdiction over the matter and not transfer it to

16   the Prescott Division. (Doc. No. 30.)  The parties expressly agreed that neither party waived

17   any rights by participating in the joint statement.  (Doc. No. 30.)  On March 11, 2008, the

18   Court agreed to retain jurisdiction and not to transfer the case to the Prescott Division. (Doc.

19   No. 32.)

20       On February 28, 2008, Defendant QualxServ, LLC filed a Motion to Dismiss

21   Plaintiff's Complaint.  (Doc. No. 22.)  Dell Defendants also filed a Motion to Dismiss on

22   February 28, 2008. (Doc. No. 27.) Defendant Banctec, Inc. joined in the Motions to Dismiss.

23   (Doc. No. 26.)

24       On March 5, 2008, Plaintiff filed the pending Motion to Remand.  In a footnote to the

25   Motion, Plaintiff requested that the Court defer briefing on the pending Motions to Dismiss

26

27

28

1   until after the Motion for Remand was decided.[2]  (Doc. No. 33.) Dell Defendants filed an

2   opposition to Plaintiff's Motion for Remand on March 21, 2008.  (Doc. No. 37.)  Plaintiff

3   replied.  (Doc. No. 40.)

4       On March 13, 2008, while the Motions to Dismiss and Motion for Remand were

5   pending, Plaintiff filed a First Amended Complaint.

6                                    **ANALYSIS**

7       28 U.S.C. § 1453(b) provides that "[a] class action may be removed to a district court

8   of the United States in accordance with section 1446 (except that the 1-year limitation under

9   section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the

10  State in which the action is brought, except that such action may be removed by any

11  defendant without the consent of all defendants."   Pursuant to 28 U.S.C. § 1446, "[a]

12  defendant or defendants desiring to remove any civil action or criminal prosecution from a

13  State court shall file in the district court of the United States for the district and division

14  within which such action is pending a notice of removal signed pursuant to Rule 11 of the

15  Federal Rules of Civil Procedure and containing a short and plain statement of the grounds

16  for removal, together with a copy of all process, pleadings, and orders served upon such

17  defendant or defendants in such action."  A case is "removable" within the meaning of 28

18  U.S.C. §§ 1453(b) and 1332(d)(2) if the Court has jurisdiction pursuant to CAFA, which

19  grants federal district courts original jurisdiction "of any civil action in which the matter in

20  controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is

21  a class action in which any member of a class of plaintiffs is a citizen of a State different

22  from any defendant."  28 U.S.C. § 1332(d)(2).[3]

23      In the present case, Plaintiff contends that Dell Defendants have not met their burden

24  of proof in establishing that the matter in controversy exceeds the sum or value of

25

26  [2] Later in the Motion for Remand, Plaintiff contended that her First Amended Complaint
    was filed in lieu of a response to the Motions to Dismiss.  (Doc. No. 40, pg. 6, n.4.)

27  [3] The parties do not dispute that minimum diversity is satisfied in this case; the alleged
    class is made up solely of Arizona consumers, *see* Complaint at ¶ 17, and Dell, Inc. is a
28  Delaware corporation with its principal place of business in Texas.  *See* Complaint at ¶ 4.

- 3 -

1  $5,000,000.  In response, Dell Defendants argue that (1) Plaintiff's Motion for Remand is

2  untimely, (2) Plaintiff has waived her remand argument and (3) Defendant has met its burden

3  of proof.

4  **1.      Plaintiff's Motion for Remand Should Be Considered Timely Filed**

5          Dell Defendants argue that Plaintiff's Motion was filed outside the thirty-day deadline

6  provided for by statute.  Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the

7  basis of any defect other than lack of subject matter jurisdiction must be made within 30 days

8  after the filing of the notice of removal under section 1446(a)."  Plaintiff's Motion was filed

9  33 days after the Notice of Removal was filed; Plaintiff argues that the Motion was timely

10  because (a) Plaintiff had an additional three days to file her Motion pursuant to Rule 6(d),

11  Fed. R. Civ. P., and (b) Plaintiff's Motion challenges the Court's subject matter jurisdiction,

12  and therefore the 30-day time limit does not apply.

13          **a.      Rule 6(d) does not provide Plaintiff with an additional three days in which
14  to file her Motion.**

15          Rule 6(d) does not provide Plaintiff with an additional three days in which to file her

16  Motion.  The Rule provides that "when a party may or must act within a specified time *after*

17  *service* ... 3 days are added after the period would otherwise expire under Rule 6(a)."  Rule

18  6(d), Fed. R, Civ. P.  (emphasis added).  28 U.S.C. § 1447(c) does not start the 30-day clock

19  running from the date of service, however – the 30 days begin to run from the date that the

20  notice of removal is *filed*.  Accordingly, Rule 6(d), Fed. R. Civ. P. does not apply to Motions

21  for Remand filed pursuant to 28 U.S.C. § 1447(c).[4]

22

23

24

25

26          [4] The two cases cited by Plaintiff in support of her argument that Rule 6(d), Fed. R. Civ.
P. grants an additional three days to move for remand following a notice of removal are
27  unconvincing; the cases come from district courts in other circuits and one of them expressly
recognizes that most circuits do not apply Rule 6, Fed. R. Civ. P. to motions for remand.  *See*
28  *New Jersey Dept. of Environmental Protection v. Exxon Mobil Corp.*, 381 F.Supp.2d 398, 402
(D.N.J. 2005); *Chott v. Cal Gas Corp.*, 746 F.Supp. 1377, 1377 (E.D.Mo. 1990).

1

   **b.  Plaintiff's Motion for Remand challenges the Court's subject matter
       jurisdiction and therefore was timely filed**

2

3    Dell Defendants contend that Plaintiff has merely alleged a procedural defect in Dell

4    Defendants' Notice of Removal, *i.e.* that Dell Defendants failed to meet their burden of proof

5    with respect to the amount in controversy.  Plaintiff counters that she has raised a challenge

6    to the Court's subject matter jurisdiction, a challenge which may be raised at any time

7    pursuant to 28 U.S.C. § 1447(c).  Neither party has cited to any precedential Ninth Circuit

8    or Supreme Court case law regarding the distinction between procedural and subject matter

9    defects, nor has the Court been able to find any controlling case law on this point.[5]  In fact,

10   the Comments to 28 U.S.C. §§ 1446 and 1447 highlight the fine line between procedural

11   defects related to diversity and challenges to the Court's subject matter jurisdiction:

12           The 30-day period for moving to remand starts from the filing of the
13       notice of removal required by subdivision (a) of § 1446, which was also
         amended by the Judicial Improvements Act. Under prior law it was not open
14       indefinitely to a plaintiff to seek a remand based on some defect in removal
         procedure, but nor was there any arbitrary time limit. The courts generally
15       superimposed a sui generis "reasonable time" requirement.

16           If the defect is not one of mere procedure, but goes to subject matter
         jurisdiction, as where a case was removed on the basis of diversity of
17       citizenship and it turns out that complete diversity is lacking, there is no time
         limit on the motion to remand. It may be made at any time. That was also the
18       rule before the amendment.

19           Under § 1446(b) there is a one-year outer limit for removal in a diversity
20       of citizenship case. Is a failure to remove within the year a mere defect of
         "procedure", so that the removal will be good unless the plaintiff moves to
21       remand within 30 days after it? Or is the defect deemed to go to jurisdiction,
         so as to be unwaivable (thus allowing the plaintiff to seek remand even with
         a motion made after the 30 days)? There is a conflict on the point.

22       . . . .

23

24       [5] In *Haller v. Hartford Fire Ins. Co.*, 2006 WL 1182016 at *1 and n.1 (D. Ariz. 2006),
     this Court regarded a motion for remand in which the plaintiff argued that the defendant had not
25   met its burden of proof with respect to diversity of the parties as a challenge to subject matter
     jurisdiction.  It does not appear that the court was presented with an argument that the motion to
     remand was untimely.  In *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006),
26   the Ninth Circuit held that the forum defendant rule embodied in 28 U.S.C. § 1441(b) (*i.e.*, a case
     is removable only if none of the parties in interest properly joined and served as defendants is a
27   citizen of the state in which such action is brought) is a procedural requirement and thus a
     violation of the forum defendant rule constitutes a waivable non-jurisdictional defect subject to
28   the 30-day time limit imposed by § 1447(c).

Section 1447(c) provides that if there is a defect in the "procedure" followed by the defendant(s) in removing, the plaintiff must move to remand the case within 30 days after the filing of the notice of removal or the defect is waived. If the defect goes to jurisdiction, on the other hand, the 30-day limit of § 1447(c) does not apply and the plaintiff may move to remand at any time before final judgment.

Into which category does the one-year period of § 1446(b) fall? There is presently a conflict on the matter.

The Fifth Circuit held in *Barnes v. Westinghouse Elec. Corp*., 962 F.2d 513, *cert. denied* 113 S.Ct. 600 (1992), that the defect is procedural only and that a case removed after the year may be retained in federal court if the plaintiff does not move to remand within the § 1447(c) 30-day period; that subject matter jurisdiction is not affected. The Sixth Circuit held to the contrary in *Brock v. Syntex Labs., Inc.*, 1993 WL 389946 (Oct. 1, 1993), sustaining a remand made on a motion the plaintiffs did not make until almost three months after the defendant's notice of removal.

Until the point is resolved either by the U.S. Supreme Court in a decision or by Congress in a legislative clarification, plaintiffs do best to seek all remands, whatever their grounds, within 30 days after the defendant's notice of removal. That will entitle them to have the motion to remand considered by the district court whether the ground on which remand is sought is deemed jurisdictional, procedural, or anything else.

Commentary on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 1446 (West 1996);

Commentary on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 1447 (West 1996).

There is support in the record for Plaintiff's position that her Motion for Remand challenges the Court's subject matter jurisdiction. Although Plaintiff's Motion focuses its attention on whether Dell Defendants have met their burden of proof, Plaintiff also points out that the Motion for Remand should be considered prior to the pending Motions to Dismiss because "subject matter jurisdiction issues" should be resolved before reaching the merits of the case. (Doc. No. 31, pg. 3, lines 21-25.)

For these reasons, and because no clearly-governing case law exists on this issue, the Court recommends that Plaintiff's Motion for Remand be deemed timely filed. As a practical matter, the issue need not be resolved by this Court. Because the Court concludes in section 3, *infra*, that the Defendants have met their burden of proof regarding this Court's jurisdiction, the Motion for Remand, timely or not, is without merit.

1    **2.      Plaintiff did not Waive her Argument for Remand**

2         Dell Defendants argue that Plaintiff waived her argument for remand by amending her

3    Complaint while the Motion for Remand was pending.  The cases cited by Dell Defendants

4    in support of this argument are not controlling, however, nor are they applicable to the facts

5    of this case.  In two of the cases cited by Dell Defendants – *Koehnen v. Herald Fire Ins. Co.*,

6    89 F.3d 525, 528 (8th Cir. 1996) and *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1271

7    (D. Or. 2001) – the plaintiffs affirmatively sought the jurisdiction of the federal court by

8    filing motions for leave to amend, motions for order of default and/or motions for default

9    judgment *prior to* seeking remand.  The *Koehnen* court – on which the *Riggs* court relied –

10   found that the plaintiff had engaged in "affirmative federal court conduct," such that "remand

11   in this matter would be offensive to fundamental principles of fairness."  89 F.3d at 528.

12   That is not the case here.  Plaintiff did not engage in any affirmative federal court conduct

13   prior to filing her Motion for Remand.  Plaintiff's First Amended Complaint was an

14   amendment as of right, filed in lieu of a response to Defendants' Motions to Dismiss.  In the

15   First Amended Complaint, Plaintiff specifically alleges that she is in the process of

16   challenging the Court's jurisdiction via her Motion to Remand. (Doc. No. 33, ¶ 3.)  Because

17   Plaintiff's First Amended Complaint was filed after her Motion to Remand as a defensive

18   maneuver responsive to the filing of Defendants' Motions to Dismiss, the Court sees no

19   reason why it offends the fundamental principles of fairness to consider the Motion for

20   Remand.  Accordingly, the Court recommends that Dell Defendants' waiver argument be

21   rejected.

22   **3.      Dell Defendants Have Met Their Burden of Proof**

23        28 U.S.C. § 1332(d)(6) provides that "[i]n any class action, the claims of the

24   individual class members shall be aggregated to determine whether the matter in controversy

25   exceeds the sum or value of $5,000,000, exclusive of interest and costs."  According to

26   Plaintiff, Dell Defendants have failed to demonstrate that this case involves an amount in

27   controversy in excess of the statutory $5,000,000 requirement.

28        **a.      Applicable Law**

1    Removal statutes are strictly construed against removal jurisdiction. *See Boggs v.*

2  *Lewis*, 863 F.2d 662, 663 (9th Cir.1988).  Federal jurisdiction must be rejected if there is any

3  doubt as to the right of removal in the first instance. *See Libhart v. Santa Monica Dairy Co.*,

4  592 F.2d 1062, 1064 (9th Cir.1979).  In diversity cases, where the amount in controversy is

5  in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and

6  removal jurisdiction:

7       [I]n cases brought in the federal court ... [i]t must appear to a legal certainty
        that the [plaintiff's] claim is really for less than the jurisdictional amount to
8       justify dismissal.... A different situation is presented in the case of a suit
        instituted in a state court and thence removed. There is a strong presumption
9       that the plaintiff has not claimed a large amount in order to confer jurisdiction
        on a federal court or that the parties have colluded to that end.
10

11  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938).

12    The "strong presumption" against removal jurisdiction means that the defendant

13  always has the burden of establishing that removal is proper. *Nishimoto v.*

14  *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche*

15  *Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). Normally, this burden is satisfied if the

16  plaintiff claims a sum greater than the jurisdictional requirement. *See St. Paul*, 303 U.S. at

17  288-89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986).

18  If it is unclear what amount of damages the plaintiff has sought, then the defendant bears the

19  burden of proving the facts to support jurisdiction, including the jurisdictional amount. *See*

20  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

21    If it is not "facially apparent" from the complaint that the jurisdictional amount is in

22  controversy, the Court may consider facts alleged in the removal petition, and may "require

23  parties to submit summary-judgment-type evidence relevant to the amount in controversy at

24  the time of removal."  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th

25  Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.1995).  The Court

26  may consider supplemental evidence later proffered by the removing defendant, which was

27  not originally included in the removal notice. *See Cohn v. Petsmart, Inc*., 281 F.3d 837, 840

28  n.1 (9th Cir. 2002).  When jurisdiction is challenged, the party alleging jurisdiction must

justify his allegations by a preponderance of evidence. *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).   Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9ᵗʰ Cir. 1996).   A bald recitation that the amount in controversy exceeds the statutory minimum, without identification of any specific factual allegations or provisions in the complaint which might support that proposition, may provoke *sua sponte* remand.   *Id.* (citing *Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 763 (E.D.Mich. 1990)).

   **b.   Analysis**

   In the present case, the amount in controversy cannot be determined from the face of the Complaint. Plaintiff's Complaint alleges that Plaintiff represents a class of "all persons in the State of Arizona who have purchased desktop or notebook systems manufactured by Dell and who also received a warranty [and/or extended warranty] from Defendants."[6] (Doc. No. 1, Ex. A, pgs. 9, 17.)   The Complaint further alleges that each member of the class has suffered a financial loss of "typically less than $100-$300." (*Id.* at pg. 9.)   Plaintiff seeks relief including "compensatory damages and all monetary relief authorized by law or referenced in the Complaint, including punitive and exemplary damages." (*Id.* at pg. 36.) Because the size of the class and the amount of damages incurred by each class member are not specifically identified in the Complaint, the amount in controversy cannot be determined from review of Plaintiff's Complaint.

   Because it is not  "facially apparent" from the Complaint that the jurisdictional amount is in controversy, the burden lies with Dell Defendants to prove that it is "more likely than not" that the amount in controversy exceeds $5,000,000.   In their Notice of Removal, Dell Defendants allege that they have issued over 260,000 standard initial warranties and

---

[6] Although Plaintiff's Complaint defines the class in terms of computer warranties, various allegations in the Complaint also contend that Defendants failed to honor service contracts included in the purchase price of the computer and/or sold at additional cost to consumers.

over 100,000 extended warranties to Arizona consumers since January 1, 2004.[7]  Dell Defendants then rely on the lowest of Plaintiff's damages estimates ($100), multiply it by the over 100,000 extended warranties sold to Arizona consumers, and conclude that the amount in controversy in this case exceeds the $5,000,000 statutory minimum by at least $5,000,000.[8]  In their Opposition to Plaintiff's Motion for Remand, Dell Defendants submit the Declaration of Trevor Harrison, Business Analyst Consultant for Dell, Inc.  (Doc. No. 38.)  Mr. Harrison's Declaration states that computers sold by Dell include a limited warranty at no additional cost; customers have the option of paying a higher price for the computer in order to extend the warranty.  (*Id.*)  Mr. Harrison's Declaration also states that computers sold by Dell include a basic service contract which can be extended at additional cost.  (*Id.*)  The Declaration confirms the figures provided in the Notice of Removal: Dell Defendants have issued to Arizona consumers over 260,000 standard initial warranties and over 100,000 extended parts warranties since January 1, 2004.[9]

The Court concludes that Dell Defendants have met their burden.  Dell Defendants have demonstrated that they have sold over 100,000 extended warranties to Arizona consumers since January 1, 2004.  If each of those warranties were valued at $50.01, the amount in controversy would exist.  In fact, Plaintiff's Complaint alleges that each member of the class suffered damages "typically less than $100-$300," suggesting individual damages well above this $50.01 value.[10]  In addition, Plaintiff's Amended Complaint alleges that the extended warranties cost consumers $60-70 per year.  (Doc. No. 33, ¶ 9.)  *See*

---

[7] The class as identified in Plaintiff's Complaint was unlimited as to time; Defendants selected January 1, 2004 as the oldest date within Plaintiff's statute of limitations.  (Doc. No. 37, pg. 8.)

[8] Dell Defendants considered only the extended warranties in calculating the amount in controversy because the standard warranties are included in the price of the computer and therefore arguably do not contribute to the amount in controversy.  *But see* n.11, *infra*.

[9] Mr. Harrison's Declaration also includes calculation of warranties issued to Arizona consumers since January 1, 2001, although it is unclear why that date was selected and provided.

[10] Plaintiff's statement that damages are "typically less than $100-$300" is oddly phrased and ambiguous.  It is unclear why Plaintiff would provide a $100-$300 range for individual damages, but then allege that damages are typically below that range entirely.

1   *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-89 (9th Cir. 2006) (considering

2   amended complaint in calculating amount in controversy); *see also See Del Real v.*

3   *Healthsouth Corp.,* 171 F.Supp.2d 1041, 1043 (D. Ariz. 2001) (holding that the Court may

4   look to a variety of documents to determine if the case is removable).

5          Assuming that over 100,000 extended warranties were sold at a value of $50.01 each

6   is improbably conservative for several reasons.  First, it relies solely on the number of

7   extended warranties sold, even though Plaintiff has put standard warranties, extended

8   warranties and service contracts at issue in this case.[11]  Second, it assumes only 100,000

9   extended warranties sold, despite Dell Defendants' statement that in fact more than 100,000

10  extended warranties have been sold.  Third, it relies on a price-per-warranty for a one-year

11  term, although consumers may be able to purchase extended warranties lasting more than one

12  year.  (Complaint, Doc. No. 1, pg. 12.)  Fourth, it relies on a damages-per-consumer figure

13  that is lower than the amount alleged in Plaintiff's Complaint or First Amended Complaint.

14  *See Levine v. BIC USA, Inc.*, 2007 WL 2406897, *4 (S.D. Cal. 2007) (holding that if a

15  plaintiff claims damages per class member within a given range, the court may rely on the

16  highest amount of damages within that range when evaluating whether it is "more likely than

17  not" that the $5,000,000 CAFA amount in controversy has been met).  Finally, it does not

18  include any damages related to Plaintiff's claims for punitive and exemplary damages.  *See*

19  *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D.Cal. 2007) (holding that

20  punitive damages are part of the amount in controversy). Given these conservative limits and

21  considering all the materials submitted to the Court, the Court finds that it is "more likely

22  than not" that the amount in controversy has been satisfied. *See Del Real,* 171 F.Supp.2d at

23  1043 (holding that defendants met their burden of proof in demonstrating that a $75,000

24  amount in controversy requirement had been met where Plaintiff alleged $37,000 in specific

25

26          [11] Standard warranties and service contracts may be included in the price of the computer, but they are not without value.  Plaintiff would undoubtedly seek to recover damages

27  representing the value of these obligations in the event that she was able to demonstrate that Dell Defendants failed to honor its commitments under the standard warranties and/or service

28  contracts.

1    damages and sought treble damages on a severance package of an unknown amount);

2    *Sanchez*, 2007 WL 1345706 at *1 (holding that defendants satisfied their burden of proof in

3    demonstrating that CAFA's $5,000,000 amount in controversy requirement had been met

4    where defendants submitted an affidavit stating that they sold approximately 250,000 of the

5    allegedly defective products at a price ranging between $20-30 per product).

6         Plaintiff presents several arguments challenging the sufficiency of Mr. Harrison's

7    Declaration, each of which is without merit.  First, Plaintiff contends that Dell Defendants

8    have not met their burden of proof because Mr. Harrison's Declaration does not state the

9    price of the extended warranties or service contracts.  At this stage in the litigation, however,

10   Dell Defendants are not required to do so.  The inquiry in deciding removal disputes is what

11   amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually

12   owe a successful plaintiff.  *See Levine v. BIC USA, Inc.*, 2007 WL 2406897, *2 (S.D. Cal.

13   2007) (citing *Sherer v. Equitable Life Assurance Soc. of the U.S.*, 347 F.3d 394, 397-98 (2d

14   Cir.2003); *see also Cram v. Electronic Data Systems Corp.*, 2007 WL 2904250, *4 (S.D.Cal.

15   2007) (stating that a defendant is generally not obligated to support removal with production

16   of extensive business records to prove or disprove liability and/or damages with respect to

17   putative class members at the pre-certification stage of the litigation).  Second, Plaintiff

18   argues that Mr. Harrison's Declaration is deficient because Mr. Harrison does not have

19   personal knowledge of the facts stated in the Declaration.  There is no merit to this argument.

20   Mr. Harrison avows in his Declaration that he has worked for Dell as a Business Analyst

21   Consultant since 1999, that he monitors the data quality for Dell's data warehouse and that

22   he has access to sales information that gives him personal knowledge of the number of

23   warranties and service contracts issued by Dell to Arizona consumers.  Finally, Plaintiff

24   argues that Mr. Harrison's Declaration lacks foundation because Mr. Harrison does not

25   testify regarding how data is entered or maintained.  The Court disagrees; at this stage in the

26   litigation, Mr. Harrison has established sufficient foundation for his testimony regarding

27   warranty and service contract sales by stating that his personal knowledge stems from his

28

1  employment as a business analyst charged with monitoring the data quality of Dell's data
2  warehouse.[12]

3  <center>**CONCLUSION**</center>

4  For the foregoing reasons, the Magistrate Judge recommends the District Court, after
5  is independent review of the record, enter an order DENYING Plaintiff's Motion for Remand
6  (Doc. No. 31).

7  Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within
8  10 days of being served with a copy of this Report and Recommendation.  If objections are
9  not timely filed, they may be deemed waived.  If objections are filed, the parties should use
10  the following case number: **CV-08-0096-TUC-CKJ.**

11  DATED this 16th day of May, 2008.

12
13
14
15
16  Jennifer C. Guerin
    United States Magistrate Judge
17
18
19
20
21
22
23
24

25  [12] In addition, even if the Court elected not to rely on Mr. Harrison's Declaration, it would
26  have sufficient information from the other pleadings in this case from which to conclude that it is
    more likely than not that the amount in controversy has been satisfied: the Court's calculation
    that 100,000 extended warranties sold for at least $50.01 each totals over $5,000,000 can be
27  derived from review of Plaintiff's Complaint, Dell Defendants' Notice of Removal and Plaintiff's
    First Amended Complaint.  *See* 28 U.S.C. § 1446, stating that Notice of Removal must contain
28  only a "short and plain statement" of the grounds for removal.