IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Newport, ) | CV-08-0096-TUC-CKJ(JCG) |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Dell, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is a Motion to Dismiss filed by Defendants Dell, Inc., Dell Products L.P., Dell Marketing L.P. and Dell USA L.P. ("Dell Defendants") on April 29, 2008. (Doc. No. 44.) The Motion is supported by a Memorandum of Points and Authorities. (Doc. No. 45.) In addition, the Dell Defendants filed two Requests for Judicial Notice. (Doc. Nos. 29, 46.) Defendant Banctec joined in Dell Defendants' Motion to Dismiss on April 29, 2008.[1] (Doc. No. 47.) Plaintiff filed a response on June 2, 2008. (Doc. No. 50.) In an exhibit to the response, Plaintiff requested judicial notice of numerous attachments. (Doc. No. 50-2.) Dell Defendants filed a reply on June 9, 2008, in which Banctec joined. (Doc. Nos. 53 & 54.)

---

[1] In a separately-filed Motion to Dismiss filed by Defendant Qualxserv, Qualxserv stated that it joined in and adopted the arguments made by Dell Defendants in their Motion to Dismiss. (Doc. No. 43, pg. 6.) Qualxserv's Motion to Dismiss has been addressed in a separately-filed Report and Recommendation.

Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a report and recommendation. The Magistrate declined to hear oral argument in this matter. *See Mahon v. Credit Bureau of Placer County, Inc.,* 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memorandum of law and evidence in support of their positions, ordinarily oral argument would not be required). After review, the Magistrate recommends the District Court, after its independent review of the record, enter an order GRANTING IN PART and DENYING IN PART Dell Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Plaintiff's Amended Complaint, Plaintiff is a resident of Yavapai County, Arizona who purchased a Dell computer from Dell Inc. in September, 2000.[2] (Doc. No. 33, pg. 3.) At the time of purchase, Dell, Inc., on behalf of itself and the other Defendants, represented to Plaintiff that the purchase price of her computer included next business day onsite warranty repair service with a live technician for the first year of her warranty period. (*Id.*) Dell, Inc. also represented to Plaintiff that the purchase price of her computer included next business day warranty replacement parts. (*Id.*) Defendants warranted that the replacement parts would be new and of the same quality as the parts being replaced. (*Id.*, pg. 9.) Defendants Dell, Inc., BancTec and Qualxserv provide the onsite warranty repair work and replacement parts and components contemplated by these warranties. (*Id.*, pg. 5.) Dell, Inc. sold Plaintiff a two-year extension of these warranties at a cost of $60-70 per year. (*Id.*, pgs. 3, 5.)

Beginning in June, 2003, Plaintiff notified Defendants orally and in writing of her need for next day onsite warranty repair service and parts. (*Id.*, pg. 7.) Defendants assisted

---

[2] The document attached to the Amended Complaint which Plaintiff claims is a copy of her invoice – although it states in large capital letters "THIS IS NOT AN INVOICE" – lists August 31, 2000 as the order date and September 1, 2000 as the invoice date. (Doc. No. 33, Ex. 1.)

- 2 -

Plaintiff with her computer repair through November, 2003,[3] but failed to provide next day onsite warranty repair service or next day new replacement parts. (*Id.*) Instead, Defendants told Plaintiff that the warranties entitled her to next business day onsite warranty repair only if Dell could determine ahead of time that a part needed to be replaced. (*Id.*, pg. 8.) Defendants also informed Plaintiff that she could not receive next-day service and repair because no service technician was located near her residence. (*Id.*, pg. 10.) Defendants used refurbished replacement parts for warranty repairs and charged Plaintiff for the cost of a new part if the part being replaced was not timely returned to Defendants. (*Id.*, pg. 9.) In the fall of 2007, Plaintiff discovered – through an unrelated legal proceeding involving Dell, Inc. – that at the time of purchase, Defendants failed to disclose to Plaintiff that she had the option to purchase her computer for less money without the first year of onsite warranty service. (*Id.*)

On November 8, 2007, Plaintiff filed a class action suit against Defendants in Pima County Superior Court. (Doc. No. 1.) Dell Defendants removed the action to federal court on February 1, 2008, alleging federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). (*Id.*) Plaintiff moved to remand the case back to state court; that motion was denied. (Doc. Nos. 31, 55.) On March 13, 2008, Plaintiff amended her Complaint ("Amended Complaint"). (Doc. No. 33.) Plaintiff's Amended Complaint alleges that all plaintiff class members received substantially identical warranties from Defendants and, like Plaintiff, did not receive the full benefit of their warranties. (Doc. No. 33, pgs. 7, 10.) The Amended Complaint further alleges that the class members were absent from two other nationwide class action lawsuits filed against Defendants and alleging similar warranty-related claims. (*Id.*) The Amended Complaint alleges nine claims; each claim is alleged against all Defendants: (1) consumer fraud in violation of Arizona's Consumer Fraud Act,

---

[3] According to Plaintiff, Dell Defendants, as a matter of business practice, customarily extend the warranty period for three months for pending warranty issues of which they had notice prior to the expiration of the warranty period, and did so for Plaintiff. (Doc. No. 33, pg. 7.)

- 3 -

A.R.S. § 44-1521, *et seq.*; (2) false advertising;[4] (3) breach of express warranty; (4) breach of express warranty in violation of A.R.S. § 47-2313; (5) breach of contract; (6) fraud; (7) fraud by nondisclosure; (8) restitution for unjust enrichment; and (9) declaratory judgment.

## STANDARD OF REVIEW

The dispositive issue raised by a Rule 12(b)(6) motion is whether the facts as pleaded, if established, support a valid claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989). In reviewing a motion to dismiss for failure to state a claim, this Court's review is limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Id*. A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id*.

## DISCUSSION

Dell Defendants argue that Plaintiff's Amended Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) because Plaintiff's action is barred by the relevant statutes of limitations. In the alternative, Dell Defendants argue that Plaintiff does not plead her fraud claims with the particularity required by Rule 9, Fed. R. Civ. P. and that Plaintiff's breach of contract claims must be dismissed for failure to allege the terms of the contract. Finally, Dell Defendants incorporate by reference the arguments for dismissal presented in their Motion to Dismiss Plaintiff's original Complaint.[5]

---

[4] Arizona law does not recognize a free-standing claim for false advertising. Rather, the claim is an element of a claim brought under Arizona's Consumer Fraud Act, A.R.S. § 44-1521, *et seq. See Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. App. 1979). Count 2 of Plaintiff's complaint will therefore be considered part of Count 1 for purposes of this Report and Recommendation.

[5] Dell Defendants' Motion to Dismiss Plaintiff's original complaint was dismissed as moot following the filing of Plaintiff's Amended Complaint. (Doc. No. 49.)

1 **A.     Portions of Plaintiff's Amended Complaint are Facially Barred by the Statute of Limitations**

The statutes of limitations for Plaintiff's claims range from one year to four years. *See Murry v. Western American Mortg. Co.*, 604 P.2d 651, 654 (Ariz. App. 1979) (one-year statute of limitations for consumer fraud action brought pursuant to A.R.S. § 44-1521, *et seq.*); A.R.S. § 12-550 (applying general limitation of four years to actions other than for recovery of real property, which would include common law breach of warranty claim); *Drew v. United Producers and Consumers Coop.*, 778 P.2d 1227, 1230 (Ariz. 1989) (four year statute of limitations for statutory breach of warranty claims brought pursuant to A.R.S. § 47-2313); A.R.S. § 47-2725 (four year statute of limitations for contract actions); A.R.S. § 12-543 (three year statute of limitations for fraud claims); *Frew v. Coit Services, Inc.*, 2007 WL 2903026 (D. Ariz. 2007) (applying the three-year statute of limitations set forth in A.R.S. § 12-543 to unjust enrichment claims); *Vales v. Kings Hill Condominium Ass'n*, 125 P.3d 381, 386 (Ariz. App. 2005) (stating that the statute of limitations for a contract claim applies to a parallel declaratory relief claim). For each of the claims alleged by Plaintiff, the statute of limitations began to run when the Plaintiff discovered or with reasonable diligence could have discovered the claim. *See Alaface v. National Inv. Co.*, 892 P.2d 1375, 1379 (Ariz. App. 1994) (causes of action for statutory fraud and common law fraud accrue when the plaintiff discovers or could have discovered the fraud); *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 898 P.2d 964, 966-67 (Ariz. 1995) (Arizona courts generally apply the discovery rule to all statutes of limitations unless directed otherwise by statute).

Applicable statutes of limitation are considered on a claim by claim basis and sub-claim by sub-claim basis where appropriate. *See Trustees For Alaska Laborers-Construction Industry Health and Sec. Fund v. Ferrell*, 812 F.2d 512, 517-19 (9th Cir. 1987). In this case, Plaintiff's claims arise from three different allegations of wrongdoing by Dell Defendants: (1) Dell Defendants did not provide Plaintiff with next business day service and repairs, (2) Dell Defendants provided Plaintiff with refurbished, rather than new, parts, and (3) Dell

- 5 -

1  Defendants did not inform Plaintiff at the time of purchase that she could buy her computer
2  for less money if she elected not to purchase the initial one-year warranty.

### 1. Next day service and repair

As to the first of these events, Plaintiff was on notice that Dell had committed fraud and/or breached its warranties one business day after Dell failed to provide Plaintiff with in-home service and repair. The alleged warranties specifically provided that Plaintiff would receive next business day service and repairs; those warranties were breached (and appeared fraudulent) when Plaintiff reported a computer problem and did not receive services on the next business day. Plaintiff alleges that she reported a computer problem in June, 2003, thus her statute of limitations began to run sometime in June, 2003. Plaintiff's complaint was filed on November 8, 2007, more than four years after Plaintiff discovered her claims with respect to Dell Defendants' failure to provide next business day service and repair. Thus, each Count of Plaintiff's Amended Complaint is facially barred to the extent it is based on Plaintiff's assertion that Dell Defendants did not provide next business day service or parts.

### 2. Refurbished parts

Plaintiff does not specifically allege when she received refurbished, rather than new, parts from Dell Defendants. Plaintiff does allege, however, that Dell Defendants continued to assist her with her computer through November, 2003. Because the Court must construe all allegations of material fact in the complaint in the light most favorable to the nonmoving party, the Court concludes that Plaintiff may have received refurbished parts for the first time after November 8, 2003, and thus within the four year limitations periods of her claims for common law breach of warranty, statutory breach of warranty, breach of contract and declaratory relief. Accordingly, Counts 3, 4, 5 and 9 survive Dell Defendants' Motion to Dismiss on statute of limitations grounds to the extent that they allege that Dell Defendants breached their warranties and/or contracts with Plaintiff by providing her with refurbished, rather than new, parts.

### 3. Failure to notify of option to opt-out of initial warranty

Plaintiff alleges that she discovered in the fall of 2007 that at the time of purchase, Defendants failed to disclose to Plaintiff that she had the option to purchase her computer for less money without the first year of onsite warranty service.[6] Because her original Complaint was filed within months of this discovery, each of Plaintiff's claims survive to the extent that they allege that Plaintiff was not advised of her ability to opt-out of the initial warranty.

### B. Other class actions do not toll the statute of limitations with respect to Plaintiff's facially-barred claims

Plaintiff contends that her facially-timed-barred claims should survive Defendants' Motion to Dismiss because the statute of limitations is tolled during the pendency of a related class-action in which the plaintiff is an unnamed class member, and in this case two related class actions preceded the present case.

In her Amended Complaint, Plaintiff alleges that she was an absent class member in two previous actions filed on behalf of nationwide plaintiffs against the same Defendants in this case, alleging many of the same warranty-related claims that are alleged in this action: *Smulders v. Dell*, No. BC 286075 (Cal. Super. Ct. Los Angeles Cty. and *Provencher v. Dell*, No. SA CV 05-878 (U.S.D.C., D.C. Cal.). (Doc. No. 33, pg. 7.)  The Court takes judicial notice of both *Smulders* and *Provencher*. *See* Fed. R. Evid. 201(d) (the Court "shall take judicial notice if requested by a party and supplied with the necessary information."); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (a court may take judicial notice of matters of public record without converting a

---

[6] Dell Defendants argue that Plaintiff bears the burden of proving that she could not have discovered her claims arising from Dell's failure to notify Plaintiff of the right to opt-out of the warranty any earlier, and that Plaintiff has failed to meet this burden. (Reply, footnote 2.) At this stage in the litigation, however, Plaintiff has met that burden by alleging that she discovered her right to the opt out in the Fall of 2007 through an unrelated legal proceeding and that the hidden charge for the initial warranty was never disclosed to her.

- 7 -

motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute). *Smulders* was filed on December 4, 2002 in Superior Court, Los Angeles County, California, alleging causes of action arising under Texas state law. (Doc. No. 46, Ex. A.)  On April 1, 2004, the Smulders plaintiffs were ordered to arbitrate their claims against Dell pursuant to their agreement with Dell.  (Doc. No. 46, Ex. C.)  The case was dismissed without prejudice on July 27, 2004.  (Doc. No. 33, pg. 7.)  *Provencher* was filed on August 8, 2005 in federal district court in California, alleging causes of action arising under Texas state law.  (Doc. No. 46, Ex. B.)  The plaintiff in *Provencher* was ordered to individual arbitration on January 3, 2006.  (Doc. No. 33, pg. 7; Doc. No. 46, Ex. D.)

In *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974), the United States Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."[7]  This holding was extended by the Supreme Court in *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983); the *Crown* Court held that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." Citing to *American Pipe* and *Crown*, Plaintiff contends that the statutes of limitations for her claims were tolled during the pendency of these proceedings and therefore the claims stated in the present action are timely.[8]

---

[7] Although the Court looks to state law in determining the statutes of limitations for Plaintiff's state law claims, Arizona courts view federal cases construing Rule 23 of the Federal Rules of Civil Procedure as authoritative because Rule 23, Ariz. R. Civ. P., is identical to the federal rule. *See ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 50 P.3d 844, 848 n.2 (Ariz. App. 2002) (citing *Lennon v. First Nat'l Bank of Arizona,* 21 Ariz.App. 306, 308 n. 3, 518 P.2d 1230, 1232 n. 3 (1974).

[8] On July 9, 2008, Plaintiff filed a Notice of Supplemental Authority citing to *Pesness v. Arsenault*, — F.3d —, 2008 WL 2579197 (9th Cir. 2008), which holds that the doctrine of equitable tolling may extend the time for filing under the statute of limitations and involve determination of factual matters such that timeliness is not ordinarily amenable to resolution under Rule 12(b)(6). The holding in *Pesness* does not apply in this case.  The class-action tolling

1 Plaintiff's argument is without merit for several reasons. First, as a threshold matter, the *Provencher* action has no effect on the statute of limitations analysis in this case. *Provencher* was preceded in time by *Smulder*. Plaintiff may not stack *Provencher* on top of *Smulder* to elongate any tolling effect of previous, related class-action litigation.[9] *See Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985) ("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely, nor have we found any. To the contrary, it has repeatedly been noted that . . . the tolling rule [in class actions] is a generous one, inviting abuse . . . and to construe the rule as plaintiffs would have us presents just such dangers.")

Second, it is unlikely that Arizona courts would recognized the tolling effect of a related class action filed in another jurisdiction. Although Arizona has not expressly addressed this issue, numerous other jurisdictions have held that tolling only applies based on a previous action in a Court of the same state and forum. *See Clemens v. DaimlerChrysler Corp.,* --- F.3d ----, 2008 WL 2446317, *4-5 (9th Cir., June 19, 2008); *Ravitch v. Pricewaterhouse,* 793 A.2d 939, 943-44 (Pa. Super. 2002) (collecting cases).[10] The rationale behind this trend is that:

> [t]olling the statute of limitations for individual actions filed after the dismissal of a class action is sound policy when both actions are brought in the same court system. In such instances, failing to suspend the limitations period would burden the subject court system with the protective filings described by the Supreme Court in *American Pipe* and *Crown, Cork*.... Tolling a state statute

---

discussed in *American Pipe* and *Crown* is a species of legal tolling, not equitable tolling. *See, e.g. Champion v. Homa*, 2008 WL 900967, *10 (M.D. Ala. March 31, 2008) ("This doctrine is sometimes referred to as "legal tolling" or *American Pipe* tolling, and it is predicated on a different legal justification than "equitable tolling.").

[9] Plaintiff essentially concedes this argument by failing to address it in her Response.

[10] Dell Defendants also cite to *In re Copper Antitrust Litigation*, 436 F.3d 782, 793-94 (7th Cir. 2006) in support of their argument that many jurisdictions do not recognize cross-jurisdictional tolling. The Court finds the holding in *In re Copper* unhelpful to the present case. *In re Copper* does not reject cross-jurisdictional tolling in all circumstances, but instead holds that a state law class action in state court does not toll the statute of limitations for federal claims brought as a federal class action in federal court, even if the federal class action and state class action are related. *Id.* at 795-96.

- 9 -

> of limitations during the pendency of a federal class action, however, may actually increase the burden on that state's court system, because plaintiffs from across the country may elect to file a subsequent suit in that state solely to take advantage of the generous tolling rule. Unless all states simultaneously adopt the rule of cross-jurisdictional class action tolling, any state which independently does so will invite into its court a disproportionate share of suits which the federal courts have refused to certify as class actions after the statute of limitations has run.

*Ravitch*, 793 A.2d at 944 (citing *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1105 (Ill. 1998). Generally, the only jurisdictions that recognize cross-jurisdictional tolling in the class action context are those jurisdictions which permit cross-jurisdictional tolling for individual actions. *Id*. The Court is unaware of any Arizona case law suggesting that Arizona is such a state.[11] Moreover, the Ninth Circuit has recently held that it will not import the doctrine of cross-jurisdictional tolling into state law where the state has not expressly adopted such cross-jurisdictional tolling. *See Clemens,* 2008 WL 2446317 at *4-5. Thus, under current federal and state law, it would be improper for this Court to conclude that cross-jurisdictional tolling applies in the present case.

Third, even if cross tolling were recognized in Arizona, it would not save Plaintiff's time-barred class claims. A related class action tolls the statute of limitations for individual claims only, not for subsequently-filed class actions. *See Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987). Plaintiff argues that the Ninth Circuit implicitly modified the *Robbin* holding in *Catholic Social Services, Inc. v. I.N.S.*, 232 F.3d 1139, 1149 (9th Cir. 2000), where the court applied class action tolling and allowed a subsequent class action to go forward in part on the ground that the plaintiffs, unlike the plaintiffs in *Robbin*, were not attempting to re-litigate an earlier denial of class certification. According to Plaintiffs, because the *Smulder* court never expressly denied certification of the class, *Smulder* tolled

---

[11] Plaintiff's claim that the Arizona Supreme Court adopted cross-jurisdictional tolling for individual actions in *Hosogai v. Kadota*, 700 P.2d 1327, 1333 (Ariz. 1985) is incorrect. In *Hosogai*, the Arizona Supreme Court recognized that grounds for equitable tolling of a statute of limitations may exist when "an identical action is filed in one court after technical dismissal of the action in another court for lack of jurisdiction or venue." The Court did not discuss cross-jurisdictional tolling in actions that did not involve identical parties, or class actions. Furthermore, Hosogai was superseded by statute when Arizona enacted its own savings statute. *See Jepson v. New*, 792 P.2d 728 (Ariz. 1990).

- 10 -

1  the statutes of limitations for Plaintiff's individual and class claims. The problems with this
2  argument are two-fold. First, enforcement of an arbitration clause is the equivalent of
3  denying class certification for purposes of statute of limitations analysis. *See Veliz v. Cintas*
4  *Corp.*, 2007 WL 841776, *7 (N.D. Cal. 2007). Second, *Catholic School Services* may be
5  interpreted as a unique case which does not undermine the essential holding in *Robbin*. In
6  *In re Dynamic Random Access Memory (Dram) Antitrust Litigation*, 516 F.Supp.2d 1072,
7  1103 (N.D. Cal. 2007), the court held that in cases where no decision regarding class
8  certification has been made in a prior class action, the Ninth Circuit's policy interests with
9  respect to federal class action litigation is best served by refusing to toll the statute of
10 limitations based on the filing of a previous related class action. The court noted that "if it
11 were to conclude otherwise, and class tolling were held to apply, then plaintiffs would
12 essentially be permitted to file class action after class action, until the state court class actions
13 finally decide either the merits of the earlier cases, or the class certification issue." *Id*. This
14 Court finds that reasoning to be sound. Thus, even if there were no authority to suggest that
15 the enforcement of an arbitration clause is the equivalent of denying class certification for
16 purposes of statute of limitations analysis, the Court would not interpret *Catholic School*
17 *Services* to mean that Plaintiff's class claims were tolled by *Smulder*. Accordingly, the Court
18 rejects Plaintiff's argument that either *Smulder* or *Provencher* tolled Plaintiff's statute of
19 limitations.

20       Some of Plaintiff's claims are facially time-barred; those claims which survive
21 Defendants' statute of limitations challenge are as follows:

- **Counts 1 & 2:** Dell Defendants committed fraud in violation of Arizona's Consumer Fraud Act, A.R.S. § 44-1521, *et seq.*, when they failed to inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer;

- **Count 3:** Dell Defendants breached an express warranty under Arizona common law when they used refurbished parts to repair Plaintiff's computer and failed to

- 11 -

inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer;

- **Count 4:** Dell Defendants breached an express warranty in violation of A.R.S. § 47-2313 when they used refurbished parts to repair Plaintiff's computer and failed to inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer;

- **Count 5:** Dell Defendants breached their contract with Plaintiff when they used refurbished parts to repair Plaintiff's computer and failed to inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer;

- **Count 6:** Dell Defendants committed common law fraud when they failed to inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer;

- **Count 7:** Dell Defendants committed common law fraud by nondisclosure when they failed to inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer;

- **Count 8:** Dell Defendants owe Plaintiff restitution for unjust enrichment because they failed to inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer; and

- **Count 9:** Plaintiff is entitled to declaratory relief due to Dell Defendants' use of refurbished parts to repair Plaintiff's computer and failure to inform Plaintiff that she could opt-out of the initial warranty and pay less for her computer.

Although these claims are timely, the Court concludes in the following section that Defendants are entitled to dismissal of portions of these claims pursuant to Rule 12(b)(6), Fed. R. Civ. P.

**C.  Defendants are entitled to dismissal of Plaintiff's fraud and unjust enrichment claims, and portions of Plaintiff's contract claims, pursuant to Rule 12(b)(6), Fed. R. Civ. P.**

**1.  Fraud claims**

Plaintiff asserts various fraud claims in Counts 1, 2, 5 and 7. Defendants contend that Plaintiff has failed to plead those claims with particularity as required by Rule 9(b), Fed. R. Civ. P.[12]

Rule 9(b), Fed. R. Civ. P., requires Plaintiffs to state misrepresentation claims with particularity. This heightened pleading requirement requires Plaintiffs to allege the time, place and content of the alleged misrepresentation, as well as an explanation as to why the statement or omission complained of was false or misleading. *See Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). Plainly stated, averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted).

As a threshold matter, the Court rejects Plaintiff's argument that Rule 9(b) does not apply to her statutory fraud claims. Rule 9(b), which refers unequivocally to "fraud," makes no distinction between common law fraud and modern statutory causes of action based on fraud. *Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 644 (D. Ariz. 2001) (citing *In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, 1545 n. 3 (9th Cir.1994)). This Court has already applied Rule 9 to Arizona's consumer-fraud statute. *Id.*

In terms of the "who, what, when, where, and how" of her fraud claims, Plaintiff has identified Dell Defendants as the "who." The remaining elements are less clearly stated, but, construing the Amended Complaint in the light most favorable to the Plaintiff, the Court concludes that Plaintiff has complied with Rule 9(b) as to the "what, when, and where" of her fraud claims. "What" Dell Defendants allegedly did was represent to Plaintiff in writing

---

[12] Because this case is in federal court, the manner in which Plaintiff must allege her fraud claims is governed by the Federal Rules of Civil Procedure. *See Taylor v. United States*, 821 F.2d 1428, 1432 (9th Cir.1987) (stating that although state substantive law governed the plaintiff's claims under the Federal Tort Claims Acts, the Federal Rules of Civil Procedure determined the manner and time in which defenses could be raised and when waiver occurred).

- 13 -

that (1) there was no additional consideration required for next business day onsite warranty service and parts for the first year of the warranty period and (2) Dell Defendants would use only new, top quality replacement parts and components for warranty repairs. (Doc. No. 33, pgs. 8-9.) These representations were made "when" Plaintiff purchased her computer in September, 2000; Plaintiff's Amended Complaint states that the representations were communicated to her "at or around the time" her computer was purchased.[13] (*Id*. at pgs. 3, 10.) The computer was purchased in Yavapai County, Arizona, "where" Plaintiff is a resident. (*Id*. at pg. 3.)

However, Plaintiff's Amended Complaint lacks requisite specificity in two areas. First, Plaintiff has not adequately alleged an explanation as to why the statements or omissions complained of were false or misleading. According to Plaintiff, Dell Defendants' representations were false because Dell Defendants secretly charged Plaintiff for her first year of onsite warranty service. (Doc. No. 33, pg. 10.) Plaintiff has not presented any specific information stating when she was charged or how much she was charged. In addition, Plaintiff alleges that Dell Defendants did not provide top quality, new replacement parts and components under their warranties, but instead provided used, recycled parts and components of lesser quality but listed the price of the replacement part on an invoice as though it were new. (*Id*. at pgs. 10-11.) Plaintiff does not provide any information regarding when she requested a new part, what the new part was, whether that part was covered by the warranty or when she received the replacement part from Dell. All of this information would presumably be available to Plaintiff as a result of her computer purchase and attempts to invoke her warranty.

---

[13] Dell Defendants contend that Plaintiff has not adequately pled her reliance on the representations because the Amended Complaint states that the representations were communicated to her "at or around the time" her computer was purchased. According to Defendants, this language suggests that the representations might have been made *after* purchase, thereby negating the possibility of reliance prior to purchase. Such a reading of the Amended Complaint, however, lies contrary to this Court's directive to construe the complaint in the light most favorable to the Plaintiff. Therefore the Court rejects this argument.

- 14 -

Second, Plaintiff's Amended Complaint is deficient because it does not allege with any specificity "how" the representations were made to Plaintiff. Plaintiff alleges that the representations were made in writing, but then refers generally to "written warranty and sales documentation, including the invoice, as well as on its Web site and mail order catalogs." (Id. at pgs. 8-10). One invoice was attached to the Amended Complaint, but it contains no warranty language. Presumably, Plaintiff would be in possession of or could identify any written warranty documentation on which she relied; the absence of any specific allegation regarding how the representations were communicated is somewhat inexplicable. Moreover, there is a direct conflict between Plaintiff's statement that warranty information was recited on her invoice, and the invoice (which does not contain any warranty information) attached to her Amended Complaint. Thus, the Amended Complaint fails to provide Defendants with particular "how" allegations to which they are entitled under Rule 9(b), Fed. R. Civ. P., and Defendants are entitled to dismissal of Counts 1, 2, 5 and 7.

Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. *Id*. at 1108. Accordingly, the Magistrate recommends that Plaintiff be afforded an opportunity to amend her complaint for a second time in order to correct the aforementioned deficiencies.

Defendants argue in favor of dismissal with prejudice because Plaintiff has already amended her complaint once.[14] Defendants note that in her original Complaint, Plaintiff

---

[14] In addition, Dell Defendants make a cursory argument in favor of dismissal of Plaintiff's fraud claims on the ground that the claims are barred by Arizona's economic loss rule, which bars a party from recovering damages in tort unless accompanied by physical harm, either in the form of personal injury or secondary property damage. (Doc. No. 45, pg. 15.) The Court declines to apply Arizona's economic loss rule in the present case. Some Arizona case law suggests that the economic loss rule may only apply in construction defect cases. *See Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 677 P.2d 1292 (Ariz. 1984); *Colberg v. Rellinger*, 770 P.2d 346 (Ariz.App. 1988); *Hayden Business Center Condominiums Ass'n v. Pegasus Development Corp.,* 105 P.3d 157, 159 (Ariz.App. 2005). Other Arizona decisions have permitted recovery of purely economic damages sounding in tort. *See Kuehn v. Stanley*, 91 P.3d

- 15 -

1 made essentially the same allegations regarding why the representations were false and how
2 the representations were made by Dell Defendants. (Doc. No. 1, Ex. A, pgs. 6-8.) In their
3 first Motion to Dismiss, Dell Defendants argued that Plaintiff had failed to allege with
4 specificity why the allege representations were false and what warranty documents she relied
5 on prior to purchase. (Doc. No. 28, pgs. 5-6.) Plaintiff then amended her Complaint as of
6 right, but failed to address these deficiencies.

It is worth noting that Plaintiff need not be afforded an opportunity to amend her complaint to correct deficiencies in the misrepresentation claims if such amendment would be futile. *See In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002). The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). If, after a second amendment, Plaintiff does not identify additional facts which bring her complaint into compliance with Rule 9(b), Fed. R. Civ. P., such a failure is a strong indication that the Plaintiff has no additional facts to plead. *See In re Vantive Corp. Securities Litigation*, 283 F.3d 1079, 1097-98 (9th Cir. 2002); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 991 (9th Cir.1999) (denying leave to amend where plaintiff failed to offer additional facts which might cure defects in complaint); *In re VeriFone Sec. Litig.*, 11 F.3d 865, 872 (9th Cir.1993) (same).

**2. Contract claims**

Counts 3, 4 and 5 of Plaintiff's Amended Complaint allege claims for breach of warranty and/or contract. Defendants, relying on *Snyder v. Betsch*, 109 P.2d 613, 616 (Ariz. 1941), contend that Plaintiff has failed to allege the terms of her contract "in haec verba" or in legal effect, and therefore these Counts should be dismissed.

*Snyder v. Betsch* is a 67 year-old case which makes an off-hand reference to the "general rule" that a complaint should "state the contents of a contract in substance." *Id.*

---

346, 349 (Ariz.App. 2004); *Paradigm Ins. Co. v. Langerman Law Offices, P.A.*, 24 P.3d 593, 600 (Ariz. 2001) *Luce v. State Title Agency, Inc.*, 950 P.2d 159, 161 (Ariz. App. 1997); *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 339 (Ariz.App. 1996).

- 16 -

1  This Court is not aware of any more recent Arizona case law adopting this rule.
2  Furthermore, even if Plaintiff is required under Arizona law to allege the substantive terms
3  of her contract with Dell Defendants, she has done so in Paragraphs 44 and 53 of her
4  Amended Complaint.

5  Dell Defendants are nevertheless entitled to dismissal of those portions of Plaintiff's
6  contract claims arising from Dell Defendants' alleged breach of a warranty provision
7  promising to use "new replacement parts and components." (Doc. No. 33, pg. 9.) Although
8  Plaintiff alleges that Dell Defendants warranted that Plaintiff would receive new replacement
9  parts, she does not attach a copy of that warranty to her Amended Complaint. Meanwhile,
10 Dell Defendants have requested that the Court take judicial notice of their standard warranty,
11 which provides that "Dell uses new and reconditioned parts made by various manufacturers
12 in performing limited warranty repairs and building replacement parts." (Doc. No. 46, Ex.
13 F.) A district court ruling on a motion to dismiss may consider documents "whose contents
14 are alleged in a complaint and whose authenticity no party questions, but which are not
15 physically attached to the [plaintiff's] pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th
16 Cir.1994) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119
17 (9th Cir. 2002). In this case, Plaintiff has not challenged the authenticity of the warranty
18 document provided to the Court by Dell Defendants. Plaintiff's claims arising from the
19 allegation that Dell Defendants promised new replacement parts cannot survive in the face
20 of uncontradicted warranty language that expressly contradicts that allegation.

21 The policy behind the rule permitting judicial notice of contract documents referenced
22 in a complaint is to prevent plaintiffs from defeating a Rule 12(b)(6) motion by deliberately
23 omitting references to documents upon which their claims are based. *See Parrino v. FHP,*
24 *Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (*superseded by statute on other grounds as stated in*
25 *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006). The Court
26 questions whether Plaintiff failed to attach her warranty to her Amended Complaint in order
27 to avoid a Rule 12(b)(6) dismissal. It is doubtful, in light of the standard warranty language
28 provided to the Court by Dell Defendants, that any amendment could save Plaintiff's

- 17 -

1 complaint with respect to claims arising from Dell Defendant's alleged promise to provide
2 only new replacement parts. Nevertheless, the Magistrate recommends that Plaintiff be
3 afforded an opportunity to amend her complaint and provide the Court with a copy of a
4 warranty that is consistent with the allegations in her complaint.

### 3. Unjust Enrichment

In order to state a claim for unjust enrichment, Plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy. *See Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485 (Ariz. App. 2002). Plaintiff alleges that Dell Defendants were unjustly enriched when they received payment for the warranties without providing the promised warranty services. Plaintiff has a legal remedy for that injury: a claim for breach of contract. When "a specific contract ... governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166 (Ariz. 1976). Accordingly, Plaintiff cannot state a claim for unjust enrichment.

### 4. Declaratory Judgment

In Count 9, Plaintiff seeks a declaration of the parties' respective rights and obligations under the warranties. However, Plaintiff has not alleged that her warranty is still in effect or that she is likely to invoke the warranty again. A declaratory judgment proceeding to obtain an advisory judgment or to answer a moot or abstract question will not lie. *See Manning v. Reilly*, 408 P.2d 414, 418 (Ariz. App. 1965) (citing 22 Am.Jur.2d, Declaratory Judgment, § 10.) Plaintiff's claim for declaratory judgment is moot and should be dismissed.

Plaintiff admits that her warranties are no longer in effect, but contends that she is acting on behalf of a class and that other class members currently have warranties in effect with Dell Defendants. This argument does not save Plaintiff's claim for declaratory judgment. If a plaintiff is not entitled to the relief sought, the plaintiff has failed to allege an

actual case or controversy and the Court need not consider whether the action may be maintained on behalf of a class. *See Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974).

**RECOMMENDATION**

The Magistrate Judge recommends the District Court, after is independent review of the record, enter an order GRANTING IN PART and DENYING IN PART Dell Defendants' Motion to Dismiss. (Doc. No. 44.)

The Magistrate Judge recommends dismissal of the claims against Dell Defendants for fraud, unjust enrichment and declaratory relief.

The Magistrate Judge further recommends dismissal of the claims against Dell Defendants arising from Dell Defendants' alleged warranties specifically providing that Plaintiff would receive next business day service and repairs.

The Magistrate Judge further recommends dismissal of those portions of Plaintiff's contract claims arising from Dell Defendants' alleged breach of a warranty provision promising to use "new replacement parts and components."

The Magistrate Judge further recommends that Plaintiff be permitted to file an amended complaint consistent with this Report and Recommendation, Rule 8, Fed. R. Civ. P. and any subsequent order by the district court.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-08-0096-TUC-CKJ.**

DATED this 20th day of August, 2008.

_____
Jennifer C. Guerin
United States Magistrate Judge