IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Newport,          ) | |
|                          ) | CV-08-00096-TUC-CKJ(JCG) |
|     Plaintiff,           ) | |
|                          ) | **REPORT AND RECOMMENDATION** |
| vs.                      ) | |
|                          ) | |
| Dell, Inc., et al.,      ) | |
|                          ) | |
|     Defendants.          ) | |
|                          ) | |

Pending before the Court is a Motion to Dismiss filed by Defendant Qualxserv, LLC on April 29, 2008.[1]  (Doc. No. 43.)   Plaintiff filed a response on June 2, 2008. (Doc. No. 51.)  Qualxserv filed a reply on June 9, 2008.  (Doc. No. 52.)

Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a report and recommendation. The Magistrate declined to hear oral argument in this matter. *See Mahon v. Credit Bureau of Placer County, Inc.,* 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memorandum of law and evidence in support of their positions, ordinarily oral argument

---

[1] On the same day that Qualxserv moved for dismissal, Defendants Dell, Inc., Dell Products L.P., Dell Marketing L.P. and Dell USA L.P. ("Dell Defendants") also filed a Motion to Dismiss. (Doc. No. 44.) The two Motions present similar arguments and Qualxserv moves to dismiss in part for the reasons stated in Dell Defendants' Motion. In a Report and Recommendation filed on August 21, 2008, this Court recommended that Dell Defendants' Motion to Dismiss be granted in part and denied in part. (Doc. No. 62.)

would not be required). After review, the Magistrate recommends the District Court, after its independent review of the record, enter an order granting Defendant's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Qualxserv seeks dismissal of a class action complaint filed by Plaintiff on November 8, 2007. According to Plaintiff's Amended Complaint, Plaintiff is a resident of Yavapai County, Arizona who purchased a Dell computer from Dell Inc. in September, 2000.[2]  (Doc. No. 33, pg. 3.) At the time of purchase, Dell, Inc., on behalf of itself and the other Defendants, represented to Plaintiff that the purchase price of her computer included next business day onsite warranty repair service with a live technician for the first year of her warranty period.  (*Id*.)  Dell, Inc. also represented to Plaintiff that the purchase price of her computer included next business day warranty replacement parts.  (*Id*.)  Dell, Inc. further warranted that the replacement parts would be new and of the same quality as the parts being replaced.  (*Id*., pg. 9.)  Dell, Inc. sold Plaintiff a two-year extension of these warranties at a cost of $60-70 per year.  (*Id*., pgs. 3, 5.)

Plaintiff alleges that Defendants Dell, Inc., BancTec and Qualxserv provide the onsite warranty repair work and replacement parts and components contemplated by these warranties. (*Id*., pg. 5.) Defendant Qualxserv is a limited liability company engaged in the business of making, marketing, selling, maintaining, repairing, servicing and providing warranty and warranty services, parts and labor to purchasers of Dell computer systems. (*Id*., pg. 6.)  Although Qualxserv was not a party to Plaintiff's warranty, Plaintiff alleges that Qualxserv was obligated to provide warranty repair service and replacement parts and components to other members of the plaintiff class.  Plaintiff further alleges that each of the Defendants has been or is the principal, agent, employee, representative, partner, joint

---

[2] The document attached to the Amended Complaint which Plaintiff claims is a copy of her invoice – although it states in large capital letters "THIS IS NOT AN INVOICE" – lists August 31, 2000 as the order date and September 1, 2000 as the invoice date  (Doc. No. 33, Ex. 1.)

- 2 -

1 venturer and/or co-conspirator of each of the other Defendants and in such capacity or
2 capacities participated in the acts or conduct alleged in the Amended Complaint.

3       Beginning in June, 2003, Plaintiff notified Defendants orally and in writing of her
4 need for next day onsite warranty repair service and parts. (*Id*., pg. 7.) Defendants assisted
5 Plaintiff with her computer repair through November, 2003,[3] but failed to provide next day
6 onsite warranty repair service or next day new replacement parts. (*Id*.) Instead, Defendants
7 told Plaintiff that the warranties entitled her to next business day onsite warranty repair only
8 if Dell could determine ahead of time that a part needed to be replaced. (*Id*., pg. 8.)
9 Defendants also informed Plaintiff that she could not receive next-day service and repair
10 because no service technician was located near her residence. (*Id*., pg. 10.) Defendants used
11 refurbished replacement parts for warranty repairs and charged Plaintiff for the cost of a new
12 part if the part being replaced was not timely returned to Defendants. (*Id*., pg. 9.) In the fall
13 of 2007, Plaintiff discovered – through an unrelated legal proceeding involving Dell, Inc. –
14 that at the time of purchase, Defendants failed to disclose to Plaintiff that she had the option
15 to purchase her computer for less money without the first year of onsite warranty service.
16 (*Id.*)

17       On November 8, 2007, Plaintiff filed a class action suit against Defendants in Pima
18 County Superior Court. (Doc. No. 1.) Dell Defendants removed the action to federal court
19 on February 1, 2008, alleging federal jurisdiction under the Class Action Fairness Act of
20 2005 ("CAFA"). (*Id*.) Plaintiff moved to remand the case back to state court; that motion
21 was denied. (Doc. Nos. 31, 55.) On March 13, 2008, Plaintiff amended her Complaint
22 ("Amended Complaint"). (Doc. No. 33.) Plaintiff's Amended Complaint alleges that all
23 plaintiff class members received substantially identical warranties from Defendants and, like
24 Plaintiff, did not receive the full benefit of their warranties. (Doc. No. 33, pgs. 7, 10.) The
25 Amended Complaint further alleges that the class members were absent from two other

26

27     [3] According to Plaintiff, Dell Defendants, as a matter of business practice, customarily extend the warranty period for three months for pending warranty issues of which they had notice prior to the expiration of the warranty period, and did so for Plaintiff. (Doc. No. 33, pg.
28 7.)

- 3 -

nationwide class action lawsuits filed against Defendants and alleging similar warranty-related claims. (*Id.*) The Amended Complaint alleges nine claims; each claim is alleged against all Defendants: (1) consumer fraud in violation of Arizona's Consumer Fraud Act, A.R.S. § 44-1521, *et seq*.; (2) false advertising;[4] (3) breach of express warranty; (4) breach of express warranty in violation of A.R.S. § 47-2313; (5) breach of contract; (6) fraud; (7) fraud by nondisclosure; (8) restitution for unjust enrichment; and (9) declaratory judgment.

## STANDARD OF REVIEW

The dispositive issue raised by a Rule 12(b)(6) motion is whether the facts as pleaded, if established, support a valid claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989). In reviewing a motion to dismiss for failure to state a claim, this Court's review is limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Id*. A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id*.

## DISCUSSION

Qualxserv argues that Plaintiff's Amended Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) because (1) Plaintiff has not alleged a contractual relationship with Qualxserv, (2) Plaintiff has not pled her fraud claims with particularity as required by Rule 9(b), Fed. R. Civ. P., and (3) the arguments presented in Dell Defendants' Motion to Dismiss also apply to Qualxserv.

**A. Qualxserv is entitled to dismissal of Plaintiff's contract claims because Plaintiff admits that she had no contractual relationship with Qualxserv**

Counts 3, 4 and 5 of Plaintiff's Amended Complaint sound in contract. Qualxserv contends that it is entitled to dismissal of these counts because Plaintiff only alleges a

---

[4] Arizona law does not recognize a free-standing claim for false advertising. Rather, the claim is an element of a claim brought under Arizona's Consumer Fraud Act, A.R.S. § 44-1521, *et seq*. *See Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. App. 1979). Count 2 of Plaintiff's complaint will therefore be considered part of Count 1 for purposes of this Report and Recommendation.

- 4 -

1 contractual relationship with Dell Defendants and Banctec, not Qualxserv. Plaintiff's contract
2 claims against Qualxserv hinge on Plaintiff's allegation that other, unnamed class members
3 received warranties promising service by Qualxserv.  According to Qualxserv, Plaintiff has
4 no standing to sue Qualxserv.  In response, Plaintiff admits that she has no contractual
5 relationship with Qualxserv but that she has alleged a conspiracy between Dell Defendants,
6 Banctec and Qualxserv. Therefore, according to Plaintiff, the juridical link doctrine and Rule
7 20, Fed. R. Civ. P. permit Plaintiff to pursue Counts 3, 4 and 5 on behalf of other class
8 members.

9    *1. The juridical link doctrine does not apply in this case*

10   The juridical link doctrine was first recognized in *La Mar v. H&B Novelty & Loan
11 Co.*, 489 F.2d 461, 466 (9th Cir. 1973), when the Court suggested *in dicta* that the named
12 plaintiff in a class action might be able to assert claims against defendants with whom
13 plaintiff has had no dealings in "situations in which all injuries are the result of a conspiracy
14 or concerted schemes between the defendants at whose hands the class suffered injury" or
15 situations "in which all defendants are juridically related in a manner that suggests a single
16 resolution of the dispute would be expeditious."

17   There are several problems with Plaintiff's attempt to invoke the juridical link
18 doctrine in this case.  First, United States Supreme Court case law demonstrates that the
19 juridical link doctrine does not obviate the standing requirement. The question of standing
20 ultimately asks whether litigants are "entitled to have the court decide the merits of the
21 dispute." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Only if plaintiffs have standing to sue
22 do they present a case or controversy between themselves and the defendants within the
23 meaning of Article III of the Constitution. *Steel Co. v. Citizens for a Better Env't*, 523 U.S.
24 83, 102 (1998).  "That a suit may be a class action ... adds nothing to the question of
25 standing, for even named plaintiffs who represent a class 'must allege and show that they
26 personally have been injured, not that injury has been suffered by other, unidentified
27 members of the class to which they belong and which they purport to represent.' " *Lewis v.
28 Casey*, 518 U.S. 343, 357 (1996) (citing *Simon v. Eastern Ky. Welfare Rights Organization*,

426 U.S. 26, 40, n. 20 (1976)). *La Mar* did not consider the juridical link doctrine as an exception to Article III standing. Instead, *La Mar* noted that one of the prerequisites for class actions set forth under Rule 23, Fed. R. Civ. P. requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *La Mar* contemplated application of the juridical link doctrine as an exception to this requirement. *La Mar*, 489 F.2d at 466.

Second, the juridical link doctrine is rarely applied. The cases cited by Plaintiff in support of her claim that the doctrine is "widely accepted and recognized" discuss the doctrine (typically in response to a plaintiff's argument that it should be applied), but do not actually apply it. *See La Mar*, 489 F.2d at 466; *Cashman v. Nationwide Ins. Co. of America*, 2006 WL 908760 at *4 (D. Ariz. 2006); *Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 921 (Ariz. 2005); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 2004 WL 405886 at *2 (S.D. Tex. 2004); *Canady v. Allstate Insurance Co.*, 1997 WL 33384270 at *5-6 (W.D. Mo. 1997).

Third, the few cases cited by Plaintiff which have applied the juridical link doctrine are not applicable in this case. In *In re Gap Stores Securities Litigation*, 79 FRD 283 (N. D. Cal. 1978), the court permitted a plaintiff class to proceed against a defendant class on a claim arising under section 11 of the Securities Act, 15 U.S.C. § 77k, noting that there was no "*La Mar* problem" because the statute did not require privity between purchaser and underwriter and because, due to the structure of the statute, "all the defrauded purchasers can be 'made whole' on their cause of action only when they succeed in bringing all of the underwriters to court." *Id*. at 298. The court did not invoke the doctrine with respect to claims under section 12(2) of the Securities Act because those claims require privity between purchaser and underwriter.[5] Thus, the court's application of the juridical link doctrine depended upon the fact that plaintiffs did not need to be in privity with defendants in order to pursue a statutory claim. Such is not the case here, where Plaintiff must allege privity of

---

[5] Furthermore, *In re Gap* discusses the juridical link doctrine only as it relates to Rule 23, Fed. R. Civ. P., not as an exception to Article III standing.

- 6 -

contract with Qualxserv in order to pursue her contract-based claims. *Thillens, Inc. v. Community Currency Exchange Ass'n of Illinois, Inc.*, 97 F.R.D. 668, 676 (D.C. Ill. 1983) adopted the juridical link doctrine as grounds for certifying a defendant class of highly cohesive and self-organized currency exchanges and their individual owners. *In re Itel Securities Litigation*, 89 F.R.D. 104 (N.D. Cal. 1981) also considered *La Mar's* application solely as it related to certification of a defendant class in a securities case. *Thillens* and *Itel* have no bearing on whether Plaintiff can proceed with contract claims against a party with whom she had no contract. In sum, Plaintiff's case is not akin to the any of the limited types of cases in which courts have actually applied the juridical link doctrine.

　　　　*2.　Rule 20 does not create an exception to standing*

Rule 20, Fed. R. Civ. P. states that "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.**"** Plaintiff contends that she has complied with the requirements of Rule 20 and therefore should be permitted to proceed with her contract claims against Qualxserv.[6]

The Ninth Circuit has not considered the application of Rule 20, Fed. R. Civ. P. proposed by Plaintiff, and thus this Court is left to consider case law from other jurisdictions cited by the parties. Plaintiff relies on an Eleventh Circuit case, *Moore v. Comfed Sav. Bank*, 908 F.2d 834 (11th Cir. 1990) and a district court case adopting *Moore's* reasoning. *See In re Tri-State Crematory Litigation*, 215 FRD 660 (N.D. Ga. 2003). In *Moore*, the plaintiffs' class borrowed money from Land Bank Equity Corporation. *Moore*, 908 F.2d at 836. Land Bank packaged the loans and sold them to savings and loan institutions around the country. *Id.* at 837. Plaintiffs then sued the savings and loan institutions who had purchased their

---

[6] A plain reading of Rule 20, Fed. R. Civ. P. suggests that Plaintiff has failed to comply with the Rule's requirements. On its face, Rule 20 requires Plaintiff to allege a "right to relief." Plaintiff's Amended Complaint does not allege a contractual relationship with Qualxserv, and therefore does not claim a legal right to relief.

1 loans (but not Land Bank, who had declared bankruptcy) under federal and state RICO
2 statutes, alleging that the loans were usurious. *Id*. at 836. The court entered an order *sua*
3 *sponte* joining as additional named defendants all other institutions which held Land Bank
4 loans secured by real property in the state. *Id*. Because none of these additional named
5 defendants held any paper signed by any of the named class plaintiffs, they complained that
6 they should not have been joined as defendants. *Id*. at 837. In considering defendants'
7 argument, the court declined to apply the juridical link doctrine, holding that the only cases
8 to apply it presented a situation in which there was either a contractual obligation among all
9 defendants or a state or local statute requiring common action by the defendants. *Id*. at 838.
10 The court then held, with little explanation or reasoning, that "we are of the view that a
11 proper construction of [Rule 20, Fed. R. Civ. P.] would permit the joinder of all these
12 defendants which acquired their loans from Land Bank." *Id*. at 839.

13 The Court declines to follow *Moore* in this case, for several reasons. First, *Moore*
14 provides no rationale for its decision to apply Rule 20, Fed. R. Civ. P. to permit joinder of
15 the defendants. Second, *Moore* does not consider the standing question, and instead focuses
16 on whether jurisdiction was proper under the Federal Rules of Civil Procedure addressing
17 joinder of parties. *See Dash v. FirstPlus Home Loan Owner Trust* 1996-2, 248 F.Supp.2d
18 489, 503 (M.D.N.C. 2003). Third, as other courts have noted in declining to apply *Moore*,
19 "procedural rules, such as the joinder rules, do not expand the jurisdictional boundaries of
20 federal courts beyond the Article III limitations." *Id*.; *see also Christiansen v. Beneficial*
21 *Nat'l Bank*, 972 F.Supp. 681, 683 n. 2 (S.D.Ga.1997). Standing is a Constitutional
22 requirement, it cannot be overcome by a federal procedural rule. *See Owen Equipment &*
23 *Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("it is axiomatic that the Federal Rules of
24 Civil Procedure do not create or withdraw federal jurisdiction").

25 In sum, this Court concurs with other Circuits which have held that named class
26 representatives must demonstrate standing through a requisite case or controversy between
27 themselves personally and defendants, not merely allege that injury has been suffered by
28 other, unidentified members of the class to which they belong and which they purport to

- 8 -

represent. *See Jackson v. Resolution GGF Oy,* 136 F.3d 1130 (7th Cir.1998); *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir.1993).

**B.  Qualxserv is entitled to dismissal of Plaintiff's fraud claims because Plaintiff has failed to plead those claims with specificity**

Qualxserv argues that Plaintiff has failed to plead her fraud claims with specificity as required by Rule 9(b), Fed. R. Civ. P.  Plaintiff does not respond to that argument in her response and therefore apparently concedes it.  To the extent that Plaintiff implicitly argues that she has adequately alleged fraud claims against Dell Defendants and therefore, pursuant to the juridical link doctrine, has also adequately alleged fraud claims against Qualxserv, Plaintiff is incorrect.  First, for the reasons stated in this Court's Report and Recommendation re: Dell Defendants' Motion to Dismiss, Plaintiff has not stated her fraud claims against Dell Defendants with specificity.  (Doc. No. 62.)  Second, for the reasons stated in Section A, above, the juridical link doctrine does not apply in this case.

**C.  Plaintiff has failed to state a claim for unjust enrichment**

Qualxserv did not expressly argue for dismissal of Plaintiff's claim for unjust enrichment, but incorporated by reference the arguments presented in Dell Defendants' Motion to Dismiss. (Doc. No. 43, pg. 6.) In their Motion to Dismiss, Dell Defendants' argue that Plaintiff cannot state a claim for unjust enrichment against Dell Defendants because Plaintiff's remedy lies in contract.  This argument does not apply to Qualxserv, but Qualxserv is nonetheless entitled to dismissal of Plaintiff's unjust enrichment claim.[7]

In order to state a claim for unjust enrichment, Plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy.  *See Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485 (Ariz. App. 2002). In the present case, Plaintiff has not alleged that Qualxserv was enriched as a result of Plaintiff's impoverishment.  Instead, Plaintiff alleges that Qualxserv was

---

[7] For the reasons stated in this Court's Report and Recommendation re: Dell Defendants' Motion to Dismiss, Qualxserv is also entitled to dismissal of Plaintiff's claim for declaratory relief.

- 9 -

1 unjustly enriched when it received an enrichment at the expense of other, unnamed class
2 members. Plaintiff cannot invoke other class members' alleged entitlement to relief in order
3 to save a claim. If a plaintiff is not entitled to the relief sought, the plaintiff has failed to
4 allege an actual case or controversy and the Court need not consider whether the action may
5 be maintained on behalf of a class. *See Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir.
6 1974). Accordingly, Plaintiff has failed to state a claim against Qualxserv for unjust
7 enrichment.

**D. The pleading deficiencies identified in this Court's Report and Recommendation re: Dell Defendants' Motion to Dismiss also apply to Plaintiff's claims against Qualxserv**

For the reasons stated in sections A and B, above, Plaintiff has failed properly to state her claims against Qualxserv. The Magistrate recommends that Plaintiff be afforded an opportunity to amend her complaint for a second time in order to correct the aforementioned deficiencies. In amending, Plaintiff should be mindful of the pleading deficiencies identified in this Report and Recommendation and the Court's Report and Recommendation re: Dell Defendants' Motion to Dismiss. (Doc. No. 62.) The deficiencies related to the timeliness of Plaintiff's action and the merits of Plaintiff's contract, fraud and declaratory relief claims apply with equal weight to Plaintiff's claims against Qualxserv.

**RECOMMENDATION**

The Magistrate Judge recommends the District Court, after is independent review of the record, enter an order GRANTING the Motion to Dismiss filed by Defendant Qualxserv, LLC on April 29, 2008. (Doc. No. 43.)

The Magistrate Judge further recommends that Plaintiff be permitted to file an amended complaint consistent with this Report and Recommendation, Rule 8, Fed. R. Civ. P. and any subsequent order by the district court.

      Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-08-0096-TUC-CKJ.**

      DATED this 21st day of August, 2008.

_____
Jennifer C. Guerin
United States Magistrate Judge