IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAMELA NEWPORT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DELL INC., et al.,<br><br>　　　　　Defendants. | No. CIV 08-096-TUC-CKJ (JCG)<br><br>**ORDER** |

On August 21, 2008, Magistrate Jennifer C. Guerin issued a Report and Recommendation [Doc. # 62] in which she recommended Dell Defendants' Motion to Dismiss [Doc. # 44] be granted in part and denied in part. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within ten days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b). No objections to the Report and Recommendation have been filed.

After an independent review, the Court finds dismissal of the claims as set forth by the magistrate judge to be appropriate. The magistrate judge clearly recommended that Plaintiff's fraud and contract claims, with exception of the claims regarding next business day service and repairs, be dismissed with leave to amend. The magistrate judge, however, did not recommend that Plaintiff's claims for unjust enrichment and a declaratory judgment be dismissed with leave to amend.

In determining whether to permit the opportunity to again amend her complaint, the Court considers the delay caused by repeated amended complaints, prejudice to Defendants,

futility, and bad faith. *See DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The Court finds permitting Plaintiff to again amend her complaint would cause further delay and would prejudice the Defendants. However, the Court also finds that there has been no bad faith. The Court also considers that Newport has already filed an Amended Complaint. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (failure to cure deficiencies by previous amendments is factor to be considered); *Spano v. SAFECO Inc. Co. of America*, 215 F.R.D. 601 (D.Or. 2003), *aff'd*, — F.3d — (9th Cir. 2008).

However, the Court also considers whether further amendments would be futile. As stated by the magistrate judge, Plaintiff has a legal remedy for the injury alleged as a result of the unjust enrichment. Therefore, Plaintiff cannot state a claim for unjust enrichment. *See Brooks v. Valley Nat'l Bank*, 548 P.2d 1166 (Ariz, 1976). Permitting Plaintiff to amend her claim of unjust enrichment would be futile. This claim, therefore, will be dismissed without leave to amend.

As to Plaintiff's claim for a declaratory judgment, Plaintiff admits that her warranties are no longer in effect; therefore, she is not entitled to the relief sought. Dismissal without leave to amend is appropriate.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 62] is ADOPTED;

2. Dell Defendants' Motion to Dismiss [Doc. # 44] is GRANTED IN PART AND DENIED IN PART.

3. Plaintiff's claims regarding failure to provide next day service or repairs is DISMISSED WITHOUT LEAVE TO AMEND.

4. Plaintiff's fraud claims as alleged in Counts 1, 2, 6, and 7 are DISMISSED WITH LEAVE TO AMEND.

5. Plaintiff's contract claims regarding the opt-out of the initial warranty and refurbished parts as alleged in Counts 3, 4, and 5 are DISMISSED WITH LEAVE TO

AMEND.

6. Plaintiff's claim for unjust enrichment is DISMISSED WITHOUT LEAVE TO AMEND.

7. Plaintiff's request for a declaratory judgment is DISMISSED WITHOUT LEAVE TO AMEND.

8. Plaintiff shall file a Second Amended Complaint within twenty (20) days of the filing of this Order.

9. This matter is referred back to Magistrate Judge Jennifer C. Guerin for further pretrial proceedings and report and recommendation in accordance with the provisions of 28 U. S. C. § 636(b)(1) and L.R.Civ.P. 72.1 and 72.2.

DATED this 17th day of October, 2008.

*(signature)*
Cindy K. Jorgenson
United States District Judge