IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PAMELA NEWPORT, )
)
    Plaintiff, )
) No. CIV 08-096-TUC-CKJ (JCG)
vs. )
)
DELL INC., et al., ) **ORDER**
)
    Defendants. )
)

On August 21, 2008, Magistrate Jennifer C. Guerin issued a Report and Recommendation [Doc. # 63] in which she recommended Defendant QualxServ, LLC's Motion to Dismiss [Doc. # 43] be granted. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within ten days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b). Defendant has filed an objection. Plaintiff has not filed an objection and has not responded to Defendant's objection.

*Defendant QualxServ, LLC's Objections*

The magistrate judge has recommended that the Motion to Dismiss filed by Defendant QualxServ, LLC ("Qualserv") be granted, but that the claims be dismissed with leave to amend. QualxServ asserts that the claims should be dismissed without leave to amend.

In determining whether to permit Plaintiff Pamela Newport ("Newport") the opportunity to again amend her complaint, the Court considers the delay caused by repeated amended complaints, prejudice to Defendants, futility, and bad faith. *See DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The Court finds permitting Newport to again amend her complaint would cause further delay and would prejudice the Defendants. However, the Court also finds that there has been no bad faith. The Court also considers that Newport has already filed an Amended Complaint. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (failure to cure deficiencies by previous amendments is factor to be considered); *Spano v. SAFECO Inc. Co. of America*, 215 F.R.D. 601 (D.Or. 2003), *aff'd*, — F.3d — (9th Cir. 2008).

However, the Court also considers whether further amendments would be futile. Qualxserv asserts that, because the juridical link doctrine is not applicable in this case and Fed.R.Civ.P. 20 does not involve a consideration of standing, Newport's contract[1] and fraud claims should be dismissed without leave to amend. QualxServ agrees with the magistrate judge's determination that the juridical link doctrine and Fed.R.Civ.P. 20 does not obviate the need for standing.

Under the juridical link doctrine, a "named plaintiff in a class action might be able to asserts claims against defendants with whom plaintiff has had no dealings in 'situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury' or situations 'in which all defendants are juridically

---

[1] Newport has not objected to the magistrate judge's conclusion that she did not have a contractual relationship with QualxServ. However, her response to the motion to dismiss asserts that this is a question of fact. Newport's First Amended Complaint, however, does not set forth any basis to conclude that there was a contractual relationship between Newport and QualxServ.

- 2 -

1  related in a manner that suggests a single resolution of the dispute would be expeditious.'"
2  Report and Recommendation [Doc. # 63], p. 5, *quoting La Mar v. H & B Novelty & Loan*
3  *Co.*, 489 F.2d 461, 466 (9th Cir. 1973).  Further, Fed.R.Civ.P. 20 permits persons to be
4  jointed in one action as defendants if "(A) any right to relief is asserted against them jointly,
5  severally, or in the alternative with respect to or arising out of the same transaction,
6  occurrence, or series of transactions or occurrences; and (B) any question of law or fact
7  common to all defendants will arise in the action."

8  However, neither the juridical doctrine or Fed.R.Civ.P. 20 address the standing
9  requirement.  Rather, a named plaintiff in a class action "must allege and show that [she]
10 personally [has] been injured, not that injury has been suffered by other, unidentified
11 members of the class to which they belong and which they purport to represent." *Lewis v.*
12 *Casey*, 518 U.S. 343, 357 (1996), *citation omitted*.  Newport's claims that all defendants
13 acted in concert, under theories of agency, partnership, joint venture and/or authority, do not
14 address any injury she suffered by the conduct of QualxServ.  Indeed, QualxServ's motion
15 to dismiss as to the original Complaint raised the same deficiency that QualxServ's alleged
16 involvement was related to other Dell customers, not to Newport.  *See* Motion to Dismiss
17 Memorandum [Doc. # 22], pp. 2 and 3.  Newport was aware of this purported deficiency but
18 failed to allege adequate facts to establish standing.  Newport's failure to cure this deficiency
19 is an appropriate consideration.  *See Moore*, 885 F.2d at 538.  Newport having had two
20 opportunities to allege sufficient facts to establish standing, including one opportunity after
21 the issue was raised by QualxServ, the Court finds permitting a further amendment would
22 be futile.  Accordingly, all claims against QualxServ will be dismissed without leave to
23 amend.

24 After an independent review, IT IS ORDERED:
25 1. The Report and Recommendation [Doc. # 63] is ADOPTED in part.
26 2. QualxServ's Motion to Dismiss [Doc. # 43] is GRANTED.
27 3. Plaintiff's claims against QualxServ are DISMISSED WITHOUT LEAVE TO
28

- 3 -

AMEND.

4. QualxServ is DISMISSED from this action.

DATED this 17th day of October, 2008.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

- 4 -