1  Bruce A. Burke, State Bar No. 004316
   Law Office of Bruce A. Burke, P.C.
2  115 W. Washington Street
   Tucson, Arizona   85701
3  Telephone:   (520) 622-3596
   Fax:   (520) 628-8010
4  Email:  bruce@burkepc.com

5  Brian R. Strange, Cal. State Bar No. 103252 (admitted *Pro Hac Vice*)
   Gretchen Carpenter, Cal. State Bar No. 180525 (admitted *Pro Hac Vice*)
6  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
7  Los Angeles, CA 90025
   Telephone: (310) 207-5055
8  Fax: (310) 826-3210
   Email:  lacounsel@earthlink.net
9  Email:  gcarpenter@strangeandcarpenter.com

10 Attorneys for Plaintiff Pamela Newport

11

12                 UNITED STATES DISTRICT COURT

13               FOR THE DISTRICT OF ARIZONA

14                      TUCSON DIVISION

15 PAMELA NEWPORT, on behalf of          Case No. CIV-08-96-TUC-CKJ
   herself and all others similarly situated,
16                                       **CLASS ACTION**
17        Plaintiff,
                                         **SECOND AMENDED**
18     vs.                               **COMPLAINT FOR DAMAGES**
                                         **AND EQUITABLE RELIEF;**
19 DELL INC., a corporation; BANCTEC,    **DEMAND FOR JURY TRIAL**
   INC., a corporation; DELL CATALOG
20 SALES, L.P., an entity; DELL
   PRODUCTS, L.P., an entity; DELL
21 MARKETING L.P., an entity; DELL       Assigned to: Honorable Cindy K.
   USA L.P. an entity; and Does 1 Through Jorgenson
22 100,
23        Defendants.

24

25

26

27        Plaintiff Pamela Newport, on behalf of herself and all other similarly situated

28 persons in the State of Arizona, alleges on information and belief:

### NATURE OF THE CASE

1.      This is a class action brought by Plaintiff Pamela Newport on behalf of herself and all other persons in the State of Arizona who have purchased desktop or notebook computer systems manufactured and sold by Dell Inc., and who also received and/or purchased onsite warranties from Defendants Dell Inc., Dell Sales, L.P., Dell Products, L.P., Dell Marketing L.P., Dell USA L.P. and/or Banctec, Inc. (hereinafter collectively referred to as "Defendants").

2.      This case involves small amounts of individual damages where Defendants -- who had superior bargaining power over Plaintiff and plaintiff class members -- have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money, typically, Plaintiff is informed and believes and thereon alleges, in the range of $30-$120.

3.      The basic allegations in this case involve the breach of Defendants' written warranty and contractual obligations (based on their consumer contracts of adhesion) by Defendants' practice of secretly charging customers for onsite warranty repair service for the first year (or shorter period) without disclosing this to customers.

### JURISDICTION AND PARTIES

4.      Plaintiff originally filed this action in the Superior Court of the State of Arizona in the County of Pima on November 8, 2007.  On February 1, 2008, Defendants Dell Inc., Dell Products, L.P., Dell Marketing L.P., and Dell USA L.P. removed this action to this Court, alleging federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, §4(a), 119 Stat. 9; 28 U.S.C. §§ 1332(d) and 1453.  On March 5, 2008, Plaintiff filed a motion to remand this action to state court based on Defendants' failure to meet their burden to establish that the amount in controversy requirement has been met.  Plaintiff's motion to remand was denied.

5.      Plaintiff Pamela Newport is a resident of Yavapai County, Arizona.  In or around September, 2000, in Yavapai County, Arizona, Plaintiff purchased a Dell computer from Defendant Dell Inc. for household and personal use.  A true and correct

1  copy of the front of the written Acknowledgment Invoice ("**the Invoice**") memorializing

2  the purchase is attached hereto as Exhibit 1 and incorporated herein by reference.

3  Pursuant to this purchase, Dell Inc., on behalf of itself and the Defendants, represented to

4  Plaintiff that she was entitled to onsite warranty repair service with a live technician for

5  the first year of her warranty period without additional consideration.  These

6  representations were memorialized in writing.  (All onsite warranty repair and

7  replacement parts applicable to the computer, including the right to onsite warranty repair

8  service and parts, will hereafter be referred to as "**Warranty**" or "**Warranties**.")

9       6.    Plaintiff is informed and believes and thereon alleges that Defendant Dell

10  Inc. is a corporation organized under the laws of the State of Delaware, with its principal

11  place of business in Round Rock, Texas, and was formerly known as "Dell Computer

12  Corporation."  Dell Inc. is engaged in the business of manufacturing, marketing, selling,

13  maintaining, repairing, servicing, and providing support for computer systems and

14  computer products.  Dell Inc. is also engaged in the business of making, marketing,

15  selling, maintaining, repairing, servicing, and providing warranty services, parts and labor

16  to purchasers of Dell computer systems, including the Warranties in issue.

17       7.    Plaintiff is informed and believes and thereon alleges that Defendants Dell

18  Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing L.P; and Dell USA L.P. are

19  wholly-owned subsidiaries and/or affiliates through which Dell Inc., at times, does

20  business.  Each of the foregoing Dell Defendants has been or is the principal, agent,

21  employee, representative, partner, joint venturer and/or co-conspirator of each of the other

22  Dell Defendants and in such capacity or capacities participated in the acts or conduct

23  alleged herein and incurred liability therefor.  Further, Plaintiff is informed and believes

24  and thereon alleges that Defendants Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell

25  Marketing L.P.; and Dell USA L.P. are, and at all times herein mentioned were, the alter

26  egos of Defendant Dell Inc., and there exists, and at all times herein mentioned has

27  existed, a unity of interest and ownership between such Dell Defendants such that any

28  separateness between them has ceased to exist, in that Defendant Dell Inc. completely

1   controls, dominates, manages, and operates Dell Catalog Sales, L.P.; Dell Products, L.P.;

2   Dell Marketing L.P.; and Dell USA L.P. to the detriment of Plaintiff and plaintiff class

3   members.  Adherence to the fiction of the existence of Dell Catalog Sales, L.P.; Dell

4   Products, L.P.; Dell Marketing L.P.; and Dell USA L.P. as entities separate and distinct

5   from Dell Inc. would permit an abuse of corporate privileges and would sanction a fraud

6   and promote injustice. (Dell Inc.; Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell

7   Marketing L.P.; and Dell USA L.P. will hereafter collectively be referred to as "**Dell**" or

8   the "**Dell Defendants**.")

9        8.     Plaintiff is informed and believes and thereon alleges that Defendant

10   BancTec, Inc. ("**BancTec**") is a corporation organized under the laws of the State of

11   Delaware with its principal place of business located in Irving, Texas, and which was

12   previously merged with a related company called "BancTec Service Corp."  Plaintiff is

13   informed and believes and thereon alleges that BancTec transacts business in the State of

14   Arizona.

15        9.     Plaintiff is informed and believes and thereon alleges that BancTec, along

16   with Dell, is engaged in the business of making, marketing, selling, maintaining,

17   repairing, servicing, and providing warranty and warranty services, parts and labor to

18   purchasers of Dell computer systems, including the Warranties in issue.

19        10.    Plaintiff is informed and believes and thereon alleges that Dell sells its

20   desktop and notebook computer systems with a Warranty that remains in effect for up to

21   one year depending on the system.  The Warranties are memorialized in writing.  The

22   Warranties applicable to desktop and notebook computer systems include the right to

23   receive at-home, or onsite, warranty repair service with a live technician if the computer

24   develops a problem, as well as delivery of replacement parts.  Plaintiff is informed and

25   believes and thereon alleges that BancTec also jointly makes, sells, and markets the

26   Warranties with Dell.  In addition, Defendants provide onsite warranty repair work and

27   replacement parts and components under these Warranties.

28        11.    With respect to the Warranties, each of the Defendants has been or is the

1 | principal, agent, employee, representative, partner, joint venturer and/or co-conspirator of

2 | each of the other Defendants and in such capacity or capacities participated in the acts or

3 | conduct alleged herein and incurred liability therefor.  Further, at all times relevant

4 | hereto, each of the Defendants has been or is the agent, employee, partner and/or joint

5 | venturer of each other Defendant with respect to the making, marketing, selling,

6 | maintaining, repairing, servicing, and providing warranty services, parts and labor to

7 | purchasers of Dell computer systems, including the Warranties in issue.  Each Defendant

8 | derived, accepted and retained monetary profits and benefits from the Warranties.

9 | Further, each of the Defendants acted for and on behalf of each other Defendant with

10 | respect to the Warranties, with actual and apparent authority to act, and did so within the

11 | course and scope of their employment, agency, partnership, joint venture and/or authority.

12 | With regard to the specific warranties, representations and agreements alleged herein,

13 | each was made with the knowledge, consent, authorization, ratification and approval of

14 | each of the Defendants.

15 | **GENERAL ALLEGATIONS**

16 |      12.    Defendants Dell and BancTec made substantially identical material

17 | warranties, representations, and/or omissions to Plaintiff Newport and plaintiff class

18 | members in writing that there was no additional consideration required for their onsite

19 | Warranty for the first year (or less) of the warranty period, and that such Warranty came

20 | standard with the purchase of the computer.  Defendants Dell and BancTec made these

21 | warranties, representations, and/or omissions on Dell's Website, mail order catalogs, and

22 | invoice and acknowledgment forms sent to customers, and they were made or omitted as

23 | a matter of Defendants' business practice.  At no time did Defendants ever clearly and

24 | conspicuously disclose to their customers, including Plaintiff, that there was a charge, and

25 | that they did charge, for this "standard" first year (or shorter period) onsite Warranty.

26 | Nor, as a matter of business practice, did Defendants ever clearly and conspicuously

27 | disclose to customers, including Plaintiff, that they had the option to purchase the

28 | computer for less money if they chose not to have this onsite service during the first year

1  (or less) of the warranty period.

2      13.    On or about August 31, 2000, Plaintiff Newport purchased her Dell

3  computer from a Dell sales representative over the telephone. Plaintiff purchased her

4  computer as a consumer for personal, household use. Pursuant to Defendants' established

5  business practice, the Dell sales representative represented on behalf of Dell and the other

6  Defendants that the first year of the onsite repair Warranty came standard with her

7  computer for no additional consideration, whereas an extension of this standard Warranty

8  for two years cost an approximate additional $120. The sales representative, pursuant to

9  Defendants' standard business practices, never disclosed to Plaintiff that she would

10 actually be charged for the first year onsite Warranty, and that she had the option of not

11 having a first year onsite Warranty which could have lowered the total purchase price of

12 her computer.

13     14.    Further, within sixty days prior to her telephone conversation with the Dell

14 representative, Plaintiff had visited Dell's Website and saw substantially similar

15 representations and omissions in writing regarding the onsite Warranties, including that

16 the first year of the onsite repair Warranty came standard with her computer for no

17 additional consideration. In addition, the Website did not contain any clear and

18 conspicuous disclosure that the first year (or less) of the onsite Warranty was actually an

19 additional cost added on to the purchase price of a computer, or that customers had the

20 option to purchase the computer for less money if they chose not to have this onsite

21 service during the first year (or less) of the warranty period.

22     15.    Relying upon the foregoing alleged representations (and not knowing about

23 the material omissions alleged above) made by Dell's sales representative and on Dell's

24 Website, Plaintiff, on or about August 31, 2000, orally accepted Dell's offer to sell the

25 computer and initial year of the Warranty for On-site Next Business Day Parts & Labor to

26 her. This acceptance was communicated to the Dell sales representative during her

27 telephone call on or about August 31, 2000. The Dell representative, pursuant to Dell's

28 standard business practice, then required Plaintiff to pay for the purchase during the call,

1 │ which she did with a credit card.

2 │     16.    Defendants, pursuant to their established business practice, sent Plaintiff a

3 │ written Acknowledgment (the "Invoice") dated September 1, 2000 memorializing her

4 │ purchase.  (A true and correct copy of the Invoice is attached hereto as Exhibit 1.)  The

5 │ Invoice, pursuant to Defendants' standard business practice, did not list a price for the

6 │ initial, or first year, Warranty for On-site Next Business Day Parts & Labor; rather, it only

7 │ listed a lump sum.  Further, and also pursuant to Defendants' established business

8 │ practice, nowhere on the Invoice did Defendants disclose to Plaintiff that there was a

9 │ charge for her "standard" first year onsite Warranty or that Defendants had actually

10 │ charged Plaintiff for it.  Nor did Defendants disclose to Plaintiff on the Invoice that she

11 │ had the option to purchase the computer for less money if she chose not to have this

12 │ onsite Warranty during the first year of the warranty period.

13 │     17.    Plaintiff is informed and believes and thereon alleges that all plaintiff class

14 │ members received substantially identical Warranties from Defendants, with substantially

15 │ similar documentation and substantially similar representations and lack of disclosures.

16 │     18.    Plaintiff discovered sometime in the Fall of 2007 through an unrelated legal

17 │ proceeding that Defendants had secretly charged her for the right to have onsite warranty

18 │ repair service and parts during the first year of the warranty period.  This hidden charge

19 │ was never disclosed to her, nor did Defendants disclose to her that she had the option to

20 │ purchase the computer for less money without the onsite Warranty service for the first

21 │ year.

22 │     19.    Plaintiff also discovered at or around the same time that Defendants

23 │ maintain separate **internal** invoices that the customer never sees or even knows about,

24 │ which list separately the price of each element of a customer's purchase, including the

25 │ additional undisclosed charge of the first year (or shorter period) onsite Warranty.

26 │     20.    Plaintiff is informed and believes, and thereon alleges, that the cost of the

27 │ first year onsite Warranty that she unknowingly purchased ranged from approximately

28 │ $30 to $120.  The exact cost of the first year onsite Warranty is presently unknown to

1    Plaintiff, and remains within Defendants' exclusive knowledge.

2        21.    Defendants made substantially uniform written promises and

3    representations and omissions to Plaintiff Newport and each plaintiff class member.

4    These common misrepresentations were first communicated to Plaintiff Newport and

5    plaintiff class members prior to and/or at the time their computers were purchased.

6    Defendants' uniform material misrepresentations were material in inducing Plaintiff

7    Newport and plaintiff class members to purchase their computers and/or Warranties.

8        22.    Further, Dell, on behalf of itself and the other Defendants, intentionally

9    misled plaintiff class members, including Plaintiff, and failed to clearly and

10   conspicuously disclose that no additional consideration was needed to obtain the onsite

11   Warranty during the first year (or less) of the warranty period beyond the purchase price

12   of the computer.  It did this through its written Warranty and sales documentation,

13   including the Invoice, as well as on its Website and mail order catalogs.  Defendants also

14   made this representation through, ostensibly, BancTec.

15       23.    All of the foregoing written promises and representations and omissions

16   were false.  In truth, Defendants secretly charged Plaintiff Newport and plaintiff class

17   members for their first year (or shorter period) onsite Warranty services.

18                          **CLASS ACTION ALLEGATIONS**

19       24.    Plaintiff brings this action on behalf of herself and all others similarly

20   situated as a representative of the following class:  all persons in the State of Arizona who

21   have purchased desktop or notebook computer systems manufactured and sold by Dell

22   and who also received or purchased a Warranty from Defendants.  Excluded from the

23   class are employees of Defendants, their officers, directors, subsidiaries and affiliates.

24       25.    This action has been brought and may properly be maintained as a class

25   action, satisfying the numerosity, commonality, typicality, adequacy, and superiority

26   requirements of Federal Rule of Civil Procedure 23 or other applicable law.

27       26.    Members of the class are so numerous that joinder of all members is

28   impracticable.  Plaintiff does not know the exact size of the class, since such information

1   is in the exclusive control of Defendants.  The exact number, however, may be
2   determined by appropriate discovery.  Plaintiff believes that the class members and
3   number at least in the thousands.

4           27.     There are questions of fact and law common to the class, which common
5   questions predominate over any questions affecting only individual members.  Those
6   common questions include whether Defendants engaged in the following conduct and
7   whether such conduct is improper and illegal:

8                   A.     Failing to clearly and conspicuously disclose to Plaintiff and plaintiff
9                          class members prior to, during and after the purchase of Defendants'
10                         computers that they were being secretly charged for the cost of the
11                         onsite Warranty service that allegedly came with the computer for
12                         the first year (or shorter period).

13                  B.     Failing to clearly and conspicuously disclose to Plaintiff and plaintiff
14                         class members prior to, during and after the purchase of Defendants'
15                         computers that they had the option to pay less for their computers by
16                         not paying for the cost of the onsite Warranty service that allegedly
17                         came with the computer for the first year (or shorter period).

18                  C.     Inducing customers to purchase Warranties by misrepresenting,
19                         misleading or deceiving them that onsite Warranty repair service was
20                         included in the price of the computer for no additional consideration.

21                  D.     Carrying out a scheme designed to deliberately cheat large numbers
22                         of consumers out of individually small sums of money.

23          28.     Plaintiff is a member of the class.  Plaintiff can and will fairly and
24  adequately represent and protect the interests of the class and has no interests that conflict
25  with or are antagonistic to the interests of the class.

26          29.     Plaintiff has retained experienced and competent attorneys who are capable
27  of representing the interests of the class.

28          30.     All class members have the same legal rights to, and interest in, the fair

1   treatment by Defendants.

2        31.    The class action is an appropriate method for fair and efficient adjudication

3   of the controversy given the following:

4             A.    Common questions of law and/or fact predominate over any

5                   individual questions that may arise, such that there would be

6                   enormous economies to the courts and the parties in litigating the

7                   common issues on a classwide instead of a repetitive individual

8                   basis;

9             B.    Class members' individual damage claims are too small to make

10                   individual litigation an economically viable alternative;

11            C.    Despite the relatively small size of individual class members' claims,

12                  their aggregate volume, coupled with the economies of scale inherent

13                  in litigating similar claims on a common basis, will enable this case

14                  to be litigated as a class action on a cost-effective basis, especially

15                  when compared with repetitive individual litigation; and

16            D.    No unusual difficulties are likely to be encountered in the

17                  management of this class action in that all or substantially all

18                  questions of law or fact to be litigated at the liability stage are

19                  common to the class.

20       32.    Class certification is fair and efficient as well because prosecution of

21  separate actions would create a risk of adjudications with respect to individual members

22  of the class, which as a practical matter, may be dispositive of the interests of other

23  members not parties to the adjudication or substantially impair or impede their ability to

24  protect their interests.

25       33.    Class certification is also appropriate because Defendants have acted on

26  grounds generally applicable to the class.

27

28

1

## First Cause of Action

2

## for Relief for Consumer Fraud

3

### (Plaintiff and Plaintiff Class Members Against All Defendants)

4   34.   Plaintiff repeats, reiterates, and realleges each and every allegation

5   contained in the preceding and subsequent paragraphs of this complaint.

6   35.   In doing the acts alleged above, Defendants have carried out a scheme

7   designed to deliberately cheat large numbers of consumers out of individually small sums

8   of money.

9   36.   Defendants' actions, as set forth above, constitute consumer fraud in

10  violation of applicable law, including Arizona Revised Statutes §§ 44-1521, *et seq.*,

11  which provides in A.R.S. § 44-1522 in relevant part that "[t]he act, use, or employment by

12  any person of any deception, deceptive act or practice, fraud, false pretense, false

13  promise, misrepresentation, or concealment, suppression or omission of any material fact

14  with intent that others rely upon such concealment, suppression or omission, in

15  connection with the sale or advertisement of any merchandise whether or not any person

16  has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful

17  practice."

18  37.   As a result of Defendants' conduct set forth above, Plaintiff and members

19  of the plaintiff class reasonably relied upon Defendants' common material

20  misrepresentations in purchasing their first year (or shorter period) Warranties, and have

21  suffered damages.

22  38.   The foregoing conduct of Defendants (i) constituted an intentional

23  misrepresentation, deceit, and/or concealment of a material fact known to the Defendants

24  with the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff

25  class members of property or legal rights or otherwise causing Plaintiff and plaintiff class

26  members injury; (ii) was intended by Defendants to cause injury to Plaintiff and plaintiff

27  class members or was wanton and malicious conduct that was carried on by Defendants

28  with ill-will and a willful and reckless disregard of the rights or safety of others; and/or

1  (iii) was aggravated conduct that subjected Plaintiff and plaintiff class members to cruel

2  and unjust hardship in conscious disregard of Plaintiff's and plaintiff class members'

3  rights so as to justify an award of punitive damages against Defendants.

### Second Cause of Action

### for Breach of Express Warranty (Common Law)

### (Plaintiff and Plaintiff Class Members Against All Defendants)

7      39.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

8  in the preceding and subsequent paragraphs of this complaint.

9      40.    At all times herein alleged, Dell was a manufacturer and seller or merchant

10  of goods for purposes of this claim.  Defendant BancTec, at all times alleged herein, was

11  also a seller or merchant of goods with respect to the Warranties.

12      41.    At all times relevant hereto, each of the Defendants has been or is the agent,

13  partner and/or joint venturer of each other Defendant with respect to the making,

14  marketing and selling of the Warranties.  Each Defendant derived, accepted and retained

15  monetary profits and benefits resulting from the sale of the Warranties.  Further, with

16  respect to the Warranties, each of these Defendants acted for and on behalf of each other

17  Defendant with actual and apparent authority to act, and did so within the course and

18  scope of their agency, partnership, joint venture and/or authority.  With regard to the

19  specific warranties alleged herein, each Warranty was made with the knowledge, consent,

20  authorization, ratification and approval of each Defendant.

21      42.    Defendants made express affirmations of fact, promises and descriptions to

22  Plaintiff and plaintiff class members in writing that there was no additional charge for

23  onsite Warranty service and parts for the first year (or less) of the warranty period.

24      43.    These affirmations, promises, and descriptions were material and made a

25  part of the basis of the bargain between Defendants and Plaintiff and plaintiff class

26  members.  Further, Defendants had superior information peculiarly within their knowledge

27  of these affirmations, promises, and descriptions, as Defendants were the ones marketing

28  and offering the Warranties to the public, including to Plaintiff and plaintiff class

1  members.

2      44.    Defendants breached these express Warranties because these affirmations,

3  promises, and descriptions were untrue in that Defendants secretly charged Plaintiff and

4  plaintiff class members for their first year (or shorter period) onsite Warranty services.

5      45.    At the time the Warranties were provided to Plaintiff and plaintiff class

6  members, Defendants, and each of them, knew that the Warranties did not conform to the

7  foregoing warranties made to their customers, including to Plaintiff and plaintiff class

8  members.

9      46.    Plaintiff alleges that notice of Defendants' breaches is not required in this

10  case.   Nevertheless, notice of the breaches was provided to Defendants within a

11  reasonable time after discovery of the breaches.  Specifically, Plaintiff provided notice of

12  breach within a reasonable time after she discovered the breaches of warranty.

13      47.    As a proximate result of Defendants' breaches of warranty, Plaintiff and

14  plaintiff class members have been damaged in an amount to be proven at trial.

15                   **Third Cause of Action**

16      **for Breach of Express Warranty in Violation of A.R.S. § 47-2313**

17        **(Plaintiff and Plaintiff Class Members Against All Defendants)**

18      48.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

19  in the preceding and subsequent paragraphs of this complaint.

20      49.    At all times herein alleged, Dell was a manufacturer and seller or merchant

21  of goods for purposes of this claim.  BancTec, at all times alleged herein, was also a seller

22  or merchant of goods with respect to the Warranties.

23      50.    At all times relevant hereto, each of the Defendants has been or is the agent,

24  partner and/or joint venturer of each other Defendant with respect to the making,

25  marketing and selling of the Warranties.  Each Defendant derived, accepted and retained

26  monetary profits and benefits resulting from the sale of the Warranties.  Further, with

27  respect to the Warranties, each of these Defendants acted for and on behalf of each other

28  Defendant with actual and apparent authority to act, and did so within the course and

scope of their agency, partnership, joint venture and/or authority.  With regard to the specific warranties alleged herein, each Warranty was made with the knowledge, consent, authorization, ratification and approval of each Defendant.

51.    Defendants made express affirmations of fact, promises and descriptions to Plaintiff and plaintiff class members in writing that there was no additional charge for onsite Warranty service during the first year (or less) of the warranty period.

52.    These affirmations, promises, and descriptions created express Warranties under A.R.S. § 47-2313(A) and were made a part of the basis of the bargain between Defendants and Plaintiff and plaintiff class members.  Further, Defendants had superior information peculiarly within their knowledge of these affirmations, promises, and descriptions, as Defendants were the ones marketing and offering the Warranties to the public, including to Plaintiff and plaintiff class members.

53.    Defendants breached these express Warranties because these affirmations, promises, and descriptions were untrue in that Defendants secretly charged Plaintiff and plaintiff class members for their first year (or shorter period) onsite Warranty services.

54.    At the time the Warranties were provided to Plaintiff and plaintiff class members, Defendants, and each of them, knew that the Warranties did not conform to the foregoing warranties made to their customers, including to Plaintiff and plaintiff class members.

55.    Plaintiff alleges that notice of Defendants' breaches is not required in this case.  Nevertheless, notice of the breaches was provided to Defendants within a reasonable time after discovery of the breaches.  Specifically, Plaintiff provided notice of breach within a reasonable time after she discovered the breaches of warranty.

56.    As a proximate result of Defendants' breaches of warranty, Plaintiff and plaintiff class members have been damaged in an amount to be proven at trial.

## Fourth Cause of Action

## for Breach of Written Agreement

### (Plaintiff and Plaintiff Class Members Against All Defendants)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding and subsequent paragraphs of this complaint.

58.     At all times relevant hereto, each of the Defendants has been or is the agent, partner and/or joint venturer of each other Defendant with respect to the making, drafting, marketing and selling of the Invoice and Warranties. Each Defendant derived, accepted and retained monetary profits and benefits resulting from the sale of the Warranties. With respect to the specific agreements alleged herein, each of these Defendants acted for and on behalf of each other Defendant with actual and apparent authority to act, and did so within the course and scope of their agency, partnership, joint venture and/or authority. Further, with regard to the specific agreements alleged herein, each agreement was made with the knowledge, consent, authorization, ratification and approval of each of the Defendants.

59.     With respect to the specific agreements alleged herein, each of the agreements was drafted by Defendants and completed in the state of Arizona.

60.     At the time of the computer transaction alleged herein, and as part of that transaction, Dell, on behalf of itself and the Defendants, offered, promised and agreed to the uniform material term with respect to their Warranties that Defendants will provide onsite warranty service and parts for the first year (or shorter period) for no additional consideration.

61.     Plaintiff Newport and plaintiff class members accepted the terms of the Warranty by purchasing their computers and Warranties. Defendants uniformly offered the same warranty terms and written warranty documentation to each customer, including Plaintiff and plaintiff class members. Plaintiff Newport and plaintiff class members did not and could not negotiate any term of the Warranty agreement, and had no bargaining power over its terms as they were strictly dictated by Defendants.

1   62.   Plaintiff and plaintiff class members fulfilled all of their obligations under
2   the Invoice and Warranty, including all conditions, covenants, and promises, except those
3   that were excused as a result of Defendants' breach of their obligations thereunder.

4   63.   Defendants breached the agreements by secretly charging Plaintiff Newport
5   and plaintiff class members for their first year (or shorter period) onsite warranty services.

6   64.   As a proximate result of Defendants' breaches, Plaintiff and plaintiff class
7   members have been damaged in an amount to be proven at trial.

8   **Fifth Cause of Action**

9   **for Fraud**

10   **(Plaintiff and Plaintiff Class Members Against All Defendants)**

11   65.   Plaintiff repeats, reiterates, and realleges each and every allegation contained
12   in the preceding and subsequent paragraphs of this complaint.

13   66.   At all times relevant hereto, Defendants Dell and BancTec have been or are
14   the agents, partners and/or joint venturers of each other with respect to the representations
15   attributed to them with regard to the warranties, and each acted for and on behalf of each
16   other with actual and apparent authority to act, and did so within the course and scope of
17   their partnership, joint venture, agency and/or authority.  With respect to the specific
18   representations attributed to them regarding the warranties, each representation was made
19   with the knowledge, consent, authorization, ratification and approval of each of them.
20   Further, these Defendants derived, accepted and retained monetary profits and benefits
21   resulting from the transactions in which the representations were made.

22   67.   Defendants made the material representations to Plaintiff Newport and
23   plaintiff class members in writing that there was no additional consideration required for
24   onsite Warranty service and parts for the first year (or less) of the warranty period.

25   68.   Defendants made substantially the same representations to Plaintiff Newport
26   and to each plaintiff class member prior to, at, or around the time they purchased their
27   computers and received their Warranties.

28   69.   All of the foregoing representations were false.  In truth, Defendants secretly

1  charged Plaintiff Newport and plaintiff class members for their first year (or shorter

2  period) onsite Warranty services.

3      70.    At the time these representations were made, Defendants, and each of them,

4  knew them to be false.  Defendants, and each of them, made these representations with the

5  intention to deceive and defraud Plaintiff and plaintiff class members, and to induce them

6  to act in reliance on these representations by purchasing their computers and Warranties.

7      71.    Plaintiff and plaintiff class members were ignorant of the falsity of

8  Defendants' representations at the time they were made and at the time Plaintiff and

9  plaintiff class members purchased their computers and Warranties, and believed them to

10  be true.  In reasonable reliance on these representations, Plaintiff and plaintiff class

11  members were induced to and did purchase the computers and Warranties to their

12  detriment.  Had Plaintiff and plaintiff class members known the true facts, they would not

13  have taken such action.  Plaintiff's and plaintiff class members' reliance on Defendants'

14  representations was justified because Defendants were the ones offering the Warranties for

15  sale, and possessed superior knowledge of the facts, as they were peculiarly within the

16  knowledge of Defendants.

17      72.    Defendants made substantially these same material representations to all

18  plaintiff class members who received a Warranty.

19      73.    As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and

20  plaintiff class members have suffered damages.

21      74.    The foregoing conduct of Defendants (i) constituted an intentional

22  misrepresentation, deceit, and/or concealment of a material fact known to the Defendants

23  with the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff

24  class members of property or legal rights or otherwise causing Plaintiff and plaintiff class

25  members injury; (ii) was intended by Defendants to cause injury to Plaintiff and plaintiff

26  class members or was wanton and malicious conduct that was carried on by Defendants

27  with ill-will and a willful and reckless disregard of the rights or safety of others; and/or

28  (iii) was aggravated conduct that subjected Plaintiff and plaintiff class members to cruel

1    and unjust hardship in conscious disregard of Plaintiff's and plaintiff class members'

2    rights so as to justify an award of punitive damages against Defendants.

3                                **Sixth Cause of Action**

4                            **for Fraud by Nondisclosure**

5             **(Plaintiff and Plaintiff Class Members Against All Defendants)**

6             75.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

7    in the preceding and subsequent paragraphs of this complaint.

8             76.    Defendants intentionally failed and omitted to disclose to Plaintiff Newport

9    and plaintiff class members that they do not provide onsite warranty repair service and

10   parts during the first year (or less) of the warranty period for no extra consideration.  These

11   material facts were known to Defendants, and each of them, at all times herein mentioned.

12            77.    Defendants had a duty to Plaintiff and plaintiff class members to fully

13   disclose in a clear and conspicuous manner the true facts.

14            78.    Defendants' representations, when coupled with Defendants' omissions,

15   were false and misleading.  Defendants intentionally omitted and failed to disclose these

16   facts to Plaintiff and plaintiff class members to induce and deceive Plaintiff and plaintiff

17   class members into purchasing their computers and Warranties.

18            79.    Plaintiff and plaintiff class members were ignorant of the falsity of

19   Defendants' representations at the time they were made and at the time they purchased

20   their computers and Warranties, and believed them to be true.  In reasonable reliance on

21   these representations, Plaintiff and plaintiff class members were induced to and did

22   purchase the computers and Warranties to their detriment.  Had Plaintiff and plaintiff class

23   members known the true facts, they would not have taken such action.  Plaintiff's and

24   plaintiff class members' reliance on Defendants' representations was justified because

25   Defendants were the ones offering the Warranties for sale, and possessed superior

26   knowledge of the facts, as they were peculiarly within the knowledge of Defendants.

27            80.    These material omissions were uniformly kept from Plaintiff and plaintiff

28   class members.

81.   As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and plaintiff class members have suffered damages.

82.   The foregoing conduct of Defendants (i) constituted an intentional misrepresentation, deceit, and/or concealment of a material fact known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff class members of property or legal rights or otherwise causing Plaintiff and plaintiff class members injury; (ii) was intended by Defendants to cause injury to Plaintiff and plaintiff class members or was wanton and malicious conduct that was carried on by Defendants with ill-will and a willful and reckless disregard of the rights or safety of others; and/or (iii) was aggravated conduct that subjected Plaintiff and plaintiff class members to cruel and unjust hardship in conscious disregard of Plaintiff's and plaintiff class members' rights so as to justify an award of punitive damages against Defendants.

**WHEREFORE,** Plaintiff requests the following relief, on her own behalf and on behalf of the class:

1.   An order confirming that this action is properly maintainable as a class action and appointing Plaintiff and her counsel to represent the class.

2.   An award of compensatory damages and all monetary relief authorized by law or referenced herein, including punitive and exemplary damages.

3.   An award of prejudgment interest and post-judgment interest.

4.   An award providing for payment of costs of suit, including payment of experts' fees and expenses.

5.   An award of reasonable attorneys' fees.

6.   Such other and further relief as this Court may deem proper and just.

DATED: November 10, 2008                    Respectfully submitted,

                                            STRANGE & CARPENTER


                                   By:      _____/s/_____
                                            Gretchen Carpenter (CA # 180525)
                                            (*Pro Hac Vice*)
                                            gcarpenter@strangeandcarpenter.com

And

Bruce A. Burke (No. 004316)
LAW OFFICE OF BRUCE A. BURKE, P.C.
115 W. Washington Street
Tucson, Arizona 85701
Telephone: (520) 622-3596
Fax: (520) 628-8010

Attorneys for Plaintiff Pamela Newport

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by jury.

3  DATED: November 10, 2008                    Respectfully submitted,

4                                              STRANGE & CARPENTER

5
                                    By:      _____/s/_____
6                                            Gretchen Carpenter (CA # 180525)
                                             (*Pro Hac Vice*)
7                                            gcarpenter@strangeandcarpenter.com

8                                            And

9
                                             Bruce A. Burke (No. 004316)
10                                           LAW OFFICE OF BRUCE A. BURKE,
                                             P.C.
11                                           115 W. Washington Street
                                             Tucson, Arizona 85701
12                                           Telephone: (520) 622-3596
                                             Fax: (520) 628-8010
13
                                             Attorneys for Plaintiff Pamela Newport
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

FID Number: 74-2688839
Sales Rep: ANDREA BIRD
For Sales: (800)474-3355
Sales Fax: (800)317-3355
Customer Service: (800)624-9897
Technical Support: (800)624-9896
Dell Online: http://www.dell.com

Customer Number: 010563207
Purchase Order:
Order Date: 08/31/00

19 01 M 01 01 N

Invoice Number: 425431269

Invoice Date: 09/01/00
Payment Terms: MASTER CARD
Shipped Via: UNAUTHORIZED
Waybill Number: E3W5554211712418

SOLD TO:
39.1.12804 1 AB 0.270 73288S11.OCE 1 of 2
PAM NEWPORT
NEWPORT PAM
675 S MOUNTAIN VIEW
CHINO VALLEY  AZ 86323-4103

SHIP TO:
PAM NEWPORT
NEWPORT PAM
675 S MOUNTAIN VIEW
CHINO VALLEY  AZ 86323

PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| er | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|----|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 220-7469 | Dimension 4100 Series,Pentium III Processor at 800 MHz | EA | 1,517.00 | 1,517.00 |
| 1 | 1 | 310-0801 | Microsoft Internet Keyboard Dell Edition,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 310-3180 | Dell Mouse Pad, included in your order. Thank you for choosing Dell. | EA | 0.00 | 0.00 |
| 1 | 1 | 310-8124 | Microsoft Intellimouse, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 310-8890 | MicroSoft Millenium Upgrade Coupon,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 310-8921 | EducateU Information/TechSheet,English,Dimension,Used for EducateU WEB Based Training | EA | 0.00 | 0.00 |
| 1 | 1 | 311-7001 | 128MB SDRAM at 133MHz,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-0504 | 8x/4x/32x CD-RW, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-3925 | harman/kardon HK Speakers Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-6170 | Soundblaster 64V PCI Sound Card,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-8626 | Conexant V.90/56K Telephony Modem for Windows Factory Install | EA | 0.00 | 0.00 |

vice contract may be subject to sales tax.
on-site or other service covers Dell system hardware only.
. CATALOG SALES COLLECTS TAX IN FL,KY,NC,NV,TN & TX.FOR OTHER STATES THE TAX
WN RELATES ONLY TO 3RD PARTY SERVICE CONTRACTS AND THE BUYER IS RESPONSIBLE
REMITTING ANY ADDITIONAL TAX DIRECTLY TO THE TAXING AUTHORITIES.



Invoice Number: 425431269
Customer Number: 010563207
Purchase Order:
Associated Order: 425431277

| Ship. &/or Handling | $ | 95.00 |
|---------------------|---|-------|
| Subtotal | $ | 1,612.00 |
| Taxable: $ 233.00 | Tax: $ | 16.31 |
| Total | $ | 1,628.31 |
| MASTER CARD | $ | 1,628.31 |
|  | $ |  |
|  | $ |  |
| Balance | $ | 0.00 |

FID Number: 74-2683839
Sales Rep: ANDREA BIRD
For Sales: (800)474-3355
Sales Fax: (800)317-3355
Customer Service: (800)624-9897
Technical Support: (800)624-9896
Dell Online: http://www.dell.com

Customer Number: 010563207
Purchase Order:
Order Date: 08/31/00

19  01  M  01  01  N

Invoice Number: |425431269            |

Invoice Date: 09/01/00
Payment Terms: MASTER CARD
Shipped Via: UNAUTHORIZED
Waybill Number: E3W5554211712418

**SOLD TO:**

39.1.12804 1 AB 0.270 73288S11.OCE 2 of 2

PAM NEWPORT
NEWPORT PAM
675 S MOUNTAIN VIEW
CHINO VALLEY  AZ  86323-4103

**SHIP TO:**

PAM NEWPORT
NEWPORT PAM
675 S MOUNTAIN VIEW
CHINO VALLEY  AZ  86323

PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| 1 | 320-6888 | 17"(16.0 Viewable, .26dp) M781, Factory Install | EA | 0.00 | 0.00 |
| 1 | 320-7211 | 16MB ATI Rage 128 Pro,Factory Install | EA | 0.00 | 0.00 |
| 1 | 340-2409 | 3.5",Floppy Drive,Factory Install | EA | 0.00 | 0.00 |
| 1 | 340-9909 | 20.4GB 7200 RPM Ultra ATA Hard Drive,Factory Install | EA | 0.00 | 0.00 |
| 1 | 412-5430 | Software,Music Match 5.10, Original Equipment Manufacturer,United States, Factory Install | EA | 0.00 | 0.00 |
| 1 | 412-5620 | Norton Antivirus 2000, version 5.0 with CD & Documentation, English,Factory Install | EA | 0.00 | 0.00 |
| 1 | 412-5933 | Spire 2.0,No Media,OEM,English | EA | 0.00 | 0.00 |
| 1 | 420-0300 | Windows 98 Second Edition Factory Install | EA | 0.00 | 0.00 |
| 1 | 430-0591 | No Network Card Requested, Dell Dimension | EA | 0.00 | 0.00 |
| 1 | 460-8057 | AOL 5.0 Yearly Prepaid ISP, Factory Install | EA | 0.00 | 0.00 |
| 1 | 460-8320 | No Zip Drive Requested | EA | 0.00 | 0.00 |
| 1 | 900-1600 | *Type 3 Contract – Next Business Day Parts & Labor On-Site Response Initial Year | EA | 0.00 | 0.00 |
| 1 | 900-1602 | *Type 3 Contract – Next Business Day Parts & Labor On-Site Response 2YR Extended | EA | 0.00 | 0.00 |
| 1 | 412-2736 | MS Works Suite 2000 Standard, CD & Documentation,US English, Factory Install | EA | 0.00 | 0.00 |
| | System Service Tags | HQHC101 | | | |

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 10, 2008, I electronically transmitted the attached document described as: **SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF; DEMAND FOR JURY TRIAL,** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael S. Blanton
Steven F. Raspe
Roberts Raspe & Blanton LLP
445 S. Figueroa St.
Suite 2300
Los Angeles , CA 90071
213-430-0216
Fax: 213-430-4780
sraspe@rrbllp.com
mblanton@rrbllp.com

*Attorneys For Defendants Banctec, Inc.*

Robert Arthur Henry
Snell & Wilmer LLP
1 Arizona Ctr.
400 E. Van Buren
Phoenix, AZ 85004-0001
602-382-6259
Fax: 602-382-6070
bhenry@swlaw.com

Andrew Martin Jacobs
Sarah Katharyn Jezairian
Snell & Wilmer LLP
1 S. Church Ave.
Suite 1500
Tucson, AZ 85701-1612
520-882-1200
Fax: 520-884-1294
AJacobs@swlaw.com
sjezairian@swlaw.com

John P. Phillips
Sean D. Unger
Paul Hastings Janofsky & Walker LLP
55 2nd St.
24th Floor
San Francisco, CA 94105
415-856-7000
Fax: 415-856-7100
johnphillips@paulhastings.com
seanunger@paulhastings.com

*Attorneys For Defendants Dell Inc.; Dell Products, L.P.; Dell Marketing L.P.; Dell Catalog Sales. L.P. and Dell USA*

Bruce A. Burke
Law Office of Bruce A. Burke P.C.

1   115 W. Washington St.
    Tucson, AZ 85701
2   520-622-3596
    Fax: 520-628-8010
3   bruce@burkepc.com

4   *Co-Counsel for Plaintiff Newport*

5

6

7
                                                    s/
8                                              Carlo Aguilar

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28