IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Newport,<br>　　　　Plaintiff,<br>vs.<br>Dell, Inc., et al.,<br>　　　　Defendants. | CV-08-0096-TUC-CKJ (JCG)<br>**REPORT & RECOMMENDATION** |

    Pending before the Court is a Motion to Dismiss filed by Defendants Dell, Inc., Dell Products L.P., Dell Marketing L.P. and Dell USA L.P. ("Dell Defendants") on December 12, 2008. (Doc. No. 73.) The Motion is supported by a Memorandum of Points and Authorities. (Doc. No. 74.) Defendant Banctec joined in Dell Defendants' Motion to Dismiss on December 12, 2008. (Doc. No. 72.) Plaintiff filed a response on January 16, 2009. (Doc. No. 75.) In an exhibit to the response, Plaintiff requested judicial notice of numerous attachments. (Doc. No. 75-2.) Dell Defendants filed a reply on January 23, 2009, in which Banctec joined. (Doc. Nos. 77, 78.)

    Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a report and recommendation. The Magistrate declined to hear oral argument in this matter. *See Mahon v. Credit Bureau of Placer County, Inc.,* 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memorandum of law and evidence in support of their positions, ordinarily oral argument would not be required). After review, the Magistrate recommends the District Court, after its independent review of the record, enter an order granting in part and dismissing in part

1 Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Plaintiff's Second Amended Complaint, Plaintiff is a resident of Yavapai County, Arizona who purchased a Dell computer from Dell, Inc. in September, 2000.[1] (Doc. No. 67, pg. 2.) Plaintiff purchased her computer by calling Dell and placing an order over the telephone with a Dell sales representative. (*Id*., pg. 6.) At the time of purchase, Dell, Inc., on behalf of itself and the other Defendants, warranted to Plaintiff via its sales representative and its website that "she was entitled to onsite warranty repair service with a live technician for the first year of her warranty period without additional consideration" ("the Warranty"). (*Id*., pgs. 3, 6.) Defendant Banctec, along with Dell, provides warranty services to purchasers of Dell computer systems, including the Warranty at issue. (*Id*., pg. 4.) Defendants failed to disclose to their customers, including Plaintiff, that there was a charge for the "standard" first year onsite Warranty. (*Id*., pg. 5.) Defendants also failed to disclose to their customers, including Plaintiff, that customers had the option to purchase the computer for less money if they chose not to have this onsite service during the first year of the warranty period. (*Id*., pgs. 5-6.) After purchasing her Dell computer, Plaintiff received a written acknowledgment invoice dated September 1, 2000 memorializing her purchase. (*Id*., pg. 7.) The invoice did not list an itemized price for the one-year Warranty or otherwise disclose to Plaintiff that there was a charge for the one-year Warranty. (*Id.*, pg. 7.)

In the fall of 2007, Plaintiff discovered through an unrelated legal proceeding that Defendants had secretly charged her for the one-year Warranty. (*Id*., pg. 7.) Around the same time, Plaintiff also discovered that Defendants maintained separate, internal invoices which list the price of each element of a customer's purchase, including the undisclosed charge for the one-year Warranty. (*Id*., pg. 7.) Plaintiff alleges that the cost of the Warranty ranged from $30 to $120. (*Id*., pg. 7.) The exact cost is unknown and remains within the

---

[1] The document attached to the Second Amended Complaint which Plaintiff identifies as a written acknowledgment invoice lists August 31, 2000 as the order date and September 1, 2000 as the invoice date. (Doc. No. 67, Ex. 1.)

2

Defendants' exclusive knowledge. (*Id.*, pgs. 7-8.) Plaintiff's Second Amended Complaint alleges that plaintiff is a member of a class consisting of all persons in the state of Arizona who have purchased desktop or notebook computer systems manufactured and sold by Dell and who also received or purchased a Warranty from Defendants; Plaintiff alleges that all class members received substantially identical warranties from Defendants with substantially similar documentation and substantially similar representations and/or lack of disclosures. (Doc. No. 67, pg. 7.)

On November 8, 2007, Plaintiff filed a class action suit against Defendants in Pima County Superior Court. (Doc. No. 1.) Dell Defendants removed the action to federal court on February 1, 2008, alleging federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). (*Id.*) Plaintiff moved to remand the case back to state court; that motion was denied. (Doc. Nos. 31, 55.) On March 13, 2008, Plaintiff amended her Complaint ("Amended Complaint"). (Doc. No. 33.) On October 17, 2008, the district court issued two Orders dismissing Plaintiff's First Amended Complaint in part, and granting Plaintiff leave to amend some of her claims. (Doc. Nos. 65 & 66.) Plaintiff's Second Amended Complaint alleges six claims; each claim is alleged against all Defendants: (1) consumer fraud in violation of Arizona's Consumer Fraud Act, A.R.S. § 44-1521, *et seq.*; (2) breach of express warranty;[2] (3) breach of express warranty in violation of A.R.S. § 47-2313; (4) breach of contract; (5) fraud, and (6) fraud by non-disclosure.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to

---

[2] It appears that Plaintiff's common law claim for breach of express warranty is subsumed by her claim for breach of express warranty in violation of A.R.S. § 47-2313; Title 47 of the Arizona Revised Statutes, "Uniform Commercial Code" applies to "all transactions in goods." *See* A.R.S. § 47-2102.

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964 (citations and internal quotations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1968 (abrogating a literal reading of *Conley*, 355 U.S. at 45-46). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 1973. When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir.1994), and all reasonable inferences are to be drawn in favor of that party as well. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir.1997).

**DISCUSSION**

Defendants argue that Plaintiff's Amended Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) because: (1) Plaintiff failed to cure the deficiencies in her complaint; (2) Plaintiff cannot state her claims on behalf of a class; (3) Plaintiff has failed to state a claim for breach of warranty; (4) Plaintiff has failed to state a claim for breach of contract; (5) Plaintiff has failed to plead her fraud and consumer fraud claims with particularity; and (6) Plaintiff has failed to state a claim for fraud by non-disclosure.

**A. Defendants are not entitled to dismissal on the ground that Plaintiff has failed to cure deficiencies in her complaint**

Plaintiff's First Amended Complaint alleged claims against Defendants (and former Defendant Qualxserv) for consumer fraud in violation of A.R.S. § 44-1521, false advertising, breach of express warranty, breach of express warranty in violation of A.R.S. § 44-2313, breach of contract, fraud, fraud by non-disclosure, restitution for unjust enrichment and declaratory judgment. (Doc. No. 33.) The Court, in granting a motion to dismiss filed by the Dell Defendants and in which Defendant Banctec joined, permitted Plaintiff to amend her

4

complaint only as to some of the counts alleged ("October 17, 2008 Order").[3] (Doc. No. 65.) Specifically, the Court held that Plaintiff could amend her fraud claims, *ie.* her claims for consumer fraud in violation of A.R.S. § 44-1521, false advertising,[4] fraud and fraud by non-disclosure. With respect to Plaintiff's fraud claims, the Court instructed Plaintiff to comply with Rule 9(b), Fed. R. Civ. P. by specifically alleging why Defendants' statements were false and how the statements were communicated to Plaintiff. The Court also held that Plaintiff could amend her contract claims, *ie.* her claims for breach of express warranty, breach of express warranty in violation of A.R.S. § 44-2313 and breach of contract. With respect to Plaintiff's breach of contract claims, the Court held that Plaintiff could amend her complaint to allege that Defendants breached the Warranty in only two ways: (1) in failing to inform Plaintiff of her right to opt-out of purchasing the Warranty, and (2) in providing Plaintiff with refurbished, rather than new, parts during repair of Plaintiff's computer.[5] In the pending Motion to Dismiss, Defendants argue that Plaintiff has failed to comply with the Court's instructions by failing to cure her pleading deficiencies, and that this alone justifies dismissal with prejudice of Plaintiff's Second Amended Complaint.

### 1. Defendants argument is without legal merit

As a threshold matter, the Court disagrees with Defendants' assertion that a complaint may be dismissed solely for failure to cure deficiencies identified by the court in a prior complaint. The previous instructions of the court are merely one factor to be considered by the court in determining whether dismissal should be with or without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that, before dismissing a complaint without leave to amend, the court should examine the following factors: (1) undue delay; (2)

---

[3] The Court's order permitting amendment of Plaintiff's complaint adopted a Report and Recommendation by the Magistrate Judge. (Doc. Nos. 62 & 65.)

[4] The Court held that because Arizona does not recognize a free-standing claim for false advertising, but treats false advertising as an element of a claim brought under Arizona's Consumer Fraud Act, Plaintiff's claim for false advertising would be considered part of Plaintiff's claim for violation of A.R.S. § 44-1521.

[5] Plaintiff's Second Amended Complaint does not allege that Defendants breached an agreement to provide new, rather than refurbished, parts during repair and service.

bad faith; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed). Furthermore, the case cited by Defendants in support of their argument – *Grosz v. Lassen Cmty. College Dist.*, 572 F.Supp.2d 1199, 1217 (E.D. Cal. 2007) – is not relevant to the present case and does not stand for the proposition that a complaint may be dismissed solely for failure to cure deficiencies identified by the court in a prior complaint. In *Grosz*, the plaintiffs failed four times over a one-year period to properly plead the essential facts necessary to state their claims despite ample guidance from the court regarding the deficiencies in their complaints. *Id*. The court concluded that dismissal without leave to amend was appropriate because leave to amend would prove futile, cause an undue delay in the court's docket and prejudice defendants.

**2.    Plaintiff has cured the deficiencies identified in her First Amended Complaint**

In addition, as stated below, Plaintiff has corrected the deficiencies in her First Amended Complaint that were identified by the Court in its October 17, 2008 Order.

**a.    Plaintiff has corrected the deficiencies identified with respect to her fraud claims**

With respect to Plaintiff's fraud claims, the Court found that Plaintiff had sufficiently alleged that Defendants represented to her that there was no additional consideration required for the first year Warranty. (Doc. No. 62, pg. 13.)  The Court then directed Plaintiff to include allegations as to: (1) why the statements complained of were false or misleading, *ie.* "specific information stating when she was charged [and] how much she was charged;" and (2) how the representations were made to Plaintiff. (Doc. No. 62, pgs. 14-15.) In her Second Amended Complaint, Plaintiff sufficiently alleges these elements of her fraud claims. According to the Second Amended Complaint, on August 31, 2000, she ordered a Dell computer from a Dell sales representative over the telephone. (Doc. No. 67, pgs. 6-7.) Plaintiff alleges that while ordering her new Dell computer, she was told by the Dell sales representative that the Warranty "came standard with her computer for no additional consideration, whereas an extension of this standard Warranty for two years cost an

6

1 approximate additional $120." (*Id*., pg. 6.) Plaintiff also saw similar representations on
2 Dell's website within sixty days prior to August 31, 2000. (*Id*.) Plaintiff "accepted the Dell
3 sales representative's offer to sell the computer and Warranty" and during the call she
4 provided the sales representative with her credit card in order to pay for her new Dell
5 computer and Warranty. Plaintiff then received a written acknowledgment of her purchase,
6 which itemized the "Unit Price" for the Warranty at "0.00" dollars and provided a lump sum
7 for the price of the computer. (*Id*., Ex. 1.) Plaintiff further alleged that Defendants generated
8 an internal invoice for the sale of Plaintiff's computer that itemized the price of the Warranty,
9 but Defendants never disclosed this invoice to Plaintiff. (*Id*., pg. 7.) According to Plaintiff,
10 she believes the cost of the Warranty was between $30 and $120, but the exact price remains
11 within Defendants' exclusive knowledge.

12 These details are responsive to the defects identified by the Court in its previous
13 Order. Assuming Plaintiff's allegations to be true, Defendants' representation that the
14 Warranty was available for no additional consideration was misleading, because Defendants
15 had identified a separate price for the Warranty that could, in theory, be deducted from the
16 total cost of the computer, but failed to inform Plaintiff of this option. Instead, the
17 information provided to Plaintiff via Dell's website and sales representative led Plaintiff to
18 believe that she was receiving the Warranty free of charge. From the information provided
19 to Plaintiff, it could also be inferred that the Warranty had a value of $60, because Dell told
20 Plaintiff that she could extend the Warranty by two years for $120. (Doc. No. 67, pg. 6.)
21 When Plaintiff purchased her computer, with Warranty, on August 31, 2000, Defendants
22 generated internal records indicating that Plaintiff was charged $30-120 for the Warranty.
23 *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) (stating that the Rule 9(b), Fed.
24 R. Civ. P., pleading requirement is relaxed with respect to matters within the opposing party's
25 knowledge such that plaintiffs cannot be expected to have personal knowledge of the relevant
26 facts.)

27         **b.**    **The deficiencies identified with respect to Plaintiff's contract claims are not relevant to the Second Amended Complaint**
28

Defendants contend that Plaintiff failed to follow the Court's instruction with respect

7

to deficiencies in the contract claims alleged in her First Amended Complaint because Plaintiff failed to attach a copy of her alleged contract with Dell. This argument blatantly miscontrues the Court's October 17, 2008 Order. The Court previously found that "Dell Defendants are ... entitled to dismissal of those portions of Plaintiff's contract claims arising from Dell Defendants' alleged breach of a warranty provision promising to use 'new and replacement parts and components'" because Plaintiff failed to challenge the authenticity of the warranty document produced by Defendants, which provides that Dell may use reconditioned parts in performing warranty repairs. (Doc. No. 62, pg. 17.) The Court provided Plaintiff with an opportunity to amend her complaint "and provide the Court with a copy of a warranty that is consistent with the allegations in her complaint." (*Id*., pg. 18.) In her Second Amended Complaint, Plaintiff elected to abandon her previous claim that Dell breached its promise to use only new, rather than refurbished, parts. Instead, Plaintiff's Second Amended Complaint alleges contract and warranty claims arising from Plaintiff's contention that "Defendants promised in writing that there was no additional charge for [the Warranty]." (Doc. No. 67, pg. 12.) Because Plaintiff's contract and warranty claims no longer arise from facts related to the parts used during repair and service of Dell computers, the Court's instruction to Plaintiff to provide a copy of the Warranty related to parts and service is not relevant, and Plaintiffs were not required to provide the Court with a copy of the contract alleged to be at issue.

**B.     Plaintiff has sufficiently plead her claims on behalf of a class**

In its October 17, 2008 Order, the Court rejected Defendants' claim that Plaintiff's action was completely barred by the applicable statutes of limitation. (Doc. No. 62, pgs. 5-12.) The Court held that "for each of the claims alleged by Plaintiff, the statute of limitations began to run when the Plaintiff discovered or with reasonable diligence could have discovered the claim." (*Id*., pg. 5.) The Court also held that "Plaintiff alleges that she discovered in the Fall of 2007 that at the time of purchase, Defendants failed to disclose to Plaintiff that she had the option to purchase her computer for less money without the first year of onsite warranty service. Because her original Complaint was filed within six months

1  of this discovery, each of Plaintiff's claims survive to the extent that they allege that Plaintiff
2  was not advised of her ability to opt-out of the initial warranty." (*Id*. at 7.)

3        In the pending Motion to Dismiss, Defendants contend that Plaintiff's invocation of
4  the discovery rule renders her class claims improper. According to Defendants, class
5  treatment is inappropriate in cases in which the discovery rule is invoked. Defendants also
6  contend that the Court has authority to dismiss class claims at the pleading stage if it
7  determines that the class claims are improper. Defendants ask the Court to strike the class
8  allegations pursuant to Rule 12(f), Fed. R. Civ. P., or to dismiss the class claims pursuant to
9  Rule 23(d)(1)(D), Fed. R. Civ. P.

10       In support of their contention that class treatment is inappropriate in cases in which
11 the discovery rule is invoked, Defendants cite to case law from other jurisdictions in which
12 courts have declined to certify a class on the ground that statute of limitations issues
13 prevented common questions from predominating over the litigation. *See Doll v. Chicago*
14 *Title Ins. Co.*, 246 F.R.D. 683 (D.Kan. 2007); *Thorn v. Jefferson-Pilot Life Ins. Co..*, 445
15 F.3d 311 (4th Cir. 2006); *Clark v. Experian Information Solutions, Inc.*, 256 Fed.Appx. 818
16 (7th Cir. 2007); and *Corley v. Entergy Corp.*, 220 F.R.D. 478 (E.D.Tex. 2004). In each of
17 these cases, however, the courts found that the individualized nature of the claims prevented
18 class certification. *See Doll*, 246 F.R.D. at 687 (finding that commons questions did not
19 predominate because evidence before the court indicated that some class members may have
20 discovered the defendants' alleged misconduct by reviewing documentation provided to them
21 by defendants); *Thorn*, 445 F.3d at 321 (holding that plaintiffs had failed to meet their burden
22 of proof under Rule 23, Fed. R. Civ. P. when they produced only an expert opinion stating
23 that generally, members of the public were unaware of defendants' alleged misconduct);
24 *Clark*, 256 Fed.Appx. at 821-22 (holding that Illinois Consumer Fraud and Deceptive
25 Business Practices Act required individualized proof of deception and damages such that
26 class could not be certified); and *Corley*, 220 F.R.D. at 488 (declining to certify the class
27 when confronted with varying statutes of limitations from three different states and the
28 plaintiffs' concession that some class members may have received actual notice of

defendants' conduct, while others may not have been aware). In the present case, at this stage in the litigation, the Court's inquiry is limited to the allegations in the Second Amended Complaint, which must be construed in the Plaintiff's favor. There is nothing in the Second Amended Complaint from which the Court can conclude that the accrual date of the class members' claims are so individualized as to preclude the class claims. Plaintiff alleges that Defendants made the same representations and omissions to her and each class member. (Doc. No. 67, pg. 8.) Plaintiff alleges that Defendants did not disclose the price of the Warranty to Plaintiff or any class member. (*Id.*, pg. 9.) Plaintiff alleges that *she* discovered that Defendants had charged her for the Warranty in the Fall of 2007, through an unrelated legal proceeding. (*Id.*, pg. 7.) The reasonable inference that follows is that, to date, none of the class members have discovered their claims. *See Winkler v. DTE, Inc.*, 205 F.R.D. 235, 244 (D. Ariz. 2001) (rejecting argument that individualized application of statutes of limitation prevents class certification because none of the class members could have discovered the alleged fraud before the filing of the lawsuit). Thus, even if this Court agreed with Defendants that application of the discovery rule can, in some instances, prevent class certification, the Plaintiffs have nonetheless met their burden of proof at this stage in the litigation.[6]

Furthermore, the Court does not agree with Defendants' assertion that Plaintiff's class allegations should be dismissed at the pleading stage. None of the cases cited by Defendants in support of this contention are persuasive. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1308, 1313-14 (9th Cir. 1977) addressed the merits of a certification motion, not a motion to dismiss. In *Kamm v. California City Dev. Co.*, 509 F.2d 205, 213 (9th Cir. 1975),

---

[6] Defendants argue that Plaintiff has failed to demonstrate that various class members could not have discovered their claims earlier by asking at the time they purchased their computers whether they could opt-out of the initial warranty. At this stage in the litigation, however, Plaintiffs are not required to present allegations disproving every possible permutation of Defendants' statute of limitations defense. Defendants made a similar argument in their first Motion to Dismiss, when they contended that Plaintiff bears the burden of proving that she could not have discovered her claims arising from Dell's failure to notify Plaintiff of the right to opt-out. The Court rejected that argument, noting that at this stage in the litigation, Plaintiff had met her burden by alleging that she discovered her right to opt-out in the Fall of 2007 through an unrelated legal proceeding and that the hidden charge for the warranty was never disclosed to her. (Doc. No. 62, pg. 7, n. 6.)

1  the Ninth Circuit affirmed the dismissal of a class action on the ground that state action had
2  already been commenced by with respect to the same controversy and relief had been
3  obtained.  In *Shabaz v. Polo Ralph Lauren Corp*., 586 F.Supp.2d 1205, 1211 (C.D. Cal.
4  2008), the district court struck only those portions of the class allegations which, on the face
5  of the complaint, were beyond the limitations period.  The court also rejected defendants'
6  argument that the class claims should be dismissed in their entirety for lack of commonality
7  and typicality because "such issues would be better dealt with at a fully briefed class
8  certification hearing." In *Mauro v. General Motors Corp*., 2008 WL 2775004, *9, the district
9  court granted a motion to dismiss as to only one of several class claims, because the
10 complaint on its face failed to allege that class members met certain warranty requirements.
11 The court reserved consideration of other deficiencies in the class allegations for the class
12 certification stage.  Thus, the Court takes issue with Defendants' assertion that "district
13 courts throughout the Ninth Circuit have, in appropriate cases, dismissed class allegations
14 at the pleading stage."  (Doc. No. 74, pg. 12.)  To the contrary, "[there is little authority on
15 this issue within the Ninth Circuit and other jurisdictions have made clear that] dismissal of
16 class allegations at the pleading stage should be done rarely and that the better course is to
17 deny such a motion because 'the shape and form of a class action evolves only through the
18 process of discovery.'" *See In re Wal-Mart Stores, Inc*., 505 F.Supp.2d 609, 615
19 (N.D.Cal.2007) (citations omitted); *see also Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2006
20 WL 3422198, * 3 (N.D. Cal. 2006) ("Rule 23(d)(4), Fed. R. Civ. P. "applies to class actions.
21 . . . As the Court has yet to address whether the part of Plaintiffs' action brought under Rule
22 23 may proceed as a class action, Rule 23(d)(4) has no application to the present situation
23 before it." (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1795)).

24 **C.     Plaintiff has failed to state a claim for breach of warranty**

25       In Counts 2 and 3, Plaintiff alleges that Defendants "made express affirmations of fact
26 ... that there was no additional charge for onsite warranty service and parts  for the first year
27 ... of the warranty period."  (Doc. No. 67, pgs. 12-14.)  According to Plaintiff's Second
28 Amended Complaint, Defendants breached this Warranty by secretly charging Plaintiff and

11

the class members for the Warranty. Defendants contend that Plaintiff has failed to state a claim for breach of express warranty because Dell's alleged representations do not constitute a warranty under Arizona statute or common law.[7]

A.R.S. § 47-2313(A)(1) provides that "Express warranties by the seller are created as follows: . . . Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." A.R.S. § 47-2313(B) specifically states that "an affirmation merely of the value of the goods . . . does not create a warranty." In the present case, the "warranty" alleged by Plaintiff is a warranty as to the value of the one-year Warranty, *ie.* that Defendants affirmed to Plaintiff that the Warranty was free of charge. Under the plain language of A.R.S. § 47-2313(B), Defendants' alleged claim that the Warranty was free of charge does not qualify as a "warranty" within the meaning of A.R.S. § 47-2313(A)(1). *See Committee for Preservation of Established Neighborhoods v. Riffel*, 141 P.3d 422, 424 (Ariz. App. 2006) ("In interpreting statutes, we look to the plain language as the most reliable indicator of meaning."). Accordingly, the Court recommends dismissal of Plaintiff's breach of express warranty claims.

**D.      Plaintiff has sufficiently stated a claim for breach of contract**

Defendants contend that Plaintiff has failed to state a cause of action for breach of contract because she has not specifically identified the contract or the mutual performance of the parties. In so arguing, Defendants take an impermissible second bite at the apple. In their previous Motion to Dismiss, Defendants argued that Plaintiff's breach of contract claim must fail because Plaintiff had failed to allege each material part of the contract. (Doc. No.

---

[7] Although Plaintiff alleged the same breach of express warranty claims in her Complaint and First Amended Complaint, Defendants did not argue in either of their previous Motions to Dismiss that Plaintiff had failed to state a claim with respect to her breach of express warranty claims because Dell's alleged representations did not constitute warranties. If a party makes a Rule 12(b)(6) motion for failure to state a claim, but omits a defense or objection then available, the party may not raise that defense or objection in a subsequent Rule 12(b)(6) motion. *See* Fed.R.Civ.P. 12(g). Rather, the party may raise the defense in its answer, by motion for judgment on the pleadings, or at the trial on the merits. *Id*. at 12(h)(2). However, courts have discretion to hear a second motion under Rule 12(b)(6) if it is "not interposed for delay and the final disposition of the case will thereby be expedited." *See Aetna Life Ins. Co. v. Alla Medical Svcs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir.1988).

12

1   45, pgs. 14-15.) The Court largely rejected Defendants' argument,[8] stating that "even if
2   Plaintiff is required under Arizona law to allege the substantive terms of her contract with
3   Dell Defendants, she has done so in Paragraphs 44 and 53 of her Amended Complaint."
4   (Doc. No. 62, pg. 17.) Thus, the Court has already considered and rejected this claim by
5   Defendants.

6   Furthermore, Defendants argument is without merit when considered in light of the
7   allegations plead in Plaintiff's Second Amended Complaint. "To bring an action for the
8   breach of the contract, the plaintiff has the burden of proving the existence of the contract,
9   its breach and the resulting damages." *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975).
10  "[F]or an enforceable contract to exist, there must be an offer, acceptance, consideration, and
11  sufficient speculation of terms so that the obligations involved can be ascertained." *Savoca*
12  *Masonry Co. v. Homes and Son Constr. Co.*, 542 P.2d 817, 819 (Ariz. 1975). Plaintiff
13  alleges that Defendants promised purchasers of Dell computers that a one-year warranty was
14  included with purchase and that purchasers would not be charged for the one-year warranty.
15  (Doc. No. 67, pg. 6.) The promise of a free one-year warranty was memorialized in several
16  writings, including the acknowledgment invoice sent to Plaintiff after she purchased the
17  computer and Dell Defendants' website. (*Id*. at pgs. 6-7.) Thus Plaintiff has alleged the offer
18  and its terms. Plaintiff accepted Defendants' offer and purchased the computer; thus Plaintiff
19  has alleged her acceptance and consideration. (*Id*.) According to Plaintiff, Defendants failed
20  to honor its promise by secretly charging her for the Warranty; thus Plaintiff has alleged the
21  breach. (*Id*. at pg. 7.) As a result, Plaintiff paid the hidden cost of the one-year warranty;
22  thus Plaintiff has alleged her damages.[9]

---

[8] As stated in section A(2)(b), above, the Court granted Dell Defendants' motion to dismiss only as to those portions of Plaintiff's contract claims arising from Dell Defendants' alleged breach of a warranty provision promising to use "new and replacement parts and components" because Plaintiff failed to challenge the authenticity of the warranty document produced by Defendants, which provides that Dell may use reconditioned parts in preforming warranty repairs.

[9] This is not to say the Court believes that Plaintiff will prevail on her breach of contract claim. If evidence demonstrates that the *only* promise made by Defendants to Plaintiff was that Defendants would include the Warranty "at no *additional* consideration," and Plaintiff paid no

13

**E.     Plaintiff has failed to plead her fraud and consumer fraud claims with particularity**

Defendants argue that Plaintiff's statutory and common law misrepresentation claims should be dismissed because Plaintiff has failed to cure the deficiencies identified in her First Amended Complaint. For the reasons stated in section A(2)(a), above, the Court disagrees. Plaintiff's misrepresentation claims as alleged in Counts 1 and 5 of her Second Amended Complaint comply with Rule 9, Fed. R. Civ. P.

**F.     Plaintiff has failed to state a claim for fraud by non-disclosure**

Defendants contend that Plaintiff cannot state a claim for fraud by non-disclosure (Count 6) because Plaintiff has failed to allege that Defendants owed her a duty to disclose or that Dell's non-disclosure was material to Plaintiff's purchase.[10]

In order to state a claim for fraud by non-disclosure, Plaintiff must allege that (1) Defendants failed to disclose a material fact and (2) Defendants had a duty to disclose. *See Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local*, 38 P.3d 12, 34 n.22 (Ariz. 2002) (citing RESTATEMENT (SECOND) OF TORTS § 551). Plaintiff has sufficiently alleged the elements of her claim. According to the Second Amended Complaint, the omitted "fact" at issue is Plaintiff's allegation that the Warranty cost $30-120. Plaintiff alleges that Defendants failed to disclose the true cost of the Warranty, representing instead that the Warranty was available to purchasers free of charge.

Defendants contend that the Warranty price would not have been material to Plaintiff's purchase of the computer, which cost $1,500. *See* RESTATEMENT (SECOND) OF TORTS § 551, cmt. j (stating that a fact is "material" if it "goes to the basis, or essence, of the transaction, and is an important part of the substance of what is bargained for or dealt with."). As Plaintiff points out, however, the transaction at issue is not Plaintiff's purchase of the

---

amount for her Warranty beyond the overall purchase price of her computer, then it could be argued that Plaintiff received the benefit of the bargain – a computer and a one-year warranty for the advertised price.

[10] For the reasons stated in footnote 7, the Court will consider this argument despite the fact that Defendants could have, but did not, raise the argument in their previous Motions to Dismiss.

computer as a whole, but her unknowing purchase of the Warranty itself. The price of the Warranty would be an essential, material part of that transaction. *See Moore v. Mark*, 475 P.2d 746, 749 (Ariz. App. 1970) ("A sale is the transfer of the property in a thing for a price in money. The transfer of the property in the thing sold for a price is the essence of the transaction.")

Furthermore, Plaintiff has sufficiently alleged that Defendants owed Plaintiff a duty to disclose the true price of the Warranty. A duty exists "where one party has special knowledge of material facts to which the other party has no access." *Wells Fargo*, 38 P.3d at 22. Plaintiff alleges that the exact cost of the Warranty "is presently unknown to Plaintiff and remains within Defendants' exclusive knowledge." (Doc. No. 67, pgs. 7-8.) Thus, Plaintiff has sufficiently plead facts which, if true, demonstrate that Defendants owed a duty to Plaintiff because Defendants knew the price of the Warranty (a material term of the transaction) and Plaintiff had no access to that information.[11]

### G. Plaintiff should not be granted leave to amend

In sum, the Magistrate Judge recommends that Defendants' Motion to Dismiss be denied with one exception: the Court agrees with Defendants that Plaintiff has failed to state a claim for breach of warranty in Counts 2 and 3. The Magistrate Judge recommends that Counts 2 and 3 be dismissed from the Second Amended Complaint with prejudice.

In considering whether to dismiss a complaint without leave to amend, the Court considers five factors: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed. *See Foman*, 371 U.S. at 182. The Court finds that Plaintiff did not act in bad faith in pleading her claims for breach of express warranty, but that the other factors weigh in favor of dismissal with prejudice. Further

---

[11] Defendants contend that Plaintiff could have determined the price of the Warranty if she had asked. Such an argument necessarily relies on evidence outside the pleadings, and is not properly before the Court on this Motion. Moreover, a purchaser does not need to ask a seller about a material fact in order to invoke that seller's duty to disclose. *See, e.g., Hill v. Jones*, 725 P.2d 1115 (Ariz. App. 1986) (where a fact is *not* material, duty to disclose may arise where buyer makes an inquiry of the seller). In addition, the Court rejects this argument for the same reasons it rejected a similar argument by Defendants, as stated in footnote 6.

amendment by Plaintiff would cause undue delay and prejudice to Defendants.  In addition, Plaintiff has already amended her complaint three times.  Finally, further amendment of Plaintiff's complaint would be futile: Plaintiff cannot state a claim under Arizona law for breach of warranty unless she can allege that Defendants made a promise to Plaintiff relating to "goods" rather than "value."  The multiple amendments of Plaintiff's complaint have made it clear that Plaintiff's only claims against Defendants relate to Defendants alleged misrepresentation that the Warranty was provided at no additional consideration.  For the reasons stated in section C, this is not a warranty of goods but merely an assertion as to value, which is not actionable as a breach of warranty claim.

## RECOMMENDATION

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss.  (Doc. No. 73.)

The Magistrate Judge recommends dismissal of the claims against Defendants for breach of express warranty and breach of express warranty in violation of A.R.S. § 47-2313.

The Magistrate Judge further recommends that such dismissal be *with prejudice*.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.  If objections are filed, the parties should use the following case number: **CV-08-0096-TUC-CKJ.**

DATED this 13th day of February, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge