IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PAMELA NEWPORT, )
)
    Plaintiff, )
) No. CIV 08-096-TUC-CKJ (JCG)
vs. )
)
DELL INC., et al., ) **ORDER**
)
    Defendants. )
)

    On February 13, 2009, Magistrate Jennifer C. Guerin issued a Report and Recommendation [Doc. # 79] in which she recommended Dell Defendants' Motion to Dismiss [Doc. # 73], to which Defendant Banctec, Inc., filed a Joinder [Doc. # 72], be granted in part and denied in part. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within ten days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b). Dell has filed an Objection to the Report and Recommendation [Doc. # 80] and Defendant Banctec, Inc., has filed a Joinder to the Objection [Doc. # 81].[1] Plaintiff has filed a Response. Dell has requested the Court to schedule this matter for oral argument. The Court declines to schedule this matter for oral argument.

---

[1] The Court will refer to Dell, Inc., and Banteck, Inc., collectively as Dell.

*Procedural Background*

On November 8, 2007, Plaintiff Pamela Newport ("Newport") filed a Complaint in the Superior Court of Arizona, Pima County. The action was removed to the United States District Court, District of Arizona, and assigned to the Honorable Jennifer C. Guerin. The matter was subsequently reassigned to this Court and referred to Judge Guerin for all pretrial proceedings.

Dell filed a Motion to Dismiss on April 29, 2009. This Court subsequently granted in part and denied in part the motion. Newport was granted leave to amend. A Second Amended Complaint ("SAC") was filed on November 10, 2008. On December 12, 2008, Dell filed a Motion to Dismiss the Second Amended Complaint. The magistrate judge has issued a Report and Recommendation.

*Free of Charge*

Dell objects to the magistrate judge's determination that Newport had alleged that Dell offered a first-year warranty to Newport and class members "free of charge." R & R, p. 17. Dell asserts Newport did not allege in her SAC that Dell offered a warranty for free or that she believed the warranty was free. Rather, Newport alleged that Dell represented the first-year warranty "came standard with her computer for no additional consideration, whereas an extension of this standard Warranty for two years cost an approximate additional $120." SAC ¶ 13. Dell compares this to a hard drive that comes standard with the purchase of a computer and wheels that come standard with the purchase of a car. These items are included in the standard purchase price for no additional consideration. Newport asserts that Dell's semantics argument does not change the underlying allegations – that Dell charged Newport for the first year service contract but failed to disclose this to Newport and Dell failed to disclose that the first year service contract was optional. Newport further asserts that Dell itself treats the onsite service contracts as separate and distinct from the computers by selling separate onsite service contracts to its customers.

The Court agrees with Newport that the magistrate judge did not add an allegation that Dell offered the standard warranty for free. Dell's semantics argument does not change the fact that Newport alleged that Dell made warranties, representations, and/or omissions that there was no additional consideration required for the onsite service contract for the first year, that Dell did not disclose that there was a charge, and that Dell did charge, for the standard first year contract, and that the charge or the option to purchase the computer for less money without the first year onsite service contract was never disclosed to Newport.

*Breach of Contract*

Dell asserts that if Newport accepted something offered for "no additional consideration," then, by definition, no consideration was exchanged and there was not a contract with Defendants. *Phoenix Cash and Carry, LLClc v. U.S. Smokeless Tobacco Brands, Inc.*, 2008 WL 4850203 *2 (D.Ariz. 11/7/08) ("[Plaintiff] has failed to state a claim for breach of contract because it has failed to allege one of the elements of contract formation: consideration."). Dell asserts that if Newport's purchase of a computer came with a standard first-year warranty, then Newport has not alleged a breach: Newport has not alleged that she paid "additional consideration" past the price quoted. *Cashman v. Nationwide Ins. Co. of Am.*, 2006 WL 908760 *3 (D.Ariz. 4/6/2006) (dismissing plaintiff's contract claim for failure to allege breach; "Defendants were not contractually required" to do what plaintiff alleged the contract required).

Newport asserts that common sense dictates that the onsite service contract, which is a service, is separate and distinct from the computer, which is a good. Indeed, in a case dealing with some similar issues, the court found that transaction is actually two separate transactions:

> It is also clear that the computer and service contract are each significant aspects of the transaction, and not one incidental to the other.
>
> * * * * *

- 3 -

> Dell's sale of service contracts with computers is not an intertwined bundled transaction. Computers may be purchased without service contracts, and the transaction price is reduced by a specified sum if the service contract is declines. Dell service contracts are not "part of the sale" of computers, but a separate object of the transaction at a readily ascertainable value.

*Dell Inc. v. Superior Court*, 71 Cal.Rptr.3d 905, 917-18 (Cal.App. 2008). Newport also asserts that the magistrate judge expressly stated, "As Plaintiff points out, however, the transaction at issue is not Plaintiff's purchase of the computer as a whole, but her unknowing purchase of the Service contract itself." R & R, pp. 14-15. Newport asserts the magistrate judge made it clear that the purchase of the Dell computer was a separate transaction, distinct from the purchase of the first-year service contract.

The Court finds Dell's semantics argument and comparisons to be specious. In walking out (or driving away) with a computer with a hard drive or a car with wheels, those subparts are necessary for the performance of the product as it is designed . . . the onsite service contract, while it may increase or assist the performance of the computer, is not necessary for the computer's performance as it is designed. Additionally, Newport has alleged that the consideration was included within the total purchase amount[2] – which included a secret charge for the warranty for which she was not advised that she could opt out of. The Court agrees with the magistrate judge that Newport has alleged an offer and its terms, that Newport accepted the offer and purchased the computer, that Dell failed to honor its promise by secretly charging Newport for the warranty, and that Newport paid the hidden cost of the one-year warranty.

Dell also asserts that the SAC fails to allege how Newport's contract required mutual performance by both parties and that the magistrate judge did not consider the law cited by Dell or whether Newport's allegations comply with that law. Dell asserts that an allegation of a plaintiff's performance (or excuse for non-performance) is necessary to state a claim.

---

[2]Or, as stated by Dell, the price of the warranty is "built into the price of the product that was sold," the computer with the first-year warranty included. Objections, p. 5.

- 4 -

*Wilhorn Builders, Inc. v. Cortaro Mgmt. Co.*, 82 Ariz. 48, 308 P.2d 251, 252 (Ariz. 1957) ("In a bilateral contract, . . . the provisions of the contract require simultaneous performance of the mutual promises."); *Lyons v. Coxcom, Inc.*, 2009 WL 347285 *6, *7 (S.D.Cal. 2/6/09) (granting motion to dismiss where plaintiff's allegation that she "performed her obligations under the contract by paying her monthly fees" to internet service provider did not state a claim). Dell asserts that Newport's conclusory allegation that she "fulfilled all of [her] obligations under the Invoice and Warranty" fails to meet the required standard. SAC ¶ 62; *Red Shield Ins. Co. v. Barnhill Marina & Boatyard, Inc.*, 2008 WL 3271052 *2 (N.D.Cal. 8/7/08) (dismissing breach of contract claim because plaintiff failed to raise right to relief above the speculative level).

The magistrate judge, however, points out that "Plaintiff has alleged the offer and its terms. Plaintiff accepted Defendants' offer and purchased the computer; thus Plaintiff has alleged her acceptance and consideration. . . . According to Plaintiff, Defendants failed to honor its promise by secretly charging her for the Warranty; thus Plaintiff has alleged the breach. . . . As a result, Plaintiff paid the hidden cost of the one-year warranty; thus Plaintiff has alleged her damages." R & R, p. 13.[3] Dell's reliance on *Lyons* and *Red Shield* is misplaced. Unlike the situations in those cases, this case involves the terms of the contract being set forth in several writings. Moreover, in *Red Shield*, the court determined that the plaintiff had not raised the right to relief above the speculative level. The court did not

---

[3] The magistrate judge also found that the Court has already considered and rejected this claim by Dell – Dell previously argued that Newport had failed to allege each material part of the contract; Dell now argues that Newport has not specifically identified the contract or the mutual performance of the parties. The magistrate judge determined this was an "impermissible second bite at the apple." R & R, p. 12. Dell asserts in its objections that it did not mean to circumvent previous orders, but read the previous orders to require Newport to either attach the written warranty/agreement to the complaint or to identify written warranty documents on which Newport relied. However, this language did not pertain to the first-year service contract issue. Rather, it pertained to Newport's claim regarding the parts used.

discuss whether the inadequacy was based on plaintiff's allegation that it performed all requirements under the agreement, plaintiff's allegation that defendant breached the express and implied terms of the agreement, or both. In this case, Newport's allegations include the terms of the agreement and Newport's performance under the agreement.

Dell also asserts that the magistrate judge failed to address the oral nature of the alleged contract. Newport asserts, however, that this objection should be rejected on its face, Fed.R.Civ.P. 12(g), because this issue was not raised in the motions to dismiss. Indeed, "'a series of motions should not be permitted because that results in delay and encourages dilatory tactics.'" *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1475 n. 2 (9th Cir. 1988), *quoting* 2A J. Moore, J. Lucas and G. Grother, *Moore's Federal Practice* (2d ed. 1987) ¶ 12.22 at 12-186. Nonetheless, Dell appears to raise this issue for the first time in response to conclusions reached by the magistrate judge. The Court finds it appropriate to discuss this issue.

In effect, the SAC alleges that a written offer was made by Dell and Plaintiff orally accepted that written offer. Arizona has recognized that an acceptance does not necessarily have to be in writing. *See e.g.* A.R.S. § 47-2201 (must be signed by party against whom enforcement is sought); *see also* 72 Am.Jur.2d Statute of Frauds § 280 ("it is no ground of objection that [agreement] was not also signed by the party seeking to enforce the contract"). Dell acknowledges that the magistrate judge stated that "the promise of a free one-year warranty was memorialized in several writings[.]" R & R, p. 13.[4] Indeed, a "contract need not be contained in a single writing." 17 C.J.S. Contracts § 71; *see also Passey v. Great Western Associates II*, 174 Ariz. 420, 850 P.2d 133 (App. 1993). The Court agrees with the

---

[4]Newport's allegations of oral statements made by Dell representatives do not appear to contradict the terms of the agreement and, therefore, the Court notes that parole evidence *may* ultimately be admissible to aid in determining the parties' intent. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 854 P.2d 1134 (1993). That admission, however, does not alter the fact that the offer was made in writing.

- 6 -

magistrate judge that Newport alleged "several writings" by Dell and an oral acceptance by Newport. The Court finds Newport has stated a claim for a breach of a written agreement. *See Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (Ariz. 1975) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages."); *Commercial Cornice & Millwork, Inc. v. Camel Construction Services Corp.*, 154 Ariz. 34, 739 P.2d 1351 (App. 1987). *Savoca Masonry Co. v. Homes and Son Constr. Co.*, 112 Ariz. 392, 394, 542 P.2d 817, 819 (1975) ("for an enforceable contract to exist, there must be an offer, acceptance, consideration, and sufficient speculation of terms so that the obligations involved can be ascertained").

Dell requests the Court to confirm what written agreement is at issue in this case. The agreement between the parties, however, is "not [] contained in a single writing." 17 C.J.S. Contracts § 71. Rather, as alleged by Newport, the agreement of the parties was expressed in several writings, including the acknowledgment invoice and Dell's website.

*Fraud (Counts I and V)*

Dell also asserts that Newport's fraud claims are based on Dells' alleged representation that "no additional consideration [was] required" for Dell's standard warranty. SAC ¶ 67. Dell asserts that, to state a claim for common law or statutory fraud, a plaintiff must allege a "false" statement. *Echols v. Beauty Built Homes*, 132 Ariz. 498, 450, 647 P.2d 629, 631 (1982). Dell asserts that the magistrate judge's determination that the representation that the warranty was free constitutes a falsity was inappropriate because that is not what Newport alleged Dell represented to her. Rather, Newport alleged that Dell represented "the first year of the onsite Warranty came standard with her computer for no additional consideration, whereas an extension of this standard Warranty for two years cost an additional $120." SAC ¶ 13. Dell asserts Newport has not alleged that Dell made any false representations and that Newport has not alleged that she paid any consideration past the price initially quoted to her for the computer and the warranty. Dell asserts that, because

- 7 -

Newport has not pointed to or alleged that she paid "additional consideration," she has not stated a fraud claim.

Newport asserts, however, that she has alleged that Dell falsely represented that she would not be charged for the first-year onsite service contract. Further, Newport asserts that she has alleged that Dell failed to inform its customers it charges them for their first year onsite service contracts and that Dell failed to disclose that a customer may elect not to have a service contract which would reduce the overall price of his or her computer purchase. SAC ¶¶ 12, 13, 14, and 18. Newport asserts that by Dell not quoting a price for the first-year onsite repair service and not quoting a price for the computer only, Dell led Newport (and other customers) to believe that the price of the first year onsite service contract was $0.00. Newport asserts these false representations and/or omissions are sufficient to support Newport's claims for fraud.

Dell also asserts that the magistrate judge improperly added an allegation to the SAC by inferring that the warranty had a value of $60. Dell asserts that Newport never made this allegation – rather, Newport only vaguely alleged a cost range for the warranty and never identified this range as "additional consideration." SAC ¶ 20. Dell asserts that the fact that it may assign an internal cost to a line item does not mean a consumer has paid "additional consideration" beyond the standard package price – value and additional consideration are not the same thing.

The Court agrees with the magistrate judge that Newport has adequately alleged fraud claims. Newport has alleged that Dell's representation that the warranty was available for no additional consideration was misleading, despite Dell having identified a separate price for the warranty that could, in theory, be deducted from the total cost of the computer – but failed to inform Newport of this option. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (Fed.R.Civ.P. 9(b) pleading requirement is relaxed with respect to matters within the opposing party's knowledge such that plaintiffs cannot be expected to have personal knowledge of the relevant facts).

*Fraud by Nondisclosure (Count VI)*

Dell asserts that, under Arizona law, Newport had to allege with specificity why Dell owed her a duty and how she would have acted differently had Dell disclosed the "facts." Dell asserts that the magistrate has implicitly adopted Newport's unsupported standard that a seller has a duty to disclose all component prices for items offered as a "standard" package. *See Universal Inv. Co. v. Sahara Motor Inn, Inc.*, 127 Ariz. 213, 215, 619 P.2d 485, 487 (App. 1980) ({"generally no duty to disclose exists between a buyer and seller"). Dell asserts that Newport has failed to alleged how Dell had a duty to disclose every line-item cost of its standard package, or every possible deviation from that package.

Dell asserts that the law rejects a duty to disclose based on the allegations in Newport's SAC. Newport alleged that Dell failed to disclose "the option to purchase the computer for less money if [Newport] chose not to have" the first-year warranty SAC ¶ 12. Dell asserts, however, that a seller does not have a duty to disclose available discounts to consumers. *See Buller v. Sutter Health*, 160 Cal.Appl.4th 981, 991-92 (2008) (affirming rejection of omission theory because plaintiff's "arguments would effectively require a business to disclose all discretionary discounts it might offer").[5] Dell further asserts that a seller does not have a duty to disclose a breakdown of the prices or profits derived from the sale of a standard package. *See e.g., Ford Motor Credit Co. v. Adamson Ford, Inc.*, 717 So.2d 781, 787 (Ala. 1997) ("We decline to recognize a common law duty that would require the seller of a good or service, absent special circumstances, to reveal to its purchaser a detailed breakdown of how the seller derived the sales price of the good or service, including the amount of profit to be earned on the sale.")[6]; *Berryman v. Merit Prop. Mgmt., Inc.*, 152

---

[5] Newport distinguishes this case as one involving discretionary discounts and where the complaint did not allege plaintiff was improperly charged.

[6] Newport asserts that *Ford* involved the failure of a dealership to disclose a 3% commission agreement with a credit company while this case does not involve disclosure of how Dell's profits are derived or its arranges with outside entities. Rather, Newport asserts

- 9 -

Cal.App.4th 1544, 1557 (2007) (affirming demurrer without leave to amend because the amended complaint did "not allege any affirmative duty [for defendant] to disclose a breakdown of its fees"). Dell also asserts the broad standard Newport proposes is practically unenforceable because it would require businesses of all stripes to make almost limitless disclosures regarding the costs and attributes of the various components of every standard package. Dell asserts that courts have recognized that it "is simply not realistic to expect manufacturers to make such an immense, and perhaps, boundless disclosure." *Johnson v. Mitsubishi Digital Elecs. Am., Inc.*, 578 F.Supp.2d 1229, 1240 (C.D.Cal. 2008) (rejecting fraudulent concealment claim).[7]

Newport asserts, however, that Dell's duty to disclose in this case arises out of a "judicial policy promoting honesty and fair dealing in business relationships," such that "nondisclosure of a fact known to one party may be equivalent to the assertion that the fact does not exist." *Hill v. Jones*, 151 Ariz. 81, 84, 725 P.2d 1115, 1118 (App. 1986); *State v. Coddington*, 135 Ariz. 480, 481, 662 P.2d 155, 156 (App. 1983) ("When one conveys a false impression by the disclosure of some facts and the concealment of others, such concealment is in effect a false representation that what is disclosed in the whole truth.").

Dell asserts that the magistrate judge failed to analyze the "duty" aspect of Newport's "fraud by nondisclosure" claim under Fed.R.Civ.P. 9(b). Dell asserts Newport was required to plead that element with specificity and she failed to do so. *See Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*, 21 F.Supp.2d 894, 899-900 (S.D.Miss. 1998) (applying Rule 9(b) to fraudulent omission claim). Dell asserts Newport failed to alleged how or why she would have acted differently had Dell disclosed the cost of its standard warranty. *See Oestreicher v. Alienware Corp*, 544 F.Supp.2d 964, 971 (N.D.Cal. 2008) (dismissing claim based on

---

this inquiry in this case is whether Dell had an obligation to disclose to its customers that they were being charged for a service they were led to believe was free.

[7]Newport asserts this case is completely irrelevant, as the case involved the ability of a televisions to receive signals as advertised.

- 10 -

allegation that if plaintiff had "known of the defect, he would not have purchased the computer or would have demanded a lower price"); *see also Johnson*, 578 F.Supp.2d at 1240 ( plaintiff did not show that "he would have acted any differently" had defendant made the disclosure; plaintiff "got . . . exactly what he sought to purchase"). Dell asserts that Newport's conclusory allegation that had she "known the true facts, [she] would not have taken such action[,]" SAC ¶ 79, fails to alleged how she would have acted differently (e.g., purchase a different computer, sought another brand, etc.).

Newport asserts, however, that even if she was required to allege how and why she would have acted differently, she has done so:

> Plaintiff and plaintiff class members were ignorant of the falsity of Defendants' representations at the time they were made and at the time they purchased their computers and Warranties, and believed them to be true. In reasonable reliance on these representations, Plaintiff and plaintiff class members were induced to and did purchase the computers and Warranties to their detriment. Had Plaintiff and plaintiff class members known the true facts, they would not have taken such action. Plaintiff's and plaintiff class members' reliance on Defendants' representations was justified because Defendants were the ones offering the Warranties for sale, and possessed superior knowledge of the facts, as they were peculiarly within the knowledge of Defendants.

SAC ¶ 79. Further, the Court advised Newport of the deficiencies of the First Amended Complaint that needed to be cured and the magistrate judge appropriately found Newport had adequately cured all such deficiencies.

The Court agrees with the magistrate judge that Newport has adequately alleged facts which, if true, demonstrate that Dell owed a duty to Newport because Dell knew the price of the warranty and Newport had no access to the information. The cases relied upon by Dell do not present a situation similar to this case where a defendant includes a charge in the standard price that is actually optional, but that option is not disclosed. Further, Newport has adequately alleged the how and why she would have acted different if Dell had disclosed the cost of the standard warranty.

After an independent review, the Court finds dismissal of the breach of warranty claim as set forth by the magistrate judge to be appropriate. Counts 2 and 3 will be dismissed

without leave to amend and with prejudice. *See DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (failure to cure deficiencies by previous amendments is factor to be considered). Further, the Court agrees with the magistrate judge Newport has adequately alleged claims of breach of contract, fraud, and fraud by nondisclosure.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 79] is ADOPTED;

2. Dell's Motion to Dismiss [Doc. # 73] is GRANTED IN PART AND DENIED IN PART.

3. Newport's claims for breach of warranty, Counts 2 and 3, are DISMISSED WITH PREJUDICE.

4. This matter is referred back to Magistrate Judge Jennifer C. Guerin for further pretrial proceedings and report and recommendation in accordance with the provisions of 28 U. S. C. § 636(b)(1) and L.R.Civ. 72.1 and 72.2.

DATED this 5th day of June, 2009.

*(signed)* Cindy K. Jorgenson
Cindy K. Jorgenson
United States District Judge